UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　Defendant. | No. CV 05-562 |

### MICROSOFT CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(b), Microsoft Corporation hereby gives notice of the removal of this action to this Court from the District Court for Polk County, Iowa, where it is pending as No. CL82311. Because federal courts have original jurisdiction over this action, and because the other prerequisites for removal are met, this action is removable under 28 U.S.C. § 1441(b). The specific grounds for removal are as follows:

**Procedural Matters**

1.　　Plaintiff filed this action in the District Court for Polk County on February 18, 2000. Plaintiffs have since amended their petition on three occasions. On September 16, 2003, the Iowa state court certified two classes of persons or entities residing or incorporated in Iowa who on or after May 18, 1994, were "indirect purchasers" of Microsoft software for purposes other than resale. Ruling on Plaintiffs' Motion for Class Certification, *Comes v. Microsoft Corp.*, No. CL 82311, at 3-4 (Iowa Dist. Ct. Sept. 16, 2003) ("Class Certification Order"). On May 13, 2005, the Iowa Supreme Court affirmed that order. *Comes v. Microsoft Corp.*, 696 N.W.2d 318, 320 (Iowa 2005). Copies of all process, pleadings, orders, and other papers filed in the state action are being filed herewith.

2. The original Petition and the First, Second and Third Amended Petitions alleged that Microsoft acquired and maintained a monopoly in certain software markets in violation of the Iowa Competition Law, Iowa Stat. §§ 553.1 *et seq.* On September 16, 2005, plaintiffs served and filed a Motion to Amend the Third Amended Petition along with a proposed Fourth Amended Petition, which are attached hereto as Exhibits A and B. The proposed Fourth Amended Petition sought to add three new named plaintiffs and new allegations of alleged wrongdoing. In particular, in the proposed Fourth Amended Petition, Plaintiffs alleged for the first time, *inter alia*, that Microsoft had violated the federal securities laws. (Fourth Am. Pet. (Ex. B) ¶ 253.) Plaintiffs also asserted that Microsoft had misappropriated the intellectual property of one of its competitors, Burst.com, Inc. (Fourth Am. Pet. ¶ 212.) According to the Motion to Amend, this allegation was based upon the allegations made by Burst.com in a federal lawsuit against Microsoft asserting a cause of action for, among other things, patent infringement. Plaintiffs asserted in their Motion to Amend that "[t]he proposed Fourth Amended Petition clarifies Plaintiffs' claims for damages" and that the new factual allegations "simply add support for the claims in Plaintiffs' previous petition." (Mot. to Am. (Ex. A) ¶ 4.)

3. Microsoft's counsel received the Motion to Amend and proposed Fourth Amended Petition by e-mail on September 16, 2005. As prescribed by 28 U.S.C. § 1446(b), Microsoft has filed this Notice of Removal within thirty days after the receipt by Microsoft of the paper from which grounds for removal could first be ascertained.[1]

4. The District Court for Polk County, Iowa, is located within the geographical boundaries of the United States District Court for the Southern District of Iowa,

---

[1] A case becomes removable when a motion to amend is filed that first gives notice of grounds for removal. *See Webster v. Sunnyside Corp.*, 836 F. Supp. 629, 630 (S.D. Iowa 1993).

---

Central Division. 28 U.S.C. § 95(b)(1). Microsoft will promptly file a copy of this Notice with the Clerk of the District Court for Polk County, Iowa, pursuant to 28 U.S.C. § 1446(d).

    5. No admission of fact or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

**Federal Question Jurisdiction**

    6. This action arises under federal law within the meaning of 28 U.S.C. § 1331, and is therefore now removable to this Court under 28 U.S.C. § 1441(b).

    7. In the proposed Fourth Amended Petition plaintiffs alleged, "[o]n information and belief" that "Microsoft has mischaracterized or withheld accounting data and other evidence, thereby failing to comply with law." (Fourth Am. Pet. (Ex. B) ¶ 252.) In particular, plaintiffs alleged that Microsoft

> violated Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act and Rules 126-20, 13a-1 and 13a-13 promulgated thereunder. Microsoft violated such provisions by maintaining undisclosed reserves, accruals, allowances and liability accounts that were not in conformity with generally accepted accounting principles and/or lacked proper documentation for those accounts as required by federal securities laws. The effect of such unlawful practices was to misstate assets and income to shareholders and the public.

