# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

JOE COMES and RILEY PAINT, INC.,   :    No.  CV 05-562
an Iowa corporation,

         : 

         Plaintiffs,   : 

     v.   : 

         : 

MICROSOFT CORPORATION,   : 
a Washington corporation,

         : 

         Defendant.   : 

         : 

---

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*Of Counsel*:

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
Phone:  (425) 936-8080
Fax:  (425) 869-1327

Edward W. Remsburg
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
(515) 243-7611

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN &
    LANGENESS P.C.
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Phone:  (212) 558-4000
Fax:  (212) 558-3336

October 13, 2005

*Attorneys for Microsoft Corporation*

# TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................. 1

ARGUMENT..................................................................................................... 6

    I.     Principles of Equity and Judicial Economy Counsel in Favor of a Stay ............. 6

CONCLUSION .............................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*Am. Seafood, Inc.* v. *Magnolia Processing, Inc.*,
No. 92-1030, 1992 WL 102762 (E.D. Pa. May 7, 1992)................................................8

*Automatik Design, Inc.* v. *Microsoft Corp.*,
No. 01-3454 (E.D. La. Dec. 5, 2001)..................................................................7

*Birdsong Tractor and Supply, Inc.*, v. *Microsoft Corp.*,
No. 4:03CV00474 (E.D. Ark. July 23, 2003) ..............................................................7

*Boudreaux* v. *Metro. Life Ins. Co.*,
No. 95-138, 1995 WL 83788 (E.D. La. Feb. 24, 1995)................................................47

*Bruce* v. *Microsoft Corp.*,
No. 4:02cv234-P-B (N.D. Miss. Oct. 24, 2002) ......................................................7, 10

*Cheeseman* v. *Microsoft Corp.*, No. 2:99-CV-396 (D. Vt. Feb. 29, 2000) ......................10

*Egon* v. *Del-Val Fin. Corp.*,
No. 90-4338, 1991 WL 13726 (D.N.J. Feb. 1, 1991) ..............................................7, 10

*In re Microsoft Corp. Antitrust Litig.*, No. 1332 (J.P.M.L. Apr. 25, 2000)........................2

*In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702 (D. Md. 2001)......................8

*In re Microsoft Corp. Antitrust Litig.*, 241 F. Supp. 2d 563 (D. Md. 2003)......................8

*Marquis* v. *FDIC*, 965 F.2d 1148 (1st Cir. 1992).................................................6

*Pepsi-Cola Bottling Co.* v. *Cargill, Inc.*,
No. 3-95-784, 1995 WL 783610 (D. Minn. Oct. 20, 1995)..........................................8

*Pryor* v. *Microsoft Corp.*, No. 00-165 (D.N.J. Feb. 28, 2000)......................................7

*Quigley* v. *Microsoft Corp.*, No. 99-3420 (E.D. La. Jan. 13, 2000) ..............................6

*Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ..............................7

*Rosenfeld* v. *Hartford Fire Ins. Co.*,
No. 88-2153, 1988 WL 49065 (S.D.N.Y. May 12, 1988) ..........................................10

*Strickley* v. *Microsoft Corp.*, No. 00-35 (E.D. Ky. Apr. 17, 2000) ..............................7

*Sujan* v. *Microsoft Corp.*, No. 02-2827 (C.D. Cal. May 20, 2002) ...................................7

*To the Rescue Comprehensive Computer Servs.* v. *Microsoft Corp.*,
   No. 99-3301 (S.D. Fla. Jan. 4, 2000) ..........................................................7

*Tyler* v. *Microsoft Corp.*, No. 99-CV-2602-L (S.D. Cal. Feb. 4, 2000) .............................7

*Weinke* v. *Microsoft Corp.*, No. 99-C-1505 (E.D. Wis. Feb. 18, 2000) .............................7

### *Statutes and Rules*

15 U.S.C. § 78aa ....................................................................................5

28 U.S.C. § 1338 ....................................................................................5

28 U.S.C. § 1407 ..................................................................................6, 9

28 U.S.C. § 1450 ....................................................................................9

J.P.M.L. R. P. 7.5 ..................................................................................5

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC.,<br>an Iowa corporation, | : | No.  CV 05-562 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION,<br>a Washington corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

To conserve judicial resources and to prevent the litigation of similar issues and claims in multiple districts, this Court should stay all proceedings in this action (other than compliance with existing orders of the state court from which this action was removed) pending transfer of this action by the Judicial Panel on Multidistrict Litigation ("JPML") to the Hon. J. Frederick Motz in the District of Maryland.

## BACKGROUND

More than 100 actions based on allegations largely identical to those in the Third Amended Petition in this case -- the currently filed petition -- have been brought against Microsoft in state and federal courts by end-users of Microsoft's products seeking to recover damages.  In April 2000, the JPML designated the Hon. J. Frederick Motz of the United States District Court for the District of Maryland as the transferee judge for

federal-court actions "brought, in whole or in part, on behalf of customers of Microsoft" and "pertaining to Microsoft's alleged anticompetitive conduct in a purported market for personal computer operating systems." *In re Microsoft Corp. Antitrust Litig.*, No. 1332, slip op. at 2 (JPML Apr. 25, 2000) (appended as Tab A).[1]  Noting that consumer actions seeking recovery for alleged overcharges for Microsoft software raise "similar questions of market definition, the existence of monopoly power, the fact and significance of Microsoft's alleged anti-competitive conduct, and the existence and scope of any antitrust injury," the JPML found that "centralization . . . will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation" and is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings" and "conserve the resources of the parties, their counsel and the judiciary." (Tab A, p. 2.)

