# Tab D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOEY BRUCE, ET AL.,                                                    PLAINTIFFS

v.                                                                     NO. 4:02CV234-P-B

MICROSOFT CORPORATION,                                                 DEFENDANT

## ORDER

Before the Court is the motion of Defendant Microsoft Corporation to stay proceedings pending transfer by the Judicial Panel on Multidistrict Litigation ("JPML"). The Plaintiff originally initiated this action in the Circuit Court of Washington County, Mississippi. Following the filing of Plaintiff's Amended Complaint, however, Defendant removed the action to this Court on September 20, 2002.

This case is one of several similar suits filed against Microsoft nationwide following the court's issuance of its findings of fact in *United States v. Microsoft Corp.*, 84 F. Supp. 2d 9 (D.D.C. 1999), *aff'd in part, rev' in part, and vacated*, 253 F.3d 34 (D.C. Cir.), *cert. denied*, 122 S. Ct. 350 (2001). On April 25, 2000, the JPML issued an order establishing an MDL in the District of Maryland, Chief Judge Frederick Motz presiding. Defendant has filed a "Notice of Potential 'Tag-Along' Actions" before the JPML in *In Re: Microsoft Corp. Windows Operating Systems Antitrust Litigation*, MDL Docket No. 1332, which lists this case as a potential "tag-along" action transferable to the MDL court pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. In its motion to stay proceedings,

Microsoft argues a stay of all proceedings in this case would conserve judicial resources and prevent inconsistent pretrial rulings. Plaintiff, on the other hand, contends that this Court lacks subject matter jurisdiction over this case, and is presumably without authority to enter the requested stay.[1]

The decision whether to grant or deny a stay is completely within the discretion of the Court. *See Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788 (E.D.La. 1995); *See e.g., Landis v. North American Co.*, 299 U.S. 248 (1936). The Court finds that because the issues involved in this case are likely to be common to other transferred cases, the policies of efficiency and consistency of pretrial rulings are furthered by a stay of the proceedings pending a decision to transfer this case by the JPML. The transferee judge certainly has the power to determine the question of remand, and if the remand issues are common to other transferred cases, decisions by the transferee judge would avoid "duplicative discovery and conflicting pretrial rulings." *Calvin Boudreaux*, 1995 WL 83788, *2 (quoting *In Re Air Crash Disaster at Florida*, 3688 F. Supp. 812, 813 (J.P.M.L. 1973). Furthermore, it is the opinion of the Court that Plaintiff will not be prejudiced by this temporary stay as any prejudice resulting from this short delay is clearly outweighed by the benefit of judicial efficiency and avoidance of inconsistent rulings. Therefore, it is

ORDERED:

---

[1] At the time of the filing of Microsoft's motion to stay proceedings, Plaintiff had not moved to have this case remanded to state court. However, Plaintiff has since filed a motion to remand wherein he essentially argues, as he does in opposition to the instant motion, that this Court lacks jurisdiction over this case because Plaintiff seeks damages in an amount less than the requisite amount in controversy.

That all proceedings in this case are hereby STAYED pending transfer of the case by the MDL panel to the District of Maryland.

THIS, the 24th day of October, 2002.

UNITED STATES MAGISTRATE JUDGE

3

# Tab E

LODGED

2002 APR 15 PM 3:37

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

FILED
CLERK, U.S. DISTRICT COURT

MAY 20 2002

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRADEEP SUJAN, individually and on behalf of all other similarly situated,<br><br>                                   Plaintiffs,<br><br>       v.<br><br>MICROSOFT CORPORATION; and DOES 1 through 50, inclusive,<br><br>                                   Defendants. | Case No.: CV 02-2827 ~~DT~~ (FMOx)<br><br>[~~PROPOSED~~] ORDER GRANTING DEFENDANT MICROSOFT CORPORATION'S MOTION TO STAY<br><br>~~The Honorable Dickran Tevrizian~~ |

   **IT IS HEREBY ORDERED** that the Motion to Stay All Proceedings is Granted, and this action is stayed pending the MDL panel's decision whether to transfer this action to the United States District Court for the District of Maryland (Chief Judge J. Frederick Motz, presiding), for consolidated proceedings pursuant to 28 U.S.C. § 1407.

   DATED: MAY 20 2002

                                   MANUEL L. REAL
                                   _____
                                   UNITED STATES DISTRICT JUDGE

# Tab F

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 DEC -5  PM 4: 57

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
McNAMARA, J.
DECEMBER 5, 2001

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUTOMATIK DESIGN, INC., ET AL | * | CIVIL ACTION |
| VERSUS | * | NO: 01-3454 |
| MICROSOFT CORPORATION | * | SECTION: "D"(2) |

Before the court is the "Motion to Stay All Proceedings Pending Transfer Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation" filed by Defendant, Microsoft Corporation. Plaintiff, Automatik Design, Inc. filed a memorandum in opposition.[1] The motion, set for hearing on Wednesday, December 12, 2001, is before the court on briefs, without oral argument.

Having reviewed the memoranda of counsel and the applicable law, the court finds that all proceedings in this matter, including Microsoft's time to answer or otherwise respond to the Complaint, should be stayed, until such time as the clerk of the Judicial Panel on Multidistrict Litigation has the opportunity to issue a

---

[1] Plaintiff's opposition is incorporated into its Memorandum in Support of its Motion to Remand, which was noticed for hearing on December 26, 2001.

DATE OF ENTRY
DEC - 6 2001

Fee
Process
X Dktd
OtRmDep
Doc.No.

Conditional Transfer Order, transferring this matter to the consolidated actions entitled *In re: Microsoft Corp. Antitrust Litigation*, No. MDL-1332, United States District Court, District of Maryland.

This court has already stayed four other related actions which have now been transferred to the MDL Court. *Jay S. Quigley, et al v. Microsoft Corp*, No. 99-3420; *Cynthia M. Aikens, et al v. Microsoft Corp*, No. 00-0242; *Clair Falgoust, et al v. Microsoft Corp*, No. 00-0779; and *Bryan Manson, et al v. Microsoft Corp*, No. 00-1585. The reasons given for staying those cases are equally applicable here. (See Minute Entries, attached as Defendant's Exhibit B, *in globo*).

Finally, the court notes that Plaintiff in this matter has filed a Motion to Remand that was noticed for hearing on December 26, 2001. However, that motion (which is now stayed before this court) can be presented to and decided by the transferee judge.

Accordingly;

IT IS ORDERED that Defendant Microsoft's "Motion to Stay All Proceedings Pending Transfer Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation" be and is hereby GRANTED.

* * * * * *

2

# Tab G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

**Eastern District of Kentucky**
**FILED**

APR 17 2000

AT COVINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 00-35

JAMES R. STRICKLEY                                    PLAINTIFF

VS.                                    ORDER

MICROSOFT CORPORATION                                    DEFENDANT

This matter is before the court on the notice of plaintiff of its withdrawal of opposition (Doc. #19) to defendant's motion to stay this matter pending the ruling by the MultiDistrict Litigation panel in this matter (Doc. #2), and the court being advised,

IT IS ORDERED that the motion of defendant to stay be, and it is, hereby granted, and this matter is hereby stayed pending further order of this court.   The parties shall file a status report herein by JULY 17, 2000.

IT IS FURTHER ORDERED that the pending motions of plaintiff to remand (Doc. #7), and motions of defendant to extend time to move or otherwise plead (Doc. #11), to dismiss (Doc. #14-1), and for oral argument (Doc. #14-2) be, and they are, hereby denied without prejudice to the right to refile after the ruling by the MultiDistrict Litigation panel.

This _17th_ day of April, 2000.

William C. Bertelsman
WILLIAM O. BERTELSMAN, JUDGE

# Tab H

Richard D. Catenacci, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
RC 7814
Attorneys for Defendant,
    Microsoft Corporation

**FILED**

FEB 28 2000

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**ENTERED**

ON
THE DOCKET

FEB 29 2000

WILLIAM T. WALSH, CLERK
By _____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM BRAND PRYOR, on behalf
of himself and all others
similarly situated,

        Plaintiffs,

v.

MICROSOFT CORPORATION,

        Defendant.

