### UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation, | : | No. CV 05-562 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, a Washington corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### MICROSOFT'S MOTION TO EXTEND ITS TIME TO RESPOND TO PLAINTIFFS' MOTION TO AMEND THE PETITION

*Of Counsel*:

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

Edward W. Remsburg (PK0004619)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
(515) 243-7611

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN &
    LANGENESS
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

October 13, 2005

*Attorneys for Microsoft Corporation*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC.,<br>an Iowa corporation, | : | No.  CV 05-562 |
| | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION,<br>a Washington corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MICROSOFT'S MOTION TO EXTEND ITS TIME TO RESPOND TO PLAINTIFFS' MOTION TO AMEND THE PETITION

Microsoft hereby moves this Court to extend its time to respond to

plaintiffs' Motion to Amend Petition, filed on September 16, 2005, until 20 days after the

Judicial Panel on Multidistrict Litigation (the "JPML") has determined whether this case

should be transferred to the United States District Court for the District of Maryland,

pursuant to 28 U.S.C. § 1407.

In April 2000, the JPML designated the Hon. J. Frederick Motz of the

United States District Court for the District of Maryland as the transferee judge over

federal-court actions "brought, in whole or in part, on behalf of customers of Microsoft"

and "pertaining to Microsoft's alleged anticompetitive conduct in a purported market for

personal computer operating systems." *In re Microsoft Corp. Antitrust Litig.*, No. 1332,

slip op. at 2 (JPML Apr. 25, 2000) (attached as Exhibit A).  Noting that consumer actions

seeking recovery for alleged overcharges for Microsoft software raise "similar questions

of market definition, the existence of monopoly power, the fact and significance of

Microsoft's alleged anti-competitive conduct, and the existence and scope of any antitrust

injury," the JPML found that "centralization . . . will serve the convenience of the parties

and witnesses and promote the just and efficient conduct of the litigation" and is

"necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial

rulings" and "conserve the resources of the parties, their counsel and the judiciary." *Id.*

More than 100 actions brought by consumers against Microsoft have been transferred to

the District of Maryland since the April 2000 order.

Plaintiffs filed this case in February 2000, and have previously amended

their petition three times. Plaintiffs' present motion to amend the petition in this case --

the fourth such motion plaintiffs have made -- seeks to incorporate into this case, among

other things, allegations made in five antitrust cases brought by competitors of Microsoft.

(Pls. Mot. to Amend Petition, filed Sept. 16, 2005, ¶ 4). These allegations have not been

part of any other consumer case against Microsoft. These five competitor actions were

filed in various courts around the country and transferred to Judge Motz over the last

three years pursuant to the April 2000 JPML order. Four of those competitor cases --

brought against Microsoft by Be, Inc., Burst.com Corp., AOL Time Warner Inc., and Sun

Microsystems, Inc. -- were transferred to Judge Motz in 2002 and were subsequently

settled and dismissed. The remaining action -- *RealNetworks, Inc.* v. *Microsoft Corp.* --

was transferred to Judge Motz in January, 2004.[1]

---

[1]    The *AOL* and *Be* cases were settled and dismissed in June 2003, the *Sun* case was
settled and dismissed in April 2004 and the *Burst* case was settled and dismissed
in April 2005. A settlement of the *Real Networks* case was announced on October
11, 2005.

On September 22, 2005, the parties agreed to extend the time for Microsoft to file in state court its brief in opposition to plaintiffs' motion to amend to October 14, 2005.  On October 13, 2005, based on federal claims asserted for the first time in the proposed Fourth Amended Petition, Microsoft removed this case to federal court and filed with the Judicial Panel on Multidistrict Litigation a Notice of Tag-Along Action respecting this action (attached as Exhibit B).

Microsoft requests this extension of the due date for its brief in opposition to the motion to amend in order to allow Microsoft to prepare its brief with a view to the court that will ultimately decide the motion.  Not only will the law vary, *see Campos* v. *Ticketmaster Corp.*, 140 F.3d 166, 171 n.4 (8th Cir. 1998) (MDL court should apply the federal law of its own circuit to transferred cases), but the amount of background required to be submitted with Microsoft's brief will be different depending on the venue.  Judge Motz has had many of the new allegations in the proposed Fourth Amended Petition before him over the last three years. To the extent the briefing can be tailored to the court deciding the motion, that court will be able to review and decide the motion more efficiently.  It is precisely this form of efficiency -- for parties and the courts -- that the MDL statute is designed to foster.