(Fourth Am. Pet. (Ex. B) ¶ 253.)[2]

---

[2] Plaintiffs' further alleged that Microsoft "agreed" that it had violated federal law, citing a consent decree with the United States Securities and Exchange Commission entered on June 3, 2003, pursuant to which Microsoft agreed to revise its accounting practices. (Fourth Am. Pet. (Ex. B) ¶ 253.) Contrary to plaintiffs' assertion, Microsoft did not "agree" in the consent decree or elsewhere that it had violated the federal securities laws. In any event, the findings in a consent decree are not preclusive in later litigation, and plaintiffs will have to prove their allegations in this litigation. *See Gall v. South Branch Nat'l Bank of S.D.*, 783 F.2d 125, 127 (8th Cir. 1986) (doctrine of collateral estoppel "do[es] not apply where, as here, the issues or causes of action sought to be precluded in a subsequent proceeding were allegedly determined in a stipulation or a judgment by consent"); RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. e (1982).

8. Plaintiffs' proposed Fourth Amended Petition was the first paper served on Microsoft from which it could be ascertained that plaintiffs claim that Microsoft violated the federal securities laws. Plaintiffs seek treble damages and "additional damages . . . in an amount to be determined at trial." (Fourth Am. Pet. (Ex. B), Prayer B.)

9. Congress intended that allegations of violations of the federal securities laws are to be heard in federal court. *See, e.g., Sparta Surgical Corp.* v. *Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1211-12 (9th Cir. 1998) (holding that alleged breach of Exchange Act rules invokes federal question jurisdiction). Indeed, the federal courts have exclusive jurisdiction over actions "brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa.

10. Because plaintiffs assert a claim under federal law and one over which the federal courts have exclusive jurisdiction, this Court has jurisdiction under 28 U.S.C. § 1331.

11. Alternatively, even if the plaintiffs have not asserted a claim under the Exchange Act directly, this Court has jurisdiction because the plaintiffs seek to have a state court construe the requirements of the Securities Exchange Act as a necessary step in proving a state law claim. *Grable & Sons Metal Prods.* v. *Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2368 (2005) (holding that federal court has original jurisdiction if a "state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance between federal and state judicial responsibilities"). Plaintiffs assert that Microsoft engaged in a "Practice[] Of Mischaracterizing And/Or Withholding Of Data And Other Evidence," including mischaracterizing or withholding accounting data and other evidence in violation of the Securities Exchange Act, and failing to preserve such relevant evidence, which, plaintiffs allege, "has harmed the ability of Plaintiffs and Class members to prove their claims in this

case." (Fourth Am. Pet. (Ex. B) ¶¶ 252, 255.) Plaintiffs also assert that "Microsoft's exclusionary and restrictive practices described herein have caused significant harm to Plaintiffs and the members of the Classes by increasing the price they have paid for Microsoft's operating system and relevant applications software above competitive levels and/or denying them a free choice in a competitive market, as well as the benefits of software innovation." (Fourth Am. Pet. (Ex. B) ¶ 256.) Plaintiffs' claims raise a disputed and substantial issue of federal law. To adjudicate plaintiffs' claims, a court must determine whether the claimed violations of the Securities Exchange Act actually occurred, caused damage to plaintiffs and/or contributed to the alleged monopoly. As demonstrated by the conferral of exclusive jurisdiction in 15 U.S.C. § 78aa, the federal interest in consistent application of the securities laws requires removal in this instance. *See D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 103-104 (2d Cir. 2001) (there is a "strong federal interest" in ensuring compliance with the Exchange Act).

12. The proposed Fourth Amended Petition also for the first time alleges that Microsoft sought to eliminate a competitor named Burst.com by "misappropriating Burst's intellectual property." (Fourth Am. Pet. (Ex. B) ¶ 212.) This allegation is drawn from the complaint in *Burst.com, Inc. v. Microsoft Corp.*, No. 02-cv 2952 (N.D. Cal.), in which Burst.com alleged that Microsoft infringed Burst.com's patents on its "core video streaming technology." Compl., *Burst.com, Inc. v. Microsoft Corp.*, No. 02-cv 2952 (N.D. Cal. June 18, 2002), ¶¶ 9-10, 117-126 (attached as Ex. C). Pursuant to 28 U.S.C. § 1338(a), the federal courts have original jurisdiction over patent claims and over unfair competition claims that are joined with "a substantial and related claim under the . . . patent laws." Claims for patent infringement are governed by 35 U.S.C. § 271(a) (stating that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the patent").