The Panel specifically noted that it was appropriate to transfer even those actions with pending remand motions since "remand motions can be presented to and decided by the transferee judge." (Tab A, p. 2.)

Plaintiffs Joe Comes and Riley Paint, Inc. filed this putative class action against Microsoft in Iowa state court on February 19, 2000 seeking to recover alleged overcharges supposedly imposed on Iowa indirect purchasers of Microsoft operating system software.  Plaintiffs amended their petition three times, on March 8, 2000, October 7, 2002, and February 14, 2003, adding additional claims and allegations, including claims on behalf of a class of indirect purchasers of Microsoft word processing

---

[1]    Unpublished authorities referred to in this brief are cited to tabs in an Appendix of Unpublished Authorities filed herewith.

and spreadsheet software.  On September 16, 2003, the Iowa trial court certified two classes of Iowa software purchasers.  That ruling was affirmed by the Iowa Supreme Court on May 13, 2005.

In July 2005, the Iowa trial court appointed Mark McCormick of Des Moines as Special Master in this case to resolve disputes over hearsay and other objections to trial exhibits and designation of deposition testimony for use at trial.  A copy of the order appointing Mr. McCormick as Special Master is attached as Exhibit B.  On July 7, 2005, the Iowa state court filed a Pretrial Scheduling Order agreed to by the parties (attached as Exhibit C) that provided a series of deadlines for trial preparation leading to a trial in September 2006.  Under that order, the Special Master is to issue a scheduling order by November 11, 2005, for the process of resolving disputes over trial exhibits and deposition designations.  There are no other deadlines in the Pretrial Scheduling Order before the end of this year.

Under the state court's pretrial scheduling order, discovery is to end on June 2, 2006.  On July 22, 2005, the state court in Iowa granted a motion to compel discovery of, among other things, documents produced, hearing and deposition transcripts, and trial and deposition exhibits from cases brought against Microsoft by competitors (discussed further below) and certain other proceedings.  Pursuant to that order, Microsoft is currently producing approximately 16 million pages of documents.  Microsoft expects that production of all or virtually all of these documents will be completed by the end of this month.  Microsoft does not seek by this motion to stay either the currently ongoing Special Master process or the ongoing document production.

On September 16, 2005, plaintiffs moved to file a Fourth Amended Petition
containing, among other things, new factual allegations and entirely new claims for
damages.  Plaintiffs stated that many of these new allegations were based on allegations
that had been asserted by competitors in five antitrust actions against Microsoft.  (Pls.
Mot. to Amend Petition, filed Sept. 16, 2005 ¶ 4).  These five actions had been filed in
various courts around the country and transferred to the District of Maryland for
consolidated pretrial proceedings in accordance with the April 2000 JPML Order.  Four
of those competitor cases -- brought against Microsoft by Be, Inc., Burst.com Corp.,
AOL Time Warner Inc., and Sun Microsystems, Inc. -- were transferred to Judge Motz in
2002 and the remaining action -- RealNetworks, Inc. -- was transferred to Judge Motz in
January, 2004.[2]

Plaintiffs' proposed Fourth Amended Petition also alleges that Microsoft violated
federal securities laws (Pls. Fourth Amend. Pet., filed Sept. 16, 2005, ¶ 233) and federal
patent laws (*id.* ¶ 212).  In particular, plaintiffs allege that Microsoft "violated Sections
13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act and Rules 126-20,
13a-1 and 13a-13 promulgated thereunder" by failing to keep certain accounting records
in accordance with generally accepted accounting principles "as required by federal
securities laws" (¶ 254).  Plaintiffs also allege that Microsoft "misappropriate[d] Burst's
intellectual property" (¶ 212), an allegation drawn from the complaint in *Burst.com, Inc.
v. Microsoft Corp.*, No. 02-cv-2952 (N.D. Cal.), in which Burst.com alleged that

---

[2]     The *AOL* and *Be* cases were settled and dismissed in 2003, the *Sun* case was
settled and dismissed in April 2004 and the *Burst* case was settled and dismissed
in April 2005.  A settlement of the *RealNetworks* case was announced on October
11, 2005.

Microsoft infringed Burst.com's patents on its "core video streaming technology." These allegations raise claims under the federal securities laws and federal patent laws, over which the federal courts have original jurisdiction. 15 U.S.C. § 78aa (federal courts have exclusive jurisdiction over action to enforce any liability or duty created by the Securities Exchange Act); 28 U.S.C. § 1338 (federal courts have original jurisdiction over patent claims and over unfair competition claims joined to substantial and related patent claims).

Moreover, while plaintiffs asserted in their Motion to Amend that their proposed Fourth Amendment Petition merely "clarifies Plaintiffs' claims for damages" and "simply add[s] support for the claims in the previous petition" (Mot. to Amend Petition ¶ 4), in fact the accounting claim is wholly new and commenced a new cause of action under the Class Action Fairness Act of 2005. Because there is diversity between Microsoft and the classes of Iowa citizens, and the aggregate amount in controversy exceeds $5,000,000, this action is also removable under Section 5 of that Act, 28 U.S.C. § 1453(b).