Civil Action No. 00-165
(WGB)

ORDER STAYING ALL PROCEEDINGS
PENDING A DECISION TO TRANSFER
BY THE PANEL ON MULTI-DISTRICT
LITIGATION

    This matter having come before the Court upon Defendant's
Notice of Motion to Stay All Proceedings Pending a Decision to
Transfer by the Panel on Multi-District Litigation, and the
Court having considered the submitted papers; and the arguments
of counsel; and for good cause shown;

    IT IS on this the 28 day of February , 2000, hereby

    ORDERED that the defendant's motion is granted and that all
further proceedings in the above-captioned litigation are stayed
pending a ruling by the Panel on Multi-District Litigation on a
motion to transfer this action pursuant to 28 U.S.C. § 1407.

                           _____
                                U.S.D.J.

1028395-01

# Tab I

Copy mailed to Attorneys for
parties by the court pursuant
to rule 77(d) Federal rules of
civil procedure. 2-22-00

# CIRCULATE AND PUBLISH
## COPY

U.S. DISTRICT COURT EAST. DIST. WI
**FILED**

FEB 1 8 2000

o'clock
SOFRON B. NEDILSKY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WISCONSIN

Distribution:
__Stadtmueller
__Randa
__Clevert
__Adelman
__Gordon
__Curran
__Goodstein
__Gorence
__Callahan
__Library
__Published

ROBERT WEINKE,
individually and on behalf of
all others similarly situated,

      Plaintiff,

      v.

MICROSOFT CORPORATION,

      Defendant.

Civil Action No. 99-C-1505

---

### ORDER DATED Feb 18, 2000
### GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS and
### DENYING PLAINTIFF'S MOTION TO REMAND

---

On December 20, 1999, plaintiff Robert Weinke ("Weinke") filed this class action complaint in Milwaukee County Circuit Court, alleging that defendant Microsoft Corporation ("Microsoft") has engaged in various monopolistic activities. Microsoft timely removed the action to this court, alleging that this court has jurisdiction over this action based on 28 U.S.C. § 1332, because there is diversity of citizenship and the amount in controversy exceeds $75,000.

Microsoft has filed a motion to stay these proceedings, pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") as to whether this action will be transferred to a district along with similar civil actions for pretrial proceedings. Weinke has filed a motion to remand this action to state court, arguing that this court

AO 72A
(Rev.8/82)

does not have subject matter jurisdiction because Microsoft cannot establish that the amount-in-controversy element of diversity jurisdiction has been met.

Microsoft's counsel has represented that more than fifty similar class actions have been commenced against Microsoft around the country, and that as of February 2, 2000, remand motions are pending in eighteen of those actions. (Def.'s Feb. 2, 2000 Br. at 1-2.)

Weinke cites no controlling authority which would divest this court of its discretion to stay this action under the present circumstances. Weinke states in conclusory fashion that if this action is not remanded, the action will be "tied up indefinitely" and subjected to "prolonged delay and greater geographic disruption" in MDL proceedings (assuming the MDL Panel orders a transfer), and that a stay would "perpetuate the prejudice to the plaintiff." (Pl.'s Jan. 19, 2000 Br. at 3, 11, 16.) These cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues. The court concludes that in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results.

## CONCLUSION

Defendant Microsoft Corporation's motion to stay all proceedings in this action is GRANTED.

All proceedings in this action, including ruling on plaintiff Robert Weinke's motion to remand, are STAYED pending a determination by the Judicial Panel on

2

Multidistrict Litigation as to whether this action should be transferred pursuant to 28 U.S.C. § 1407.

SO ORDERED this __/8__ day of February, 2000.

John W. Reynolds
United States District Judge

3

AO 72A
(Rev.8/82)

# Tab J

FILED

00 FEB -4 PM 3:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CLAY TYLER and PETER HAKLAR, on ) Civil No. 99-CV-2602-L(LSP)
behalf of themselves and all )
others similarly situated, ) ORDER GRANTING MOTION TO STAY
) [doc. #3]
                    Plaintiffs, )
                                 )
v.                               )
                                 )
MICROSOFT CORPORATION, et al.,   )
                                 )
                    Defendants.  )
_____)

Currently pending before the Judicial Panel on Multidistrict Litigation ("MDL Panel") in In re Microsoft Corp. Windows Operating Systems Antitrust Litigation, MDL Docket No. 1332, are motions to transfer actions to a single federal district court for all pretrial proceedings pursuant to 28 U.S.C. § 1407, including the present case. Defendant Microsoft Corporation ("Microsoft") moves to stay this action pending the MDL Panel's decision concerning whether to transfer this action.

Having reviewed the matters presented including the motion, opposition, reply, and exhibits attached thereto, the Court finds that a brief stay is appropriate in the interest of judicial

99CV260

14

1  economy and efficiency pending a transfer determination by the MDL

2  Panel.  Any prejudice to plaintiff is insignificant, and will

3  result in no hardship or inequity.  Judicial resources will be

4  preserved by avoiding duplicative litigation if the action is

5  transferred by the MDL Panel.

6      Accordingly, this action is stayed pending determination of

7  the transfer motion before the MDL Panel.  The parties shall give

8  written notice to the Court within five (5) days of the decision of

9  the MDL Panel.

10      IT IS SO ORDERED.

11

12  Dated: _2/4/2000_                    _____
                                        M. JAMES LORENZ
13                                      UNITED STATES DISTRICT JUDGE

14  COPY TO:

15  HON. LEO S. PAPAS
    UNITED STATES MAGISTRATE JUDGE

16
    Gerald L. McMahon
17  Vera P. Pardee
    Daniel E. Eaton
18  Seltzer Caplan Wilkins & McMahon
    750 B Street, 2100 Symphony Towers
19  San Diego, CA 92101-8177

20  Donald F. Mildre
    Thomas D. Haklar
21  Peggy J. Reali
    McCall B. Kuhne
22  Dougherty, Mildre, Dudek & Haklar
    2550 Fifth Avenue, Ste. 600
23  San Diego, CA 92103

24  Stanley Chesley
    Robert A. Steinberg
25  Robert Heuck, II
    Waite, Schneider, Bayless & Chesley
26  1513 Fourth & Vine
    One West Fourth Street
27  Cincinnati, OH 45202

28

                            2

                                                    JJCV260

# Tab K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 99-3301-CIV-JORDAN
MAGISTRATE JUDGE BANDSTRA

TO THE RESCUE COMPREHENSIVE          )
COMPUTER SERVICES, on behalf of itself )
and all others similarly situated,          )
                                        )
              Plaintiffs,               )
                                        )
v.                                      )
                                        )
MICROSOFT CORPORATION,                  )
                                        )
              Defendant.                )
                                        )

FILED by _____ D.C.

JAN - 4 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

---

### STIPULATION AND ORDER OF STAY

THIS CAUSE came before this Court on (1) Defendant Microsoft Corporation's Motion

to Stay All Proceedings Until the MDL Panel Rules on Motions to Transfer This and Other

Actions Pursuant to 28 U.S.C. §1407 and Supporting Memorandum of Law; (2) Defendant

Microsoft Corporation's Agreed Motion to Enter the Stipulated To Order Staying the Proceeding

Until the MDL Panel Rules on Motions to Transfer This and Other Actions Pursuant to U.S.C. §

1407; and (3) the Parties' Stipulation set forth below.  The Court being fully advised in the

premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.      All proceedings in this action (including defendant's time to answer or otherwise

respond to the Complaint pursuant to Rule 12) are stayed until the MDL Panel rules on motions

to transfer pursuant to 28 U.S.C. § 1407 or upon further order of this Court.

Stipulated to on behalf of plaintiffs:

D. Michael Campbell
Campbell & Associates
6100 S.W. 76th Street
Miami, FL 33143

Stipulated to on behalf of defendant:

RICHARD G. GARRETT
Florida Bar No. 0268161
HILARIE BASS
Florida Bar No. 334243
DAVID A. COULSON
Florida Bar No. 176222
BARBARA LAGOA
Florida Bar No. 966990
GREENBERG TRAURIG
1221 Brickell Avenue
Miami, Florida 33131
(305) 579-0500
(305) 579-0717 (Facsimile)

Copies furnished to:
Richard G. Garrett, Esq.
D. Michael Campbell, Esq.
David B. Tulchin, Esq.
Charles B. Casper, Esq.
Steve W. Berman, Esq.
Steven J. Aeschbacher, Esq.

DONE AND ORDERED, this day of
4th day of January, 2000.

UNITED STATES DISTRICT JUDGE

# Tab L

Westlaw.