For the foregoing reasons, and those set forth in Microsoft's Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation, filed this day, Microsoft requests that the Court enter an order extending Microsoft's time to respond to plaintiffs' Motion to Amend Petition until 20 days after the JPML has determined whether this case should be transferred to the United States District Court for the District of Maryland.

Dated: October 13, 2005

*Of Counsel*:

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

Respectfully submitted,

By:___ *Edward Remsburg (by w Jo)*
Edward W. Remsburg (PK0004619)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
(515) 243-7611

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN &
  LANGENESS .
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

APR 25 1998

## DOCKET NO. 1332

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE MICROSOFT CORP. WINDOWS OPERATING SYSTEMS ANTITRUST LITIGATION

### BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE* AND JOHN F. KEENAN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are four motions or cross-motions for coordinated or consolidated pretrial proceedings that are brought pursuant to 28 U.S.C. §1407 and currently encompass some or all of the 27 actions listed on the attached Schedule A and pending in seventeen districts as follows: four actions in the District of District of Columbia, three actions in the Southern District of Florida; two actions each in the Eastern District of Michigan, the District of Minnesota, the Southern District of New York, the Southern District of Ohio and the Eastern District of Wisconsin; and one action each in the Northern District of Alabama, the District of Arizona, the Southern District of California, the Southern District of Illinois, the District of Kansas, the Eastern District of Louisiana, the District of South Carolina, the Eastern District of Tennessee, the District of Vermont, and the Southern District of West Virginia.[1] The Section 1407 moving parties are arrayed as follows: 1) sole common defendant Microsoft Corporation (Microsoft), whose motion seeks centralization of all 27 actions in the Western District of Washington or, alternatively, the Northern District of Illinois; 2) plaintiff

---

*Judge Bechtle took no part in the decision of this matter.

[1] Seven additional actions that were subject to at least one of the Section 1407 motions have been dismissed or remanded to state court: Shelby Hartman, et al. v. Microsoft Corp., S.D. Florida, C.A. No. 1:99-3401; Paul Rothstein v. Microsoft Corp. N.D. Illinois, C.A. No. 1:99-8348; Harvey Mahick, et al. v. Microsoft Corp., D. Maine, C.A. No. 2:99-377; Burks Cusey v. Microsoft Corp., E.D. Michigan, C.A. No. 2:99-76057; James Edwards v. Microsoft Corp., D. New Mexico, C.A. No. 6:99-1476; Daniel Sherwood, et al. v. Microsoft Corp., M.D. Tennessee, C.A. No. 3:99-1191; and Charles T. Clark, Jr. v. Microsoft Corp., W.D. Tennessee, C.A. No. 1:99-1334. Accordingly, the question of Section 1407 transfer with respect to these actions is moot at this time. Also, various parties have notified the Panel of the pendency of more than twenty additional, potentially related actions pending in federal district courts. These actions, any other newly filed actions that come to the Panel's attention, and, for that matter, any of the dismissed actions subject to the original Section 1407 motion that may be reopened, will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).