13.  Because plaintiffs' claims assert a violation of the federal patent laws, and because federal courts have original jurisdiction over claims under the patent laws, this Court has jurisdiction over this action under 28 U.S.C. § 1331.

14.  Under 28 U.S.C. § 1367, when a federal court has original jurisdiction of a civil action, it has supplemental jurisdiction over other claims, if any, that are part of the same case or controversy. All claims in this action form the same case or controversy as the claims within the Court's original jurisdiction. Therefore, this Court has jurisdiction over plaintiff's remaining state law claims.

**Diversity Jurisdiction Pursuant to the Class Action Fairness Act of 2005**

15.  Microsoft is a citizen of the State of Washington. Plaintiffs are citizens of the State of Iowa. (Fourth Am. Pet. (Ex. B) ¶¶ 9-14.)

16.  The proposed Fourth Amended Petition alleges for the first time that Microsoft mischaracterized or withheld accounting data, misstated assets and income, and failed to preserve relevant evidence, and that this alleged conduct "has harmed the ability of Plaintiffs and Class members to prove their claims in this case." (Fourth Am. Pet. (Ex. B) ¶ 255.) Plaintiffs seek damages "in an amount to be determined at trial." (Fourth Am. Pet. (Ex. B), Prayer B.) Notwithstanding plaintiffs' assertion that the proposed Fourth Amended Petition "clarifies Plaintiffs' claims for damages," (Mot. to Am. (Ex. A) ¶ 4), the claim based on this conduct is a new claim "commenced" after February 18, 2005 -- the date of enactment of the Class Action Fairness Act. *See Knudsen* v. *Liberty Mutual Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005).

17.  The proposed Fourth Amended Petition asserts these and other claims on behalf of three new proposed plaintiffs.

18.  Plaintiffs allege that the classes "likely number in the hundreds of thousands of individuals and businesses" in Iowa. (Fourth Am. Pet. (Ex. B) ¶ 21.) The

aggregate amount put in controversy by plaintiffs' claim exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

19.     This action is a class action within the meaning of Section 4 of the Class Action Fairness Act of 2005 (codified at 28 U.S.C. § 1332(d)(1)(B)) because this is a civil action that has been granted class certification under Rule 1.261 of the Iowa Rules of Civil Procedure.

20.     Because this action is a class action within the meaning of Section 4 of the Class Action Fairness Act of 2005, alleges a new claim "commenced" after February 18, 2005, at least one putative class member is a citizen of a State other than Washington, Microsoft (the sole defendant) is a citizen of the State of Washington, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, this action is removable under Section 5 of the Class Action Fairness Act of 2005 (codified at 28 U.S.C. § 1453(b)).

## Conclusion

This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332, and supplemental jurisdiction under 28 U.S.C. § 1367 over any remaining claims. All procedural requisites to removal have been met. Accordingly, removal to this Court under 28 U.S.C. § 1441 is proper and effected hereby.

Dated: October 13, 2005

Respectfully submitted,

*Of Counsel*:

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

By /s/Edward W. Remsburg
Edward W. Remsburg (PK0004619)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
(515) 243-7611

Brent B. Green
DUNCAN, GREEN, BROWN & LANGENESS
400 Locust Street, Suite 380
Des Moines, Iowa 50309
Telephone: (515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

On this 13 day of October, 2005, a copy of the foregoing was served upon the plaintiff by causing copies of same to be delivered to her attorneys at the following addresses:

Roxanne Barton Conlin (by hand)
Roxanne Conlin & Associates, P.C.
600 Griffin Building
319 Seventh Street
Des Moines, Iowa 50309

Richard M. Hagstrom (by U.S. Mail)
Zelle, Hofmann, Voelbel, Mason & Gette LLP
500 Washington Avenue South
Suite 4000
Minneapolis, Minnesota 55415

/s/Edward W. Remsburg
Edward W. Remsburg (PK0004619)

JVANRYSW/ 470020.1 /MSWord