On October 13, 2005, based on the federal claims asserted for the first time in the proposed Fourth Amended Petition, Microsoft removed this action to federal court and filed a notice of "tag-along action" with the JPML, as required by Rule 7.5(e) of the Rules of Procedure of the JPML. The JPML has not yet acted on the request for transfer.[3]

---

[3] On September 22, 2005, while this case was pending in state court, the parties agreed to extend the time for Microsoft to file its brief in opposition to plaintiffs' motion to amend to October 14, 2005. The arguments supporting a stay of this action pending a decision by the JPML also support extending Microsoft's time to respond to the motion to amend until after the venue issue has been decided. Microsoft has filed a separate motion requesting such an extension.

## ARGUMENT

**I.**   **Principles of Equity and Judicial Economy Counsel in Favor of a Stay.**

"It is beyond cavil that, absent a statute or rule to the contrary, federal district

courts possess the inherent power to stay pending litigation when the efficacious

management of court dockets reasonably requires such intervention." *Marquis* v. *FDIC*,

965 F.2d 1148, 1154 (1st Cir. 1992). In related litigation against Microsoft, a number of

other courts have concluded that they should enter stays pending transfer by the JPML in

light of the prejudice that Microsoft would suffer if it were forced to litigate overlapping

claims in more than one judicial forum, the corresponding lack of prejudice that plaintiffs

would suffer from a stay pending transfer, and the waste of judicial resources that would

occur if more than one federal court were to involve itself in the underlying controversy.

As succinctly stated by the Eastern District of Louisiana in granting Microsoft's motion

to stay pending transfer to the District of Maryland:

> First, Microsoft would suffer a considerable hardship and inequity if forced to
> simultaneously litigate multiple suits in multiple districts. Further, [Microsoft]
> could potentially suffer conflicting rulings by different judges in these multiple
> suits. These pretrial proceedings are precisely what § 1407 sought to coordinate
> and centralize. Second, Plaintiffs have failed to show any significant prejudice
> they would suffer, beyond the slight delay pending JPML decision. Finally, the
> interests of judicial economy would be best served by granting a stay.

*Quigley* v. *Microsoft Corp.*, No. 99-3420, slip. op. at 3 (E.D. La. Jan. 13, 2000) (Tab B).

For this reason, numerous courts have granted stays pending transfer in similar actions against Microsoft.[4] These decisions are consistent with the general standards that courts have used when considering a motion to stay in the context of pending proceedings before the JPML. Courts generally consider three factors: (i) the judicial resources that would be saved by avoiding duplicative litigation; (ii) the hardship and inequity the moving party would suffer in the absence of a stay; and (iii) the potential prejudice to the non-moving party. *See Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). *See also Boudreaux* v. *Metro. Life Ins. Co.*, No. 95-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995) (Tab L) ("The decision whether to stay proceedings is discretionary, and the exercise of discretion is guided by the policies of justice and efficiency."); *Egon* v. *Del-Val Fin. Corp.*, No. 90-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) (Tab M) (weighing the hardship that the moving party would suffer absent a stay against the possibility that the stay would work damage on another party). Here, each factor militates strongly in favor of a stay of further proceedings in this action pending the MDL panel's resolution of the transfer issue.

---

[4]     *E.g., Birdsong Tractor & Supply, Inc.* v. *Microsoft Corp.*, No. 4:03CV00474, (E.D. Ark. July 23, 2003); *Bruce* v. *Microsoft*, No. 4:02cv234-P-B (N.D. Miss. Oct. 24, 2002); *Sujan* v. *Microsoft Corp.*, No. 02-2827 (C.D. Cal. May 20, 2002); *Automatik Design, Inc.* v. *Microsoft Corp.*, No. 01-3454 (E.D. La. Dec. 5, 2001); *Strickley* v. *Microsoft Corp.*, No. 00-35 (E.D. Ky. Apr. 17, 2000); *Pryor* v. *Microsoft Corp.*, No. 00-165 (D.N.J. Feb. 28, 2000); *Weinke* v. *Microsoft Corp.*, No. 99-C-1505 (E.D. Wis. Feb. 18, 2000); *Tyler* v. *Microsoft Corp.*, No. 99-CV-2602-L (S.D. Cal. Feb. 4, 2000); and *To the Rescue Comprehensive Computer Servs.* v. *Microsoft Corp.*, No. 99-3301 (S.D. Fla. Jan. 4, 2000). Copies of these decisions are appended as Tabs C through K respectively to Microsoft's Motion to Stay.