1995 WL 83788
1995 WL 83788 (E.D.La.)
(Cite as: 1995 WL 83788 (E.D.La.))

Page 1

c

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana

CALVIN BOUDREAUX, et al.
v.
METROPOLITAN LIFE INS. CO., et al.

Civ. A. No. 95-138.

Feb. 24, 1995.

*ORDER GRANTING MOTION FOR A STAY*

VANCE, District Judge.

*1 This matter is before the Court on a motion by defendant Metropolitan Life Insurance Company ("Metropolitan") to stay the proceedings in this Court during the pendency of a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. Alternatively, Metropolitan seeks to continue the hearing on plaintiffs' motion to remand, which is presently scheduled for March 8, 1995. In connection with the requested continuance, Metropolitan seeks leave of court to conduct discovery on the issue of the subject matter jurisdiction of this Court and to propound in excess of twenty-five interrogatories. Because the Court finds that a stay of proceedings is appropriate, it does not reach defendant's alternative requests.

I. BACKGROUND

Plaintiffs are residents of Louisiana who filed a class action petition against Metropolitan, a New York corporation, and Dr. Samuel Logan, a resident of Louisiana, in state court on November 23, 1994. Plaintiffs are employees of Johns Manville Corporation at its Marrero, Louisiana plant, family members of such employees, or persons who lived in the vicinity of the Marrero plant in Marrero. Johns Manville's Marrero plant manufactures asbestos cement products, including pipe, building products and roofing materials. Plaintiffs allege injury from exposure to asbestos fibers as well as intentional concealment of the hazardous nature of asbestos

fibers.

Defendant removed the case, asserting that this Court has diversity jurisdiction over the action because plaintiffs fraudulently joined Dr. Logan, the non-diverse defendant, and because plaintiffs seek damages of greater than $50,000. Plaintiffs filed a motion to remand the action to state court on January 24, 1995. On January 25, 1995, Metropolitan requested that the Judicial Panel on Multidistrict Litigation ("the Panel") transfer the case to the Eastern District of Pennsylvania, where multidistrict litigation is pending. A conditional transfer order was issued by the Panel on February 2, 1995.

Metropolitan now seeks a stay of the proceedings in this Court during the pendency of the Panel's conditional transfer order. Metropolitan asserts that the Pennsylvania district court has authority to rule on plaintiffs' motion to remand and, in fact, should decide the motion because similar issues could arise in other transferred cases. Alternatively, Metropolitan seeks to continue the hearing on the motion to remand presently scheduled for March 8, 1995 to permit discovery on the issues of fraudulent joinder of Dr. Logan and the amount in controversy as to all plaintiffs.

II. ANALYSIS

a. Stay of proceedings

The pendency of the transfer order does not in any way defeat or limit the authority of this Court to rule upon matters properly presented to it for decision. *In re Air Crash at Paris, France,* 376 F.Supp. 887 (JPML 1974). The decision whether to stay proceedings is discretionary, and the exercise of discretion is guided by the policies of justice and efficiency. *Id.; In re Ivy,* 901 F.2d 7, 9 (2d Cir.1990). *See also* H.R.Rep. No. 1130, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.Code Cong. & Admin. News 1898, 1900 ("It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained.").

*2 In this case, judicial economy would be served by a stay pending the transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the Eastern

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1995 WL 83788
1995 WL 83788 (E.D.La.)
(Cite as: 1995 WL 83788 (E.D.La.))

District of Pennsylvania. *In re Ivy,* 901 F.2d at 9. The transferee judge "certainly has the power to determine the question of remand," and if the remand issues are common to many of the asbestos cases, decision by the transferee judge would avoid "duplicative discovery and conflicting pretrial rulings." *In re Air Crash Disaster at Florida,* 368 F.Supp. 812, 813 (JPML 1973).

In this case, Metropolitan challenges the joinder of the nondiverse defendant on the basis of prescription. Metropolitan claims that plaintiffs had knowledge of their claims against Dr. Logan prior to one year before filing this action so that there is no possibility that these plaintiffs could assert a timely claim against him. Issues of prescription are common in products liability cases such as this asbestos case. Since the physical effects of asbestos exposure can take years to manifest themselves, the threshold issue of timeliness arises frequently. *See Trizec Properties v. U.S. Mineral Products Co.,* 974 F.2d 602 (5th Cir.1992); George R. Murphy, *Asbestosis Litigation: Prescription, Contribution, Exposure, Insurance, and the Public Interest,* 54 La.L.Rev. 467 (1993).

Because the issue involved in this remand motion is likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the conditional transfer order. The Pennsylvania district court should determine the timeliness of claims for injury from exposure to asbestos, regardless of whether the issue arises on a motion to remand [FN1] or on the merits of the claim. Accordingly,

IT IS ORDERED that the motion to stay proceedings is GRANTED.

> FN1. The timeliness of plaintiffs' claims against Dr. Logan is a factor in determining fraudulent joinder because a defendant claiming fraudulent joinder must show that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812 (5th Cir.1993). Proof that plaintiffs' claims against Dr. Logan have prescribed is one method of establishing their inability to state a claim against him.

1995 WL 83788 (E.D.La.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# Tab M

## Westlaw.

Not Reported in F.Supp.
1991 WL 13726 (D.N.J.)
(Cite as: 1991 WL 13726 (D.N.J.))

Page 1

**C**
Only the Westlaw citation is currently available.

United States District Court, D. New Jersey.

Frances EGON, et al., Plaintiffs,
v.
DEL-VAL FINANCIAL CORPORATION, et al.,
Defendants.

Civ. A. No. 90-4338.

Feb. 1, 1991.

Christine D. Petruzzell, Wilentz, Goldman & Spitzer, Woodbridge, N.J., and Perry Goldberg, Specks & Goldberg, Chicago, Ill. and Robert A. Skirnick, Wechsler, Skirnick, Harwood, Halebian & Feffer, New York City, and Gary Specks, Altheimer & Gray, Chicago, Ill. and Bruce Gerstein, Garwin, Bronzaft, Gerstein & Fisher, New York City, for plaintiffs.

Arnold L. Natali, Jr., McCarter & English, Newark, N.J., for defendant Del-Val Financial Corporation.

### OPINION

WOLIN, District Judge.

*1 Before the Court is a motion by defendants to temporarily stay all litigation pending resolution by the Judicial Panel on Multidistrict Litigation ("Jud. Panel Multidist. Lit.") of defendants' motion, pursuant to 28 U.S.C. § 1407, for multidistrict consolidation. For the following reasons, the Court will exercise its discretion in granting the motion.

On December 14, 1990 a motion was filed with the Panel by certain of the defendants seeking transfer of the actions to the Southern District of New York for consolidation of pretrial proceedings pursuant to 28 U.S.C. § 1407.

The power to stay proceedings is discretionary. The Supreme Court has described the power to stay proceedings as "incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication."

Gold v. Johns Manville Sales Corp., 723 F.2d 1068, 1077 (3rd Cir.1983) (citing Landis v. North America Co., 299 U.S. 248, 254- 255 (1936). The Third Circuit has adhered to the standard that petitioner must "demonstrate a 'clear case of hardship or inequity' if there is even a 'fair possibility' that the stay would work damage on another party." Id. at 1076 (citing Landis, 299 U.S. at 255).

Plaintiffs have themselves admitted that it is not likely that much pretrial discovery will take place between the date of this order and the issuance of the Panel's order on defendants' motion for consolidation. In spite of this admission, plaintiffs have asserted that a temporary stay will constitute a prejudicial delay.

The Court finds that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay. Section 1407 of 28 U.S.C. exists for the express purpose of coordination of pretrial proceedings. See 28 U.S.C. § 1407. The actions before this Court are two of ten actions currently pending in United States District Courts for the District of New Jersey, Southern District of New York, and District of Delaware. The Court notes that the parties and issues of fact are common in all of the actions and that if separate discovery were to go forward, much work would be duplicated.

Plaintiffs argue that Rule 18 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation precludes the grant of a stay. Rule 18 provides as follows:

The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the panel concerning transfer or remand of an action pursuant to 28 U.S.C. 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

R.P.Jud.Panel Multidist. Lit. 18. Plaintiffs assert that the Rule mandates that the district court retain jurisdiction of pretrial proceedings during the pendency of a transfer motion before the Panel. The Court finds, however, that Rule 18 of Procedure merely allows a transferee court to retain jurisdiction

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1991 WL 13726 (D.N.J.)
(Cite as: 1991 WL 13726 (D.N.J.))

over pretrial proceedings during the pendency of a motion before the Panel if it judges it fair to all of the parties involved to do so.   For the reasons cited above, the Court does not find that the balance of hardship weighs in favor of plaintiffs.