EXHIBIT
A

-2-

eLeaders, Inc., in one of the District of District of Columbia actions, whose motion seeks centralization in the District of Columbia district of its action and the Alabama and Louisiana actions; 3) plaintiffs Linda Kloth, et al., in the two Southern District of Ohio actions, whose motion seeks centralization in the Ohio district of only one of the Ohio actions, the Alabama action, and the District of Columbia eLeaders action; and 4) plaintiffs Precision Billing Service, Inc., et al., in the Southern District of Illinois action, whose motion seeks centralization in the Illinois district of their action and the Alabama action.[2] All actions are brought, in whole or in part, on behalf of customers of Microsoft by plaintiffs who allege that Microsoft violated federal or state antitrust laws. Objections to transfer, generally, are raised with respect to transfer of particular actions: 1) plaintiffs in certain actions or potential tag-along actions who contend that actions removed by Microsoft from state to federal court should be excluded from transfer because there is no federal jurisdiction and the actions should be remanded to state court; 2) plaintiffs in certain actions who contend that actions brought on behalf of indirect purchasers should not be centralized or should be centralized separately from actions brought on behalf of direct purchasers; and 3) the non-Microsoft parties (plaintiffs Gravity, Inc., et al., and defendants Compaq Computer Corp., Dell Computer Corp., and Packard Bell NEC) in one District of District of Columbia action (Gravity) that is the only action naming defendants in addition to Microsoft, who object to inclusion of Gravity in 1407 proceedings. Finally, plaintiffs in the Eastern District of Louisiana action have suggested that the Louisiana district should be selected as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Maryland before Chief Judge J. Frederick Motz will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of the same nucleus of operative facts pertaining to Microsoft's alleged anticompetitive conduct in a purported market for personal computer operating systems. Accordingly, each action raises similar questions of market definition, the existence of monopoly power, the fact and significance of Microsoft's alleged anti-competitive conduct, and the existence and scope of any antitrust injury suffered by plaintiffs. Relevant discovery, including expert testimony, will overlap substantially in each action. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

Various plaintiffs' principal objection to Section 1407 transfer at this time is rooted in their contention that the Panel's decision should be stayed pending resolution of motions to remand to state court that are pending in their actions. We note, however, that jurisdictional and remand motions can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2nd Cir. 1990); In re Air Crash Disaster at Florida Everglades on December 29, 1972, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

---

[2] Much of the differences among the number of actions subject to the various motions seems to be in large part attributable to the various movants' awareness or lack of awareness of the pendency of related actions.

-3-

Other parties that either oppose inclusion of their respective action in Section 1407 proceedings or seek creation of two separate multidistrict dockets have argued, *inter alia*, that such an approach is necessary because 1) their action involves additional unique issues, parties or legal theories; and/or 2) centralization of all actions would be unduly burdensome. We are not persuaded by these contentions. We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of additional or differing legal theories significant when the underlying actions still arise from a common factual core. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Finally, to any parties who believe that the uniqueness of their particular situation or the type of their claims renders continued inclusion of their action in MDL-1332 unnecessary or inadvisable, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 181 F.R.D.: 1, 11-13 (1998).

Given the range of locations of parties and witnesses in this docket and the geographic dispersal of constituent actions, it is clear that no single district emerges as a nexus. Thus we have searched for a transferee judge with the ability and temperament to steer this complex litigation on a steady and expeditious course, a quest that has encompassed virtually the entire corps of federal judges. By centralizing this litigation in the District of Maryland before Chief Judge Motz, a judge with considerable experience as a transferee judge for multidistrict litigation, we are confident that we are entrusting this important and challenging assignment to an able jurist who has the added advantage of sitting in an accessible, metropolitan district equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions on the attached Schedule A be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

### MDL-1332 – In re Microsoft Corp. Windows Operating Systems Antitrust Litigation

#### Northern District of Alabama

*Blaine Cox, et al. v. Microsoft Corp.*, C.A. No. 1:99-3009

#### District of Arizona

*Wayne Mini v. Microsoft Corp.*, C.A. No. 2:99-2243

#### Southern District of California

*Clay Tyler, et al. v. Microsoft Corp.*, C.A. No. 3:99-2602

#### District of District of Columbia

*Gravity, Inc., et al. v. Microsoft Corp., et al.*, C.A. No. 1:99-363
*eLeaders, Inc. v. Microsoft Corp.*, C.A. No. 1:99-3090
*Franklin L. DeJulius v. Microsoft Corp.*, C.A. No. 1:99-3148
*Paul A. Deiter v. Microsoft Corp.*, C.A. No. 1:99-3275

#### Southern District of Florida

*Eric S. Lazarus v. Microsoft Corp.*, C.A. No. 0:99-7527
*To The Rescue Comprehensive Computer v. Microsoft Corp.*, C.A. No. 1:99-3301
*Elvarado Baptiste, et al. v. Microsoft Corp.*, C.A. No. 9:99-9076