Judge Motz, who has presided over the consolidated proceedings against Microsoft for about five years, is familiar with the allegations in these actions. In addition to presiding over discovery and related pretrial practice, he has decided numerous remand motions, including a remand motion in a similar action originally filed in Iowa state court. *See In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 708-22 (D. Md. 2001); *see also In re Microsoft Corp. Antitrust Litig.*, 241 F. Supp. 2d 563, 566 (D. Md. 2003). Indeed, there is pending a motion by plaintiffs to amend -- for a fourth time -- the petition in this case. The amendment seeks to incorporate into this case allegations concerning lawsuits that have been before Judge Motz in Baltimore over the past three years. This Court need not invest its resources to familiarize itself with those actions when this case will almost surely soon be transferred to a court thoroughly versed in them. *Walt Disney*, 980 F. Supp. at 1360-61 (risk of wasted judicial resources counseled stay pending JPML ruling); *Boudreaux*, 1995 WL 83788, at *2 ("policies of efficiency and consistency of pre-trial rulings are furthered" by staying action, including pending remand motion); *Pepsi-Cola Bottling Co.* v. *Cargill, Inc.,* No. 3-95-784, 1995 WL 783610, at *4-5 (D. Minn. Oct. 20, 1995) (Tab N) (granting defendants' motion to stay class certification proceedings pending the MDL Panel's decision on transfer); *Am. Seafood, Inc.* v. *Magnolia Processing, Inc.,* No. 92-1030, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) (Tab O) ("judicial economy and prejudice to defendant[] weigh heavily in favor of the stay").

In contrast, the potential prejudice to plaintiffs from a stay of this action is relatively slight and clearly outweighed by the potential prejudice to Microsoft and the burden on judicial resources. The JPML has already determined that coordinated and

-8-

consolidated treatment of the federal-court actions against Microsoft serves "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This action will almost certainly be transferred to Judge Motz. This case has been pending for nearly five-and-a-half years, largely as a result of plaintiffs' repeated efforts to expand the scope of their claims to encompass new products, new alleged conduct, and new theories of liability. There would be no significant prejudice to plaintiffs from a small delay while the JPML renders its decision.

Microsoft does not seek by this motion to stay the ongoing document production directed by the state trial court in July, which Microsoft expects to complete, or virtually complete, by the end of this month. Microsoft also does not seek to stay the Special Master process, which is ongoing now and pursuant to which the Special Master is to issue by November 11, 2005, a scheduling order to govern the proceedings before him.[5] Thus, plaintiffs cannot claim that ongoing pretrial processes will be delayed in this case. This motion is instead directed at any additional discovery and proceedings that may be brought while the decision to transfer this case to Baltimore is pending.[6]

---

[5]  Pursuant to 28 U.S.C. § 1450, "[a]ll injunctions, orders and other proceedings had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Thus, Special Master McCormick presumably retains jurisdiction unless and until this Court (or the United States District Court for the District of Maryland) should direct otherwise.

[6]  On September 29, 2005, Microsoft received Plaintiffs' Third Set of Requests for Production of Documents. These requests seek discovery well beyond the allegations of either the Third Amended Petition or even the proposed Fourth Amended Petition. It is likely that these requests will require court intervention. This discovery and any resulting motion practice would be stayed pending transfer if this motion were granted.

In any event, courts reject the notion that a delay (and any resulting prejudice to plaintiffs) is reason to deny a stay pending the JPML's decision . *See, e.g., Bruce,* No. 4:02cv234-P-B, slip op. at 2 ("[I]t is the opinion of the Court that Plaintiff will not be prejudiced . . . [and] any prejudice . . . is clearly outweighed by the benefit of judicial efficiency and avoidance of inconsistent rulings.")  Even recognizing the possibility of some delay, courts have concluded that the long-run benefits to be gained by a stay greatly outweigh the short-run costs of any delay. *See, e.g., Egon,* 1991 WL 13726, at *1; *Rosenfeld* v. *Hartford Fire Ins. Co.,* No. 88-2153, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) (Tab P).  In one of the orders granting a Microsoft motion to stay in similar circumstances, the United States District Court for the District of Vermont stated this point quite emphatically:

> Contrary to Plaintiffs' allegations, federal courts can, and routinely do, defer consideration of pretrial motions until the MDL Panel decides whether to transfer a particular series of cases.  Jurisdiction to grant such stays is well established.  Furthermore, from the perspective of judicial economy, it is ludicrous for courts to spend time hashing through pretrial matters when the case may be whisked away and consolidated before any meaningful disposition can take place.

*Cheeseman* v. *Microsoft Corp.,* No. 2:99-CV-396, slip op. at 7 (D. Vt. Feb. 29, 2000) (Tab Q) (citations omitted).

## CONCLUSION

This Court should stay this action (except for the ongoing Special Master process and Microsoft's ongoing production of documents) pending a decision by the JPML whether to transfer this action to Judge Motz.

Dated: October 13, 2005

Respectfully submitted,

*Of Counsel*:

By: _Edward Remsburg (by WTO)_
    Edward W. Remsburg (PK0004619)
    AHLERS & COONEY, P.C.
    100 Court Avenue, Suite 600
    Des Moines, Iowa  50309
    (515) 243-7611

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN &
    LANGENESS
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation, | : | No.  CV 05-562 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, a Washington corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MICROSOFT'S APPENDIX OF UNPUBLISHED AUTHORITIES
IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS
PENDING TRANSFER BY THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

*Of Counsel*:

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

Edward W. Remsburg (PK0004619)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
(515) 243-7611

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN &
    LANGENESS
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

October 13, 2005

*Attorneys for Microsoft Corporation*

# Tab A

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

APR 25 [   ]