*2 Plaintiffs also argue that there is a good chance that the parties will coordinate pretrial discovery. This is outside of the Court's calculation. The Court is to examine the likelihood of duplicative discovery in the event that the parties are free to engage in any discovery practices.

For these reasons, the Court will stay its participation in this litigation.

An appropriate order is attached.

### ORDER

For the reasons expressed in the Court's Opinion filed herewith,

It is on this 1st day of February, 1991,

ORDERED that defendant's motion to stay this action pending resolution of defendant's motion for consolidation is granted;  and it is further

ORDERED that the parties shall immediately inform the Court of the Multi-District Litigation Panel's decision and the stay shall be lifted.

1991 WL 13726 (D.N.J.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# Tab N

Westlaw.

1995 WL 783610
1995 WL 783610 (D.Minn.)
(Cite as: 1995 WL 783610 (D.Minn.))

P
Only the Westlaw citation is currently available.

United States District Court, D. Minnesota, Third
Division.

PEPSI-COLA BOTTLING COMPANY OF OLEAN,
Plaintiff,
v.
CARGILL, INC., Archer-Daniels-Midland Co., CPC
International, Inc., and A.E.
Staley Manufacturing Company, Defendants.

Civ. No. 3-95-784.

Oct. 20, 1995.

ORDER and REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

I. Introduction

*1 This matter came before the undersigned United
States Magistrate Judge pursuant to a special
assignment, made in accordance with the provisions
of Title 28 U.S.C. § 636(b)(1)(A) and (B), upon the
Plaintiff's Motion for an Order for the preservation of
evidence, and upon the Defendants' Motion to stay
consideration of the Plaintiff's Motion for Class
Certification.

A Hearing on the Motions was conducted on
October 19, 1995, at which time the Plaintiff
appeared by Samuel D. Heins and Stacey L. Mills,
Esqs.; the Defendant Cargill, Inc., appeared by
Edward J. Pluimer, Esq.; the Defendant Archer-
Daniels-Midland Company appeared by John D.
French, Esq.; the Defendant CPC International, Inc.,
appeared by Richard G. Braman, Esq.; and the
Defendant A.E. Staley Manufacturing Company
appeared by Robert L. DeMay, Esq.

For reasons which follow, we deny the Motion for an
Order preserving evidence, and we recommend that
the Motion to stay consideration of the Plaintiff's
Motion for Class Certification be granted. [FN1]

II. Factual and Procedural Background

This class action was commenced on August 18,
1995, seeking treble damages and injunctive relief,
under the antitrust laws of the United States, for an
asserted conspiracy by the Defendants to fix the price
of high fructose corn syrup ("HFCS"). See, Title 15
U.S.C. § § 1, 15 and 26. Similar causes of action
involving HFCS, Lysine or Citric Acid -- each of
which is utilized in the manufacture of consumable
goods -- have been filed in other jurisdictions. The
plaintiffs in these multidistrict actions, including the
Plaintiff here, have filed a Motion to Consolidate
those proceedings, which is presently before the
Judicial Panel on Multidistrict Litigation ("JPML"),
and which is to be heard on November 17, 1995. See,
Title 28 U.S.C. § 1407. The proponents of the
consolidation, including this Plaintiff, urge that the
actions be combined for, among other reasons, the
following:

Preventing inconsistent pretrial rulings --
particularly with respect to discovery and class
certification -- is another concern warranting §
1407 transfer. See, e.g., In re Rio Hair Naturalizer
Products Liability Litigation, 1995 WL 406166
(J.P.M.L. 1995) (potential for inconsistent pretrial
rulings necessitates centralization under § 1407,
especially with respect to class certification); In re
Temporomandibular Joint (TMJ) Implants
Products Liability Litigation, 844 F. Supp. 1553
(J.P.M.L. 1994) (same). Indeed, the Panel has
expressly recognized that, "[i]t is in the field of
class action determinations in related multidistrict
civil actions that the potential for conflicting,
disorderly, chaotic judicial action is the greatest".
In re Plumbing Fixture Cases, 298 F. Supp. 484,
493 (J.P.M.L. 1968). Consistent class certification
determinations would be particularly important
here.

Exhibit A, Affidavit of John D. French, entitled
"Memorandum of Law in Support of Joint Motion of
Plaintiffs in Twelve of Fifteen Pending Federal
Antitrust Class Actions Involving Corn Sweeteners,
Lysine and Citric Acid for Coordination or
Consolidation of Such Actions in One District," at
pages 10-11.

*2 Notwithstanding its espousal of these
considerations, on September 11, 1995, shortly after
this action was commenced, the Plaintiff filed its

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1995 WL 783610
1995 WL 783610 (D.Minn.)
(Cite as: 1995 WL 783610 (D.Minn.))

Motion for Class Certification, taking its lead from Rule 23(c), Federal Rules of Civil Procedure, that, "as soon as practicable after the commencement of an action brought as a class action, the court should determine * * * whether it is to be so maintained." [FN2] A Hearing on that Motion is presently scheduled before the District Court, the Honorable Michael J. Davis presiding, for a Hearing on November 15, 1995.

In addition to the class certification Motion, on September 20, 1995, the Plaintiff filed its Motion for the preservation of evidence. In this Motion, the Plaintiff expresses its concern that, without a Preservation Order, there can be no guarantee that the Defendants will maintain the evidence that is relevant to the Plaintiff's claims, particularly while the management of certain of the Defendants is experiencing some reorganization. In particular, the Plaintiff argues as follows:

Document preservation orders are "common in complex litigations." HJB, Inc. v. American Home Prods. Corp., 1994 WL 31005 (N.D. Ill. February 1, 1994). The Manual for Complex Litigation, Second (MCL 2d) § 21.442 advises that, "before commencement of discovery ... an order should be entered providing for the preservation and non-destruction of records that may be related even remotely to the litigation."

The Defendants oppose this Motion on two grounds: 1) the Court should defer a ruling on this issue until the JPML has ruled on the Motion to Consolidate the various multidistrict actions; and, 2) the Court should adhere to the reasoning and result of its resolution of the same issue in In re Potash Antitrust Litigation, Civ. No. 3-93-197, M.D.L. Docket No. 981, slip op. at 18 (D. Minn. December 5, 1994).

Lastly, the Defendants have filed a Motion to stay the District Court's consideration of the Plaintiff's Motion for Class Certification. As to this Motion, the Defendants join in the Plaintiff's observation, as expressed to the JPML in support of the Motion to Consolidate, that the preferred course would be to allow a consolidation before the respective District Court's rule, perhaps conflictingly, on paralleling certification Motions. In this respect, the Defendants note that the District Court for the Northern District of Alabama, the Honorable Sharon Lovelace Blackburn presiding, has declined to rule on a similar certification Motion pending the determination of the JPML on the Motion to Consolidate. In turn, the Plaintiff underscores the directive of Rule 26(c) that such certification Motions be determined "as soon as

practicable." Alternatively, however, the Plaintiff urges that, if a stay is entered, then the Court should schedule a renoticing of the Motion within 30 days after the JPML issues an Order which transfers the consolidated cases to this District.

III. Discussion
A. The Motion for Preservation of Evidence.

*3 As the Defendants have correctly noted, this Court rejected a similar Motion to preserve evidence in the Potash case. There, as here, the plaintiffs relied upon the command of the Manual for Complex Litigation, Second, Section 41.34, that a Preservation Order should issue in complex pieces of litigation, as well as the Court's observation in HBJ, Inc. v. American Home Products Corp., supra, that such Orders are "common in complex litigation." We concluded, however, that such an Order, being in the nature of an injunctive remedy, should only issue upon an adequate showing that equitable relief was warranted. See, Humble Oil & Refining Co. v. Harang, 262 F. Supp. 39, 42 (E.D. La. 1966)(concluding that a Preservation Order is, in reality, a form of Restraining Order); Cunningham v. Bower, 1989 WL 35993 (D. Kan. 1989)(same).