#### Southern District of Illinois

*Precision Billing Services, Inc., et al. v. Microsoft Corp.*, C.A. No. 3:99-896

#### District of Kansas

*Elizabeth A. Wilson v. Microsoft Corp.*, C.A. No. 5:99-4192

#### Eastern District of Louisiana

*Joy S. Quigley, et al. v. Microsoft Corp.*, C.A. No. 2:99-3420

#### Eastern District of Michigan

*D's Pet Supplies, Inc. v. Microsoft Corp.*, C.A. No. 2:99-76056
*David Bach v. Microsoft Corp.*, C.A. No. 2:99-76086

- 2 -

MDL-1332 Schedule A (Continued)

### District of Minnesota

*Rubbright Group v. Microsoft Corp.*, C.A. No. 0:99-2017
*Steven Neilsen v. Microsoft Corp.*, C.A. No. 0:99-2037

### Southern District of New York

*Raymond Pryor v. Microsoft Corp.*, C.A. No. 1:99-12161
*Sanstrom Associates, Ltd. v. Microsoft Corp.*, C.A. No. 1:99-12162

### Southern District of Ohio

*Linda Dameron Klosh, et al. v. Microsoft Corp.*, C.A. No. 1:99-1043
*Linda Dameron Klosh, et al. v. Microsoft Corp.*, C.A. No. 2:99-1276

### District of South Carolina

*Chris Campbell v. Microsoft Corp.*, C.A. No. 2:99-4165

### Eastern District of Tennessee

*Denise Davenport v. Microsoft Corp.*, C.A. No. 3:99-660

### District of Vermont

*Sara Cheeseman, et al. v. Microsoft Corp.*, C.A. No. 2:99-396

### Southern District of West Virginia

*Harold A. Phillips v. Microsoft Corp.*, C.A. No. 2:99-1080

### Eastern District of Wisconsin

*Matthew W. O'Neill v. Microsoft Corp.*, C.A. No. 2:99-1477
*Robert Weinke v. Microsoft Corp.*, C.A. No. 2:99-1505

RECEIVED
CLERK'S OFFICE

2005 OCT 13 P 3 22

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE:<br>MICROSOFT CORP. WINDOWS OPERATING<br>SYSTEMS ANTITRUST LITIGATION | ) )<br>) )<br>) )<br>) )    MDL Docket No. 1332 |

## NOTICE OF POTENTIAL "TAG-ALONG" ACTION

Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, Microsoft Corporation hereby provides notice of another action that is pending

against it in federal district court and is related to the actions subject to the Judicial

Panel's Transfer Order of April 25, 2000.  The action, styled *Joe Comes and Riley Paint,*

*Inc.* v. *Microsoft Corporation*, is pending in the United States District Court for the

Southern District of Iowa and has been assigned civil action number CV 05-562.



Dated:  October 13, 2005

Respectfully submitted,

David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

OF COUNSEL:

Thomas W. Burt
Richard Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

-2-

## CERTIFICATE OF SERVICE

I, Ryan C. Williams, hereby certify that I caused a copy of the foregoing Notice of Potential "Tag-Along" Action to be served on October 13, 2005 by facsimile and first class mail upon:

> Stanley M. Chesley
> Waite, Schneider, Bayless & Chesley, L.P.A.
> 1513 Central Trust Tower
> Fourth and Vine Streets
> Cincinnati, Ohio 45202
> Facsimile: (513) 381-2375
>
> Michael D. Hausfeld
> Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
> 1100 New York Avenue, N.W.
> Washington, D.C. 20005-3964
> Facsimile: (202) 408-4699
>
> Roxanne Barton Conlin
> Roxanne Conlin & Associates, P.C.
> 319 Seventh Street, Suite 600
> Des Moines, Iowa 50309
> Facsimile: (515) 282-0477
>
> and
>
> Richard M. Hagstrom
> Zelle, Hofmann, Voelbel, Mason & Gette LLP
> 500 Washington Avenue South, Suite 4000
> Minneapolis, MN 55415
> Facsimile: (612) 336-9100

Ryan C. Williams