*DOCKET NO. 1332*

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE MICROSOFT CORP. WINDOWS OPERATING SYSTEMS ANTITRUST
LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT,
CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS,
LOUIS C. BECHTLE* AND JOHN F. KEENAN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel are four motions or cross-motions for coordinated or consolidated pretrial
proceedings that are brought pursuant to 28 U.S.C. §1407 and currently encompass some or all of
the 27 actions listed on the attached Schedule A and pending in seventeen districts as follows: four
actions in the District of District of Columbia; three actions in the Southern District of Florida; two
actions each in the Eastern District of Michigan, the District of Minnesota, the Southern District of
New York, the Southern District of Ohio and the Eastern District of Wisconsin; and one action each
in the Northern District of Alabama, the District of Arizona, the Southern District of California, the
Southern District of Illinois, the District of Kansas, the Eastern District of Louisiana, the District of
South Carolina, the Eastern District of Tennessee, the District of Vermont, and the Southern District
of West Virginia.[1]  The Section 1407 moving parties are arrayed as follows: 1) sole common
defendant Microsoft Corporation (Microsoft), whose motion seeks centralization of all 27 actions
in the Western District of Washington or, alternatively, the Northern District of Illinois; 2) plaintiff

---

*Judge Bechtle took no part in the decision of this matter.

[1] Seven additional actions that were subject to at least one of the Section 1407 motions have been
dismissed or remanded to state court: *Shelby Harmon, et al. v. Microsoft Corp.*, S.D. Florida, C.A. No. 1:99-
3401; *Paul Rothstein v. Microsoft Corp.* N.D. Illinois, C.A. No. 1:99-8346; *Harvey Malnick, et al. v.
Microsoft Corp.*, D. Maine, C.A. No. 2:99-377; *Burks Cusny v. Microsoft Corp.*, E.D. Michigan, C.A. No.
2:99-76057; *James Edwards v. Microsoft Corp.* D. New Mexico, C.A. No. 6:99-1476; *Daniel Sherwood, et
al. v. Microsoft Corp.*, M.D. Tennessee, C.A. No. 3:99-1191; and *Charles T. Clark, Jr. v. Microsoft Corp.*,
W.D. Tennessee, C.A. No. 1:99-1334. Accordingly, the question of Section 1407 transfer with respect to
these actions is moot at this time. Also, various parties have notified the Panel of the pendency of more than
twenty additional, potentially related actions pending in federal district courts. These actions, any other
newly filed actions that come to the Panel's attention, and, for that matter, any of the dismissed actions
subject to the original Section 1407 motion that may be reopened, will be treated as potential tag-along
actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).

-2-

eLeaders, Inc., in one of the District of District of Columbia actions, whose motion seeks centralization in the District of Columbia district of its action and the Alabama and Louisiana actions; 3) plaintiffs Linda Kloth, *et al.*, in the two Southern District of Ohio actions, whose motion seeks centralization in the Ohio district of only one of the Ohio actions, the Alabama action, and the District of Columbia *eLeaders* action; and 4) plaintiffs Precision Billing Service, Inc., *et al.*, in the Southern District of Illinois action, whose motion seeks centralization in the Illinois district of their action and the Alabama action.[2] All actions are brought, in whole or in part, on behalf of customers of Microsoft by plaintiffs who allege that Microsoft violated federal or state antitrust laws. Objections to transfer, generally, are raised with respect to transfer of particular actions: 1) plaintiffs in certain actions or potential tag-along actions who contend that actions removed by Microsoft from state to federal court should be excluded from transfer because there is no federal jurisdiction and the actions should be remanded to state court; 2) plaintiffs in certain actions who contend that actions brought on behalf of indirect purchasers should not be centralized or should be centralized separately from actions brought on behalf of direct purchasers; and 3) the non-Microsoft parties (plaintiffs Gravity, Inc., *et al.*, and defendants Compaq Computer Corp., Dell Computer Corp., and Packard Bell NEC) in one District of District of Columbia action (*Gravity*) that is the only action naming defendants in addition to Microsoft, who object to inclusion of *Gravity* in 1407 proceedings. Finally, plaintiffs in the Eastern District of Louisiana action have suggested that the Louisiana district should be selected as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Maryland before Chief Judge J. Frederick Motz will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of the same nucleus of operative facts pertaining to Microsoft's alleged anticompetitive conduct in a purported market for personal computer operating systems. Accordingly, each action raises similar questions of market definition, the existence of monopoly power, the fact and significance of Microsoft's alleged anti-competitive conduct, and the existence and scope of any antitrust injury suffered by plaintiffs. Relevant discovery, including expert testimony, will overlap substantially in each action. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

Various plaintiffs' principal objection to Section 1407 transfer at this time is rooted in their contention that the Panel's decision should be stayed pending resolution of motions to remand to state court that are pending in their actions. We note, however, that jurisdictional and remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

---

[2] Much of the differences among the number of actions subject to the various motions seems to be in large part attributable to the various movants' awareness or lack of awareness of the pendency of related actions.

—3—

Other parties that either oppose inclusion of their respective action in Section 1407 proceedings or seek creation of two separate multidistrict dockets have argued, *inter alia*, that such an approach is necessary because 1) their action involves additional unique issues, parties or legal theories; and/or 2) centralization of all actions would be unduly burdensome. We are not persuaded by these contentions. We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of additional or differing legal theories significant when the underlying actions still arise from a common factual core. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Finally, to any parties who believe that the uniqueness of their particular situation or the type of their claims renders continued inclusion of their action in MDL-1332 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D. 1, 11-13 (1998).