In Potash, as here, the plaintiffs did not present the Court with any reliable showing that an irreparable injury could reasonably be expected to ensue if an injunctive Order did not issue. We went on to hold:
[W]e seriously doubt that the issuance of the Order that the Plaintiffs request will add a more compelling deterrence to the fraudulent or intentional destruction of documents than is presented by the "spoliation of evidence" and related doctrines. See, Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 267 (8th Cir. 1993); SDI Operating Partnership, L.P. v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992); Scout v. City of Gordon, 849 F. Supp. 687, 690-91 (D. Neb. 1994); Capellupo v. FMC Corp., 126 F.R.D. 545, 551 (D. Minn. 1989). Given the parties' attention to this issue, the Plaintiffs' interest in Court-compelled preservation, and the Defendants' acknowledgement of their obligation to preserve relevant documents — without the necessity of a Court Order — we are satisfied that the parties are fully aware of the dire consequences that may befall a "litigant who is on notice that documents and information in its possession are relevant to litigation, * * * or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information." Wm. T. Thompson Co. v. General Nutrition Corp., 593 F.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Supp. 1443, 1455 (C.D. Cal. 1984). To further
embellish the grave importance of document
preservation, through an administratively
demanding mechanism, seems inordinate, at best.

*In re Potash Antitrust Litigation*, supra at 20-21.

The very same may be said here. Indeed, the only
substantive difference between the authorities that the
parties relied upon in *Potash*, and those presented to
the Court here, is the revision of the *Manual for
Complex Litigation, Third*, which no longer may be
said to be categorical in its endorsement of
Preservation Orders. In this respect, Section 21.442
of the Manual's Third Edition now reads as follows:

Before the commencement of discovery -- and
perhaps before the initial conference -- the court
should consider whether to enter an order requiring
the parties to preserve and retain documents, files,
and records that may be relevant to the litigation.

*4 We think that this revision comports with our
analysis in *Potash* that a Preservation Order is
warranted only upon a showing that one is "needed."
*Id.* Section 21.442, at p. 75 ("* * * judge should
discuss with counsel at the first opportunity the need
for a preservation order and, if one is needed, what
terms will best serve the purposes of preserving
relevant matter without imposing undue burdens.").
No showing of need has been made here and,
accordingly, the Motion for a Preservation Order is
denied, but without prejudice to its renewal should
circumstances so warrant. [FN3]

**B. *The Motion to Stay Consideration of Class
Certification Motion.***

Given the parties' accord, that a consolidation of
multidistrict proceedings has the laudable purpose of
avoiding the entry of conflicting class certification
Orders in the underlying, separate actions, we find
little that weighs in favor of denying the Defendants'
Motion to Stay. We are mindful of the Plaintiff's
legitimate concern that a failure on its part to timely
move for class certification may reflect upon its
adequacy to represent the class, but the Plaintiff here
risks no such disparagement in light of the timeliness
of its class certification Motion. See, *Manual for
Complex Litigation, Third Edition*, Section 30.11 at
p. 213 (failure to timely move for certification "may
be relevant to the determination of adequacy of
representation under Rule 23(a)(4)."), citing
*McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d
554 (5th Cir. 1981), and *Castro v. Beecher*, 459 F.2d
725 (1st Cir. 1972).

Nor do we overlook the clear intendment of Rule
23(c), that a determination of the propriety of a class
action be rendered "as soon as practicable," for we
recognize the desirability of resolving the class-
related issues, albeit upon an adequate record, on a
prompt and informed basis. [FN4] Although we
expressly do not reach the merits of the Plaintiff's
Motion to Certify, we do have substantial concern
that, by virtue of paralleling claims which involve
similar -- though not necessarily identical interests --
any effort to now define an appropriate class will be
premature. The uncertainties attendant to the Motion
to Consolidate favor a deferral of the class
certification issue until the full dimension of the
issues, the defending interests, and the complexion of
the putative class and its representatives, can be
meaningfully ascertained. [FN5] Such a deferral is
consistent with the clear weight of the authorities that
the parties have drawn to our attention. See, e.g., *In
re Rio Hair Naturalizer Products Liability Litigation*,
1995 WL 406166 at *1 (J.P.M.L. June 28,
1995)("Centralization under Section 1407 is
necessary in order to * * * prevent inconsistent
rulings (especially with respect to overlapping class
certification requests * * *)."); *In re Temporo-
mandibular Joint Implant Litigation*, 844 F. Supp.
1553, 1554 (J.P.M.L. 1994)(same); *In re Cement and
Concrete Antitrust Litigation*, 437 F. Supp. 750, 752
(J.P.M.L. 1977)("transfer to single district is
desirable in order to avoid the possibility of
inconsistent class determinations"); *In re Sugar
Industry Antitrust Litigation*, 395 F. Supp. 1271,
1273 (J.P.M.L. 1975)("We have consistently held
that transfer of actions under Section 1407 is
appropriate, if not necessary, where the possibility of
inconsistent class determinations exists.").

*5 We, therefore, recommend that the consideration
of the Plaintiff's Motion for Class Certification be
deferred until the JPML determines whether the
multidistrict actions, which parallel the Plaintiff's
claim, will be consolidated. Consistent with the
Plaintiff's promotion of an expeditious consideration
of its certification Motion and our obligation to
exercise close judicial oversight, particularly with
regard to these types of litigation, we further
recommend that the District Court direct the parties
to jointly notify this Court of the JPML's resolution
of the pending Motion to Consolidate in order that an
initial pretrial conference may be conducted, as
circumstances should require. Of course, during the
pendency of the Motion to Consolidate, the parties
remain at liberty to draw our attention to any
pertinent pretrial matters.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1995 WL 783610                                                    Page 4
1995 WL 783610 (D.Minn.)
(Cite as: 1995 WL 783610 (D.Minn.))


NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion for Preservation of
Evidence [Docket Nos. 9 and 19] is DENIED.

AND, It is --

RECOMMENDED:

1. That the Defendant's Motion to Stay
Consideration of Plaintiff's Motion for Class
Certification [Docket No. 25] be granted.

2. That the parties be directed to inform the Court,
forthwith, of the JPML's determination on the
pending Motion to Consolidate this proceeding with
any paralleling multidistrict actions, in order that the
Magistrate Judge, to whom this matter has been
referred for pretrial processing, can schedule and
conduct an initial pretrial conference if cause exists
to do so.

NOTICE

Pursuant to Rule 6(e), Federal Rules of Civil
Procedure, D. Minn. LR1.1(f), and D. Minn.
LR72.1(c)(2), any party may object to this Report
and Recommendation by filing with the Clerk of
Court, and by serving upon all parties by no later than
November 2, 1995, a writing which specifically
identifies those portions of the Report to which
objections are made and the bases of those
objections. Failure to comply with this procedure
shall operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.

If the consideration of the objections requires a
review of a transcript of a Hearing, then the party
making the objections shall timely order and file a
complete transcript of that Hearing by no later than
November 2, 1995, unless all interested parties
stipulate that the District Court is not required by
Title 28 U.S.C. § 636 to review the transcript in order
to resolve all of the objections made.

FN1. Although the scheduling of pretrial
proceedings falls within our non-dispositive
jurisdiction, in deference to the District
Court, before whom the Motion for Class
Certification is pending, we express our
ruling on the Defendants' Motion to Stay in

the form of a Report and Recommendation.
By doing so, we expressly recognize that the
management of the District Court's calendar
is uniquely reserved to the discretion of that
Court while, at the same time, assuring the
parties that our recommended disposition of
the Motion is subject to *de novo* review. Our
employment of a recommended disposition,
however, should not be viewed as
suggesting any doubt on our part as to the
propriety of the recommendation we make.

FN2. Once the Plaintiff secured a Hearing
date from the District Court's Calendar
Clerk, an Amended Motion for Class
Certification was filed on October 6, 1995.