Given the range of locations of parties and witnesses in this docket and the geographic dispersal of constituent actions, it is clear that no single district emerges as a nexus. Thus we have searched for a transferee judge with the ability and temperament to steer this complex litigation on a steady and expeditious course, a quest that has encompassed virtually the entire corps of federal judges. By centralizing this litigation in the District of Maryland before Chief Judge Motz, a judge with considerable experience as a transferee judge for multidistrict litigation, we are confident that we are entrusting this important and challenging assignment to an able jurist who has the added advantage of sitting in an accessible, metropolitan district equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions on the attached Schedule A be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

__MDL-1332 — In re Microsoft Corp. Windows Operating Systems Antitrust Litigation__

### Northern District of Alabama

*Blaine Cox, et al. v. Microsoft Corp.*, C.A. No. 1:99-3009

### District of Arizona

*Wayne Mims v. Microsoft Corp.*, C.A. No. 2:99-2243

### Southern District of California

*Clay Tyler, et al. v. Microsoft Corp.*, C.A. No. 3:99-2602

### District of District of Columbia

*Gravity, Inc., et al. v. Microsoft Corp., et al.*, C.A. No. 1:99-363
*eLeaders, Inc. v. Microsoft Corp.*, C.A. No. 1:99-3090
*Franklin L. DeJulius v. Microsoft Corp.*, C.A. No. 1:99-3148
*Paul A. Deiter v. Microsoft Corp.*, C.A. No. 1:99-3275

### Southern District of Florida

*Eric S. Lazarus v. Microsoft Corp.*, C.A. No. 0:99-7527
*To The Rescue Comprehensive Computer v. Microsoft Corp.*, C.A. No. 1:99-3301
*Elvarado Baptiste, et al. v. Microsoft Corp.*, C.A. No. 9:99-9076

### Southern District of Illinois

*Precision Billing Services, Inc., et al. v. Microsoft Corp.*, C.A. No. 3:99-896

### District of Kansas

*Elizabeth A. Wilson v. Microsoft Corp.*, C.A. No. 5:99-4192

### Eastern District of Louisiana

*Joy S. Quigley, et al. v. Microsoft Corp.*, C.A. No. 2:99-3420

### Eastern District of Michigan

*D's Pet Supplies, Inc. v. Microsoft Corp.*, C.A. No. 2:99-76056
*David Bach v. Microsoft Corp.*, C.A. No. 2:99-76086

-2-

MDL-1332 Schedule A (Continued)

### District of Minnesota

*Rubbright Group v. Microsoft Corp., C.A. No. 0:99-2017*
*Steven Neilsen v. Microsoft Corp., C.A. No. 0:99-2037*

### Southern District of New York

*Raymond Pryor v. Microsoft Corp., C.A. No. 1:99-12161*
*Sexstrom Associates, Ltd. v. Microsoft Corp., C.A. No. 1:99-12162*

### Southern District of Ohio

*Linda Dameron Kloth, et al. v. Microsoft Corp., C.A. No. 1:99-1043*
*Linda Dameron Kloth, et al. v. Microsoft Corp., C.A. No. 2:99-1276*

### District of South Carolina

*Chris Campbell v. Microsoft Corp., C.A. No. 2:99-4165*

### Eastern District of Tennessee

*Denise Davenport v. Microsoft Corp., C.A. No. 3:99-680*

### District of Vermont

*Sara Cheeseman, et al. v. Microsoft Corp., C.A. No. 2:99-396*

### Southern District of West Virginia

*Harold A. Phillips v. Microsoft Corp., C.A. No. 2:99-1080*

### Eastern District of Wisconsin

*Matthew W. O'Neill v. Microsoft Corp., C.A. No. 2:99-1477*
*Robert Weinke v. Microsoft Corp., C.A. No. 2:99-1505*

# Tab B

FILED
U.S. DISTRICT COURT
E??? ??????? ??? LA.

2000 JAN 13 P 4: 32

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
McNAMARA, CHIEF JUDGE
JANUARY 13, 2000

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAY QUIGLEY, individually, and on behalf of all persons similarly situated in the United States of America and JOHN W. REDMANN, individually, and on behalf of all persons similarly situated in the United States of America | * | CIVIL ACTION |
| VERSUS | * | NO: 99-3420 |
| MICROSOFT CORPORATION | * | SECTION: "D" (3) |

Before the court is a Motion to Stay Proceedings filed by Defendant, Microsoft Corporation, ("Microsoft"). Plaintiffs have filed a memorandum in opposition. The motion, set for hearing on Wednesday, January 12, 2000, is before the court on briefs without oral argument.

Having considered the memoranda of counsel and the applicable law, the court finds that Defendant's motion has merit and should be granted.

### BACKGROUND

The instant action is one of many cases filed against

DATE OF ENTRY JAN 1 4 2000



Microsoft after findings of fact were issued in <u>United States v. Microsoft</u> on November 5, 1999.  Currently there are motions by several parties, including the Plaintiffs, pending before the Judicial Panel on Multidistrict Litigation ("JPML") for consolidation of all cases against Microsoft.