FN3. We reject the Defendants' contention
that the Court should defer its pretrial
rulings, including a determination of the
Plaintiff's Motion for a Preservation Order,
until the Judicial Panel on Multidistrict
Litigation should rule upon the Motion to
Consolidate which is currently pending.
Such a deferral, without regard to the nature
of the pretrial Motion, would be inconsistent
with Rule 18, Rules of Procedure of the
JPML, and with the guidance provided by
the *Manual on Complex Litigation, Third*,
Section 31.131, at p. 252 ("[T]ransferor
court should not automatically stay
discovery * * *, postpone rulings on pending
motions, or generally suspend further
proceedings upon being notified of the filing
of a motion for transfer.").
Similarly, we reject the Plaintiff's invitation
that we adopt the Preservation Order issued
by the District Court in *In re Airline Travel
Agents Antitrust Litigation*, Civ. No. 4-95-
107, slip op. at 2-3 (D. Minn. March 3,
1995), as the exercise of the Court's
equitable powers are, quite necessarily, fact-
dependent. Whatever the factual predicates
for the Court's ruling may have been in the
*Airline Travel Agents* case -- and they have
not been brought to our attention in any
informative way -- we are satisfied that an
inadequate showing, for injunctive relief,
has been advanced in this case. See,
generally, *Stuart Hall Co., Inc. v. Ampad
Corp.*, 51 F.3d 780, 783 n. 2 (8th Cir. 1995),
citing *Calvin Klein Cosmetics Corp. v.
Lenox Lab.*, 815 F.2d 500, 503 (8th Cir.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1995 WL 783610
1995 WL 783610 (D.Minn.)
(Cite as: 1995 WL 783610 (D.Minn.))

Page 5

1987).

FN4. To this extent, we find the Plaintiff's reliance upon the Court's certification of a class, in the *Airline Travel Agents* case, while a Motion to Consolidate was pending before the JPML, to be misplaced. Necessarily, the adequacy of the record, in satisfying the prerequisites of Rule 23, is an individualized determination. Unlike the circumstances before us, the Court in *Airline Travel Agents* proceeded to the certification issue on a virtually stipulated agreement of the parties that the maintenance of a class action was appropriate.

FN5. Not infrequently, the ascertainment of an appropriate class, classes or subclasses, requires some discovery effort. Here, the Plaintiff relies upon its Complaint as supporting the certification of the class proposed. Notwithstanding our Court of Appeals' observation that "[t]he propriety of class action status can seldom be determined on the basis of the pleadings alone," *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir. 1977), we are cognizant that the adequacy of a record to maintain class standing is to be determined on a case-by-case basis. *Fogie v. Rent-A-Center*, 867 F. Supp. 1398, 1402 (D. Minn. 1993). Given the potential complexities that would appear to abound in this case, we cannot discount the probability that some extent of pre-certification discovery will be either appropriate or necessary.

1995 WL 783610 (D.Minn.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# Tab O

Westlaw.

Not Reported in F.Supp.
1992 WL 102762 (E.D.Pa.)
(Cite as: 1992 WL 102762 (E.D.Pa.))

C
Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

AMERICAN SEAFOOD, INC.
v.
MAGNOLIA PROCESSING., INC., et al.
LEVY WORLD LIMITED PARTNERSHIP
v.
MAGNOLIA PROCESSING., INC., et al.

Civ. A. Nos. 92-1030, 92-1086.

May 7, 1992.

Frank D'Amico, Jr., New Orleans, La., Warren Rubin, Gross & Metzger, P.C., Philadelphia, Pa., for American Seafood, Inc.

Fred C. De Long, Jr., Campbell, De Long, Hagwood & Wade, Greenville, Miss., for Magnolia Processing, Inc.

Charles J. Bloom, Kleinbard, Bell & Brecker, Philadelphia, Pa., Robert Fleishman, Washington, D.C., for Delta Pride Catfish, Inc.

Carl W. Hittinger, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., John F. Beukema, Faegre & Benson, Minneapolis, Minn., for Farm Fresh Catfish Company.

George E. Rahn, Jr., Piper & Marbury, Philadelphia, Pa., William F. Hargens, McGrath, North, Mullin & Kratz, P.C., Omaha, Neb., for Country Skillet Catfish Company, Inc.

Steven J. Greenfogel, Meredith & Cohen, Philadelphia, Pa., Michael J. Freed, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., Krishna B. Narine, Meredith & Cohen, P.C., Warren Rubin, Gross & Metzger, P.C., Philadelphia, Pa., for Levy World Limited Partnership.

Douglas Evan Ress, Kaufman, Coren & Ress, Philadelphia, Pa., Frank W. Trapp, Jackson, Miss., for Simmons Farm Raised Catfish, Inc.

*MEMORANDUM AND ORDER*

HUTTON, District Judge.

*1 Presently before the Court are three pending motions for a stay of the proceedings in the above captioned matters. The first is the United States' Motion for Limited Intervention and for Stay of Discovery. The second is the motion of two defendants for a stay of all proceedings pending the completion of the criminal prosecutions in these matters. The third is a motion by one defendant for a stay of all proceedings in the above captioned matters until the Judicial Panel on Multidistrict Litigation [JPML] decides the pending motion to transfer. Responses have been filed to all of the above motions, and all are ripe for disposition. For the following reasons, the Court will grant the motion to stay pending the JPML decision and deny the United States motion and the motion to stay pending completion of the criminal prosecutions without prejudice and with leave to renew.

There are at least six pending civil actions in the federal district courts which concern the alleged antitrust violations of the defendant catfish producers. Four are pending in the Northern District of Mississippi and two are pending before this Court in the Eastern District of Pennsylvania. The criminal action is also pending in this district before this Court. One defendant has already pled guilty in the criminal action and has been sentenced. The grand jury investigation is still proceeding in this district. Similar motions have been filed in this Court and the Mississippi Court regarding possible class actions and a possible stay of all proceedings. The plaintiffs in the Mississippi actions have moved the JPML for consolidation of all of the cases and a transfer of all cases to the Northern District of Mississippi. The Pennsylvania plaintiffs have responded in opposition and have moved for a transfer of all civil actions to this Court. A hearing before the JPML has been scheduled on the motion for May 29, 1992. All of the parties in the Mississippi litigation have agreed to stay merit discovery pending the outcome of the JPML hearing.

There are motions for class action certification pending in both of the above captioned cases. Responses to those motions are not due until May 15,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1992 WL 102762 (E.D.Pa.)
(Cite as: 1992 WL 102762 (E.D.Pa.))

1992. Also pending are five recently filed motions to dismiss or transfer venue to the Northern District of Mississippi filed by four of the defendants. Pursuant to stipulation the defendants were permitted to respond to plaintiffs' discovery requests by April 30, 1992.

The power of a court to stay proceedings is within the discretion of the district court. The power derives from and is incidental to the power of every court to manage the cases on its docket to ensure a fair and efficient adjudication. *Gold v. Johns Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983).* The party seeking the stay must demonstrate a clear case of hardship or inequity if granting that stay would prejudice the non-moving party. *Id. at 1076.* The plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML. The stay which the Court orders will only be in effect until the JPML issues its decision. Therefore, there will be no extended delay in the commencement of discovery.

*2 Moreover, any prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants. As of the date of this Memorandum, there are six pending motions which impact either substantive legal issues or the important procedural questions of class action certification. These issues should be addressed by the court to which all of the pending civil actions are assigned. In addition, there are the two related motions for stay filed by the United States and one of the defendants. These stay issues should also be addressed by the transferee court. If this Court were not to stay the proceedings in these two cases, the Court would have to consider the motions to dismiss and the motions for class action certification. This Court's rulings on those motions may conflict with the decisions of the Northern District of Mississippi which has in front of it similar motions. The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay. *Arthur-Magna, Inc. v. Del-Val Financial Corp., 1991 WL 13725 (D.N.J.1991); Portnoy v. Zenith Laboratories, 1987 WL 10236 (D.D.C.1987).*

This Court agrees with the plaintiffs that the Court is not required to stay proceedings simply because there is a motion pending before the JPML. *Rule 18 of the*

*Rules of Procedure of the Judicial Panel on Multidistrict Litigation.* This Court agrees with the court in *Arthur-Magna* which held that *Rule 18* allows the court to proceed with the case but does not require the court to do so, if the court determines that a stay is in the interest of fairness. This Court has determined that a stay pending the disposition of the JPML motion is appropriate under the circumstances. The JPML Rules or enabling statute are not in conflict with the decision to stay.