The Defendant requests that this court exercise its discretion and stay pretrial proceedings, including the time for the Defendant to answer the initial complaint, pending a determination by the JPML.  Plaintiffs oppose the motion and urge the court to continue with pretrial proceedings.

**ANALYSIS**

The JPML is established under 28 U.S.C. §1407.  The purpose of this statute is to permit the centralization in one district of all pretrial proceedings in civil actions involving one or more common questions of fact pending in different districts.[1]  Further, the statute seeks to eliminate potential conflicting rulings by coordinate district and appellate judges.[2]

A pending motion before the JPML does not affect the jurisdiction of the transferor court.[3]  However, courts have inherent power to "control the disposition of the causes on its

---

[1] <u>Matter of New York City Mun. Securities Litigation</u>, 572 F.2d 49, 51-52 (2nd Cir. 1978).

[2] <u>In re Air Crash Disaster off Long Island, N.Y on July 17, 1996</u>, 965 F. Supp. 5, 7 (S.D.N.Y. 1997).

[3] <u>In re Air Crash Disaster at Paris, France on March 3, 1974</u>, 376 F. Supp. 887, 888 (J.P.M.L. 1974).

2

docket with economy of time and effort for itself, for counsel, and for litigants."[4] The Supreme Court's statement cautioning against granting stays except in rare circumstances does not apply in this case where the cause is stayed pending the JPML decision on consolidating cases.[5]   Thus, this court has discretion in determining whether a stay is warranted in this case.

Courts consider the following factors in deciding whether a stay of the proceedings is appropriate: 1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy.[6]

First, Microsoft would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple districts.   Further, they could potentially suffer conflicting rulings by different judges in these multiple suits. These pretrial proceedings are precisely what §1407 sought to coordinate and centralize.  Second, Plaintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision.   Finally, the interests of judicial economy would best be served by granting a stay.

---

[4] Landis v. North American Co., 57 S.Ct. 163, 166 (1936).

[5] The Court refers to a stay of one case while an applicable rule of law is determined by another case. See Landis, 57 S.Ct. at 166.

[6] See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); See generally Arthur-Magna, Inc. v. Del-Val Financial Corp., 1991 WL 13725 (D.N.J. 1991); Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D. La. 1995).

3

Accordingly;

IT IS ORDERED that further proceedings in this case are STAYED pending the decision on consolidation and transfer by the JPML.

IT IS FURTHER ORDERED that Defendant Microsoft's time to file responsive pleadings under Federal Rule of Civil Procedure 12 (a) is also STAYED pending the JPML decision.

\*       \*       \*       \*

4

# Tab C



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 2 3 2003

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BIRDSONG TRACTOR AND
SUPPLY, INC., on behalf of itself
and all others similarly situated
in the State of Arkansas                                    PLAINTIFF

v.                          No. 4:03CV00474 GH

MICROSOFT CORPORATION                                   DEFENDANT

### ORDER

On May 14th, plaintiff filed this action in the White County Circuit Court alleging damages for unconscionable, false and deceptive price-fixing practices which violated the Arkansas Deceptive Trade Practices Act ("ADTPA") and for unjust enrichment by the class members who purchased and/or acquired a license for use of one or more Microsoft operating systems and/or Microsoft applications during the time period from January 1, 1995 through May 1, 2003. Defendant filed a notice of removal on June 18th on the bases of federal question jurisdiction and diversity jurisdiction.

Defendant filed a motion to dismiss on June 25th for failure to state a claim upon which relief can be granted arguing that plaintiff lacks the capacity to sue since its corporate charter was revoked on December 31, 2001; the indirect-purchaser rule bars plaintiff's claims; the Arkansas Attorney General is the only party who may recover under Arkansas law on behalf of indirect purchasers; plaintiff cannot use the ADTPA to end-run the bar against private claims seeking indirect-purchaser recovery; plaintiff has no claim under Arkansas common law; and, in the alternative, any doubts as

-1-

**26**

to the existence of a private right should be certified to the Arkansas Supreme Court. As an exhibit, defendant attached a copy of its notice of tag-along action filed with the Judicial Panel on Multidistrict Litigation ("MDL") on June 20, 2003.

That same date, plaintiff filed a motion for leave to amend complaint to eliminate any reference to federal law and disavow any claim made under the laws of the United States and to proceed solely on state law claims. It also filed a motion to remand on the ground that neither federal question nor diversity jurisdiction exist since no federal law has to be analyzed or construed in order to determine if plaintiff states a cause of action and aggregation is not permitted and the overcharge was not worth $75,000 per member of the class. The third motion plaintiff filed that date was a motion for expedited consideration of the motion to remand before a conditional order transferring the lawsuit to the pending MDL lawsuit, In re: Microsoft Corp. Windows Operating Systems Antitrust Litigation, MDL Docket NO. 1332, is rendered by the Clerk of the Judicial Panel on MDL.

On July 3rd, plaintiff filed a motion for leave to amend the complaint to add an additional named representative, Paul Peek, D.D.S. The motion states that while defendant does not consent to any substantive changes, it does consent to adding the additional representative.

Also that date, plaintiff filed a response to the motion to dismiss asserting that its motion to remand should be ruled upon prior to considering the motion to dismiss since the Court must first determine whether it has subject matter jurisdiction; that they are filing a motion to amend, with defendant's consent, to add an additional class representative; and that Arkansas has followed a line of states holding that price fixing is a deceptive trade practice and that indirect purchasers may sue for damages for price fixing.