The Court is denying the motions for stay pending the outcome of the criminal proceedings at this time, because that issue is more appropriate for the transferee court. Therefore, the case of *Weil v. Markowitz,* 824 F.2d 166 (D.C.Cir.1987), which is cited by the plaintiffs is inapposite. Another case cited by the plaintiffs, *Hachette Distribution, Inc. v. Hudson County News Co.,* 136 F.R.D. 356, 358 (S.D.N.Y.1991), states that a stay of discovery should be considered on a case by case basis. The Court further notes that the district court has the inherent power to stay discovery pending dispositive motions or preliminary questions of jurisdiction. *Id.* It must be noted that in the *Hachette* case, the court considered the fact that not all of the defendants were moving for a stay to be extremely relevant. All defendants in this case have moved for a stay of the proceedings. The stay granted by this Order is temporary and warranted in light of the substantial prejudice to the defendants and considerations of judicial economy. Duplicative motion practice and discovery heavily outweigh the possible prejudice the short period of time that the proceedings are stayed will cause the plaintiffs. Discovery on class certification and JPML issues will be allowed to proceed. An appropriate Order follows.

### ORDER

*3 AND NOW, this 6th day of May, 1992, upon consideration of:

1. The Motion of the United States For Limited Intervention Under Rule 24 and For Stay of Discovery under Rule 26(c), the responses of the Plaintiffs in Opposition, and the Memoranda of the Defendant's in Support;

2. The Motion of Defendants, Fishland, Inc. and Delta Pride Catfish, Inc., for a Stay of All Proceedings, the response of the Plaintiffs, and the Defendants' Reply; and

3. The Motion of Defendant Country Skillet Catfish Company, Inc. for an Order Staying Further

Not Reported in F.Supp.
1992 WL 102762 (E.D.Pa.)
(Cite as: 1992 WL 102762 (E.D.Pa.))

Page 3

Proceedings Pending A Ruling by the Judicial Panel on Multidistrict Litigation, the response of the Plaintiffs and the Defendant's Reply,

IT IS HEREBY ORDERED that:

1. The Motion of the United States For Limited Intervention Under Rule 24 is DENIED without prejudice and with leave to renew;

2. The Motion of the United States For Stay of Discovery under Rule 26(c) is DENIED without prejudice and with leave to renew;

3. The Motion of Defendants, Fishland, Inc. and Delta Pride Catfish, Inc., for a Stay of All Proceedings is DENIED without prejudice and with leave to renew;

4. The Motion of Defendant Country Skillet Catfish Company, Inc. for an Order Staying Further Proceedings Pending A Ruling by the Judicial Panel on Multidistrict Litigation is GRANTED; and

5. All proceedings and discovery except for discovery pertaining to class certification or JPML issues in the above captioned matter are stayed pending the decision of the Judicial Panel on Multidistrict Litigation or a further Order of this Court.

1992 WL 102762 (E.D.Pa.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# Tab P

Westlaw.

1988 WL 49065
1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015
(Cite as: 1988 WL 49065 (S.D.N.Y.))

C

United States District Court, S.D. New York.

Henry L. ROSENFELD, trading as Mobile Check
Cash, a partnership, on behalf of
itself and all others similarly situated, Plaintiff,
v.
HARTFORD FIRE INSURANCE COMPANY, et al.
Defendants.
ACE CHECK CASHING, INC., on behalf of itself
and all others similarly situated,
Plaintiff,
v.
HARTFORD FIRE INSURANCE COMPANY, et al.
Defendants.

Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL).

May 12, 1988.

OPINION AND ORDER

LOWE, District Judge.

*1 The above-captioned actions are two of a growing number of antitrust complaints brought against participants in the commercial general liability insurance and reinsurance industry. The actions allege that the defendants have entered into various conspiracies and boycotts with respect to the terms and conditions upon which commercial general liability and property insurance is sold.

The first eight complaints were filed in the Northern District of California on March 22 and 23, 1988 by the Attorneys General of Alabama, Arizona, California, Massachusetts, Minnesota, New York, West Virginia and Wisconsin. Beginning on March 25, 1988, at least twelve private actions have been brought in six districts throughout the country. The above-captioned cases are two of these twelve.

Each of the private complaints, as do these two, names defendants also named by the states. Most of the private actions name thirty of the same thirty-two defendants as are named in the government complaints. Each private action closely tracks the complaints in the government actions. The private actions seek certification of a nationwide class of all private purchasers, or some subset of the purchasers,

of commercial general liability insurance from the four primary insurer defendants.

On April 19, 1988 all defendants who had been served joined in filing a motion pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation (the "Panel") seeking transfer to and consolidation of all federal actions for purposes of pretrial proceedings in the Northern District of California. Plaintiffs in the two instant actions oppose the transfer and consolidation.

Presently before this Court are two consolidated motions on behalf of all defendants to stay the proceedings in the two instant actions pending the outcome of the motion to transfer and consolidate before the Panel.

DISCUSSION

Procedures in complex multidistrict litigation are governed by 28 U.S.C. § 1407 and by the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Rules"). Section 1407 establishes the Panel and outlines the criteria the Panel shall take into consideration when deciding whether to transfer cases to a single district for coordinated or consolidated pretrial proceedings. Section 1407(a) authorizes the Panel to transfer and coordinate cases pending in different districts when they have "one or more common questions of fact", "for the convenience of parties and witnesses" and when the transfer "will promote the just and efficient conduct of such actions."

The Panel may initiate proceedings to determine if transfer is appropriate, or one of the parties may file a motion before the Panel. 28 U.S.C. § 1407(c)(i) and (ii).

A motion pending before the Panel in no way limits or suspends the pretrial jurisdiction of the district court in which an individual action is pending. Rule 16.

In Landis v. North American Co., 299 U.S. 248 (1936), the Supreme Court held that courts have the power to stay proceedings in one action pending the decision of another action. In doing so the Court stated: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1988 WL 49065                                                                          Page 2
1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015
(Cite as: 1988 WL 49065 (S.D.N.Y.))

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and. for... litigants." *Id.*, 299 U.S. at 254. In these two actions the defendants are not asking this Court to stay the proceedings pending the outcome of another action; instead, they seek to stay these actions pending a decision by the Panel on these very actions, among others. Therefore, the Supreme Court's caution to apply stays in the former situation "[o]nly in rare circumstances" is inapposite. *Id.*, 299 U.S. at 255. On the other hand, the Court's statement that stays can be granted with economy of time and resources in mind is completely applicable.

We find that stays are warranted in these two actions to further the underlying purposes of coordination of multidistrict litigation: "to promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Cases are transferred and consolidated under § 1407 expressly for coordination of pretrial proceedings. The defendants would be enormously burdened if they were forced to submit answers, to answer interrogatories, to produce documents, and to reply to class certification and other motions separately on all twenty actions. If these two cases are not stayed, the defendants certainly would be required to duplicate much work.

*2 On the other hand, the plaintiffs in these two actions are not similarly burdened. While they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost.

As stated earlier, the plaintiffs oppose the defendants' motion to have their cases transferred to California. The plaintiffs wish to have the litigation coordinated in New York and have the other pending cases transferred to this district. The plaintiffs assert that, if this Court stays these actions, the Panel will be influenced to transfer the cases to California, where the defendants have not moved for stays. We have no control over the Panel, nor over the defendants' actions in cases pending in other districts. We therefore make our decision based on the principal of judicial economy espoused in § 1407. We find that judicial resources and the defendants' resources may well be fruitlessly spent if a stay is not granted pending the outcome of the Panel's decision on the transfer motion.

We therefore stay both 88 Civ. 2153 and 88 Civ. 2252 until the Panel decides the motion filed by defendants on April 19, 1988 to coordinate and

transfer the cases to the Northern District of California. The actions shall be placed on this Court's suspense calendar pending a decision by the Panel.

It Is So Ordered.

1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

# Tab Q

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

FEB 29   12 45 PM '00

CLERK
BY _____
DEPUTY CLERK

SARA CHEESEMAN and RONALD
RODJENSKI, on behalf of themselves
and all others similarly situated
      Plaintiffs,

      v.

MICROSOFT CORPORATION,
      Defendant.

Docket Nos 2:99-CV-396
               2:99-CV-401
               2:99-CV-403

## ORDER

    Plaintiffs Sarah Cheeseman and Ronald Rodjenski have filed three lawsuits against Defendant Microsoft Corporation all pertaining to alleged violations of the Vermont Consumer Fraud Act, 9 V.S.A. §2451, et seq. These three suits are among dozens of other similar lawsuits nationwide that have been brought against Microsoft since the Court in <u>United States v. Microsoft Corporation</u> issued its findings of fact on November 5, 1999, accusing Microsoft of anti-competitive behavior.