On July 3rd, defendant filed a motion to stay pending transfer to the District of Maryland MDL arguing the traditional principles of equity and the need to preserve scarce judicial resources. It states that more than 100 antitrust actions have been brought against defendant in state and federal courts by end-users of defendant's products seeking to recover damages. Defendant relates that on April 25, 2000, the JPML designated the Hon. J. Frederick Motz for the United States District Court of Maryland as the transferee judge over federal-court actions "brought, in whole or in part, on behalf of customers of Microsoft" and "pertaining to Microsoft's alleged anticompetitive conduct in a purported market for personal computer operating systems." It continues that the JPML noted consumer actions seeking recovery for alleged overcharges for Microsoft software raise "similar questions of market definition, the existence of monopoly power, the fact and significance of Microsoft's alleged anticompetitive conduct, and the existence and scope of any antitrust injury" and found that "centralization ... will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation" and is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings" and "conserve the resources of the parties, their counsel and the judiciary" even with pending remand motions since "remand motions can be presented to and decided by the transferee judge." Defendant asserts that, in related litigation against it, numerous other courts have entered stays pending transfer by the JPML and that Judge Motz is familiar with the allegations in actions alleging consumer overcharges by presiding over discovery and related pretrial practice as well as deciding remand motions and motions to dismiss under consumer-protection laws similar to Arkansas's.

Defendant filed a response to the motion to remand on July 7th arguing that the Court should not rule on the motion to remand in view of the impending transfer to the MDL proceeding, that

federal jurisdiction exists because plaintiff's action arises under federal law, and that federal jurisdiction exists because the parties are citizens of different states and the amount in controversy requirement is satisfied.

On July 9th, plaintiff filed a response to the motion to stay action contending that the motion to remand should be decided before the motion to stay since it involves a question of state law which should be decided by an Arkansas state court since it involves an area of the law not fully developed by the Arkansas appellate court system instead of a judge in Maryland with numerous antitrust cases which will not have a precedential effect that a decision by the Arkansas Supreme Court would on the issue of price-fixing. It continues that Arkansas law is different than the claims raised in the MDL litigation so Judge Motz would have to make a determination of how the Arkansas Supreme Court would address such a claim and would likely remand the case.

Plaintiff also filed, on July 9th, a supplement to the brief in support of the response to the motion to dismiss that it appears that the 2003 General Assembly expressly precluded the Arkansas Attorney General from bringing the present lawsuit.

On July 11th, plaintiff filed a reply on the motion to remand that only state law causes of action were pled, the class is limited to Arkansans and they seek no federal remedies; that they are barred from bringing a federal antitrust action for price-fixing as indirect purchasers because of the holding in Illinois Brick Co. v. Illinois; federal antitrust law does not have to be construed or analyzed here; there is no federal action of any kind involved; and the argument of no private cause of action is not persuasive. In addition, it argues that damages of less than $75,000 are requested per class member and the proposed amended complaint has eliminated all references to federal law.

Defendant filed a reply on the motion to dismiss on July 17th that the indirect-purchaser rule bars the claims, the ADTPA does not create a private right of action for alleged antitrust violations, the 2003 amendment vests the Arkansas Attorney General with the exclusive right to recover on behalf of indirect purchasers, there is no claim for unilateral price-fixing, and plaintiff has no common-law claims.

Also on July 17th, defendant filed reply on the motion for stay citing fifteen other jurisdiction that have granted stays in similar circumstances against defendant.

On July 21st, defendant filed a supplement to its reply which advises that the MDL filed a conditional transfer order on July 21st concluding that transfer was appropriate "for the reasons stated in the order of April 25, 2000."

Even before the Court became aware of the conditional transfer order, the Court had decided defendant's motion to stay was warranted. As pointed out by defendant, the language of the April 25, 2000 order creating the MDL covers this type of lawsuit including the issue of remand. The Court's review of the orders in In re Microsoft Corp. Litigation, 241 F.Supp.2d 563 (D. Md. 2003) and In re Microsoft Corp. Litigation, 214 F.R.D. 371 (D. Md. 2003) confirms that transfer of this litigation to Judge Motz will fulfill the purpose behind MDL in judicial economy and the interest of the litigants.

Accordingly, the unopposed portion of plaintiff's July 3rd motion (#9) for leave to amend complaint to add an additional named representative, Paul Peek, D.D.S. is granted. Defendant's July 3rd motion (#12) to stay this action pending a ruling by the Multidistrict Litigation Panel is hereby granted and plaintiff's June 25th motion (#4) for expedited consideration of motion to remand has been rendered moot. In light of the July 21st conditional MDL transfer order, all action in this case

-5-

is stayed -- including that required of the parties by the June 27th initial scheduling order as well as any rulings on the June 25th motion (#2) to dismiss, the June 25th motions (#5) for leave to amend complaint and (#6) to remand, and the remaining substantive portions of the July 3rd motion (#9) for leave to amend complaint.

IT IS SO ORDERED this 23 day of July, 2003.

*George Howard, Jr.*

UNITED STATES DISTRICT JUDGE

THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP ON 7/24/03 BY _____