    Presently before this Court are ten motions. In 99-cv-396, Defendant has filed a Motion to Reopen Case due to improper dismissal (99-CV-396, Paper 8). In 99-CV-401 Plaintiffs have filed a Motion to Consolidate that case with 99-CV-403 (99-CV-403, Paper 2). In 99-CV-403, the eight motions pending are: Defendant Motion to Stay all Pretrial Proceedings Pending Action

1

by MDL Panel on Motions to Transfer Pursuant to 28 USC 1407, (99-CV-403, Paper 2); Plaintiffs Motion to Consolidate with 99-CV-401 (99-CV-403, Paper 4); Plaintiff Motion for Remand of Case to Chittenden Superior Court (99-CV-403, Paper 5); Defendant Motion to Stay Plaintiff's Motion for Remand and Consolidation (99-CV-403, Paper 10); and Plaintiffs Motions to Submit Supplemental Authority (99-CV-403, Papers 23, 24, 26, and 27).

For the reasons set forth below, the Court rules as follows: In 99-CV-396, Defendant Motion to Reopen Case is GRANTED. In 99-CV-401 and 99-CV-403, Plaintiffs' companion Motions in each case to Consolidate those two cases are GRANTED. In 99-CV-403, Defendant Motion to Stay all Pretrial Proceedings Pending Action by MDL Panel is GRANTED. As a consequence of the granted Motion to Stay, the Court will not presently rule on Plaintiffs' Motion for Remand of Case to Chittendon Superior Court, Defendant's Motion to Stay Plaintiff's Motion for Remand and Consolidation, or Plaintiffs' Motions to Submit Supplemental Authority.

However, in addition to the above orders, the Court also orders sua sponte that, due to the fact that these cases share similar issues of fact and law, 99-CV-396 is hereby consolidated with 99-CV-401 and 403.

I. Procedural Background

2

A. 99-CV-396

On Dec 16, 1999 Plaintiffs filed suit against Defendant for violations of 9 V.S.A. $2451 in Chittendon Superior Court. Docket No. S1496-99-CnCn. In their Prayer For Relief, Plaintiffs requested, inter alia, an injunction on behalf of the putative class prohibiting Defendant from further conduct in violation of 9 V.S.A. $2451..On December 20, 1999, Defendant removed the case to Federal District Court pursuant to 28 U.S.C. S1332, at which point the case was assigned docket number 99-CV-396. On December 22, 1999, Plaintiffs filed notice of voluntary dismissal. The notice was signed by the court clerk, and the case was accordingly dismissed. On December 23, 1999, Defendant filed a Cross-Motion for Transfer and Coordination or Consolidation with the Judicial Panel of Multidistrict Litigation. On December 30, 1999, Microsoft filed a Motion to Reopen the Case asserting that under the Federal Rules of Civil Procedure, class action lawsuits cannot be voluntarily dismissed without the approval of the court. F.R.C.P. 23(e) and 41(a)(1).

B. 99-CV-401

On December 28, 1999 Plaintiffs sued in Federal District Court seeking a Declaratory Judgment and Permanent Injunction prohibiting Defendant from removing Plaintiffs' State Court action against Defendant to Federal Court. On January 4, 2000,

3

Defendant filed a Motion to Consolidate this case with 99-CV-403, arguing that the actions involved common question of law and fact.

### C. 99-CV-403

On December 28, 1999 Plaintiffs filed this suit in Chittenden Superior Court alleging exactly the same violations as were alleged in their original suit (99-CV-396), only this time leaving out their prayer for injunctive relief and claiming that no individual plaintiff suffered in excess of $75,000. On December 30, 1999 this case, like its predecessor, was successfully removed by Defendant to Federal Court. Although a multiplicity of motions have now been filed in this case, of primary importance are Plaintiffs' Motion to Consolidate with 99-CV-401, and Defendant's Motion to Stay all Pretrial Proceedings Pending Action by MDL Panel.

## II. Discussion

### A. Microsoft Motion to Reopen 99-CV-396

F.R.C.P. 41(a)(1) states that "[s]ubject to the provisions of Rule 23(e)...an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. F.R.C.P.

4

AO 72A
(Rev.8/82)

23(e) states that "a class action shall not be dismissed without approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs."

The question raised in the present situation is whether court approval is required even *before* the class has been certified. Although courts have gone both ways on this question, a clear majority of those courts have ruled that Rule 23(e) does in fact apply to pre-certification voluntary dismissals. *See, e.g., Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (citing *Newman v. Stein*, 464 F.2d 689 (2d. Cir) cert. denied, 409 U.S. 1039 (1972)). Generally, "[c]ourts have applied a functional approach in deciding whether notice is required when a case is dismissed prior to certification." *Gunn v. World Omni Financial Corp.*, 184 F.R.D. 417, 419 (M.D.Ala. 1999). Yet that "functional approach" should never detract from the general prophylactic purpose of Rule 23(e).

Plaintiffs, functioning as class representatives, owe a fiduciary duty to prospective class members. In that capacity, Plaintiffs cannot unilaterally limit the amount of damages class members might receive. Plaintiffs allege that state court jurisdiction is proper because no class member had suffered damages in excess of $75,000. Yet it is by no means clear that that factual assertion is valid. At a minimum, a voluntary

5

dismissal with such clear implications as to damages available to class members should be reviewed by the presiding judge before being granted. It may well be that the court decides to grant dismissal upon review. However, the best interest of the prospective class suggests that the prophylactic review mandated by Rule 23(e) should be followed.

Consequently, Defendant's Motion to Reopen Case is GRANTED

B. Plaintiff Motions to Consolidate 401 with 403.

Defendant did not oppose this motion. Accordingly, pursuant to Local Rule 7.1(a)(6), Plaintiffs' Motion is GRANTED as unopposed. In addition, Plaintiffs' parallel Motion to Consolidate, filed in 99-CV-403 is likewise GRANTED as unopposed.

C. 99-CV-403 Motion to to Stay Pretrial Proceedings Pending Action by MDL Panel.

Defendant moved to stay pretrial proceedings pending action by the MDL panel on December 30, 1999, the same day that it successfully removed this action from state to federal court. Defendant had already filed its Motion for Transfer to the MDL Panel in 99-CV-396 on December 23. Defendant presently faces over fifty lawsuits nationwide on similar grounds. This is a classic case for MDL Panel review, and it is highly likely that

6

transfer will occur. Contrary to Plaintiffs' allegations,
federal courts can, and routinely do, defer consideration of
pretrial motions until the MDL Panel decides whether to transfer
a particular series of cases. Jurisdiction to grant such stays
is well established. <u>Quigley v. Microsoft Corp.</u>, No. CV-99-
3420D, at 3 (E.D. La. Jan. 14, 2000). See also, Patricia D.
Howard, *A Guide To Multidistrict Litigation*, 124 F.R.D. 479, 482
(West 1989). Furthermore, from the perspective of judicial
economy, it is ludicrous for courts to spend time hashing
through pretrial matters when the case may be whisked away and
consolidated before any meaningful disposition can take place.

Plaintiffs claim they will be greatly prejudiced by a stay
because it will leave their case "mired in an intractable maze
of procedural jockeying." With all due respect to Plaintiffs'
anxieties concerning the intractability of federal civil
procedure, established procedure, as such, cannot be asserted as
the basis of unfair prejudice. Defendant's Motion to Stay is
thus GRANTED.

### D. Consolidation

All three of these cases deal with precisely same facts and
the law. In light of the fact that 99-CV-396 is hereby reopened,
it is also hereby consolidated with 99-CV-401 and 403 in the
name of judicial economy.

7

AO 72A
(Rev.8/82)

III. Conclusion

Wherefore, the Court rules as follows:

In 99-CV-396, Defendant Motion to Reopen Case due to improper dismissal is GRANTED. In 99-CV-401, Plaintiffs Motion to Consolidate with 99-CV-403 is GRANTED. In 99-CV-403, Defendant Motion to Stay all Pretrial Proceedings Pending Action by MDL Panel is GRANTED; and Plaintiffs Motion to Consolidate with 99-CV-401 is GRANTED. Additionally, 99-CV-396 is hereby consolidated with 99-CV-401 and 403.

Dated at Burlington, Vermont this _29_ day of February, 2000.

William K. Sessions, III
United States District Court

8