# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

JOE COMES and RILEY PAINT, INC., an
Iowa corporation,

          Plaintiffs,

      v.

MICROSOFT CORPORATION, a
Washington Corporation,

          Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

No. CV 05-562

**PLAINTIFFS' BRIEF**

**ON MOTION TO REMAND**

Roxanne Barton Conlin
**Roxanne Conlin & Associates, P.C.**
319 7th Street, Suite 600
Des Moines, Iowa  50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477
Email: roxlaw@aol.com

        and

Richard M. Hagstrom
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, Minnesota 55415
Phone:  (612) 339-2020
Fax: (612) 336-9100

**ATTORNEYS  FOR  PLAINTIFFS  AND  ALL
OTHERS SIMILARLY SITUATED**

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ..........................................................................................................................1

BACKGROUND ............................................................................................................................5

    I.   THE *ONLY* CAUSES OF ACTION IN THIS CASE ARISE *SOLELY* UNDER THE
IOWA COMPETITION LAW, IOWA CODE § 553.1 *ET SEQ.*........................................5

JURISDICTION AND VENUE ....................................................................................................6

    II.  ON OCTOBER 13, 2005, MICROSOFT IMPROPERLY REMOVED THIS LAWSUIT
FROM THE DISTRICT COURT FOR POLK COUNTY, IOWA. ...................................7

ARGUMENT ..................................................................................................................................8

    I.   MICROSOFT PREMISES REMOVAL OF THIS ACTION ON OUTRAGEOUS
MISCHARACTERIZATIONS OF PLAINTIFFS' PROPOSED FOURTH AMENDED
PETITION..........................................................................................................................9

        A.  Contrary to Microsoft's Deceitful Representations, Plaintiffs Are Not Asserting
Claims Under Federal Securities Laws.........................................................................9

        B.  Contrary To Microsoft's False Representation, Plaintiffs Are Not Asserting Claims
For Patent Infringement. ...........................................................................................11

    II.  PLAINTIFFS' REFERENCES TO THE SEC ORDER AND TO BURST.COM DO NOT
RAISE ANY FEDERAL QUESTIONS THAT WOULD RESULT IN JURISDICTION
UNDER 28 U.S.C. § 1331..............................................................................................14

    III. CAFA DOES NOT PERMIT REMOVAL OF A PENDING STATE CASE BASED ON
ROUTINE AMENDMENTS, SUCH AS THOSE IN PLAINTIFFS' PROPOSED
FOURTH AMENDED COMPLAINT. ............................................................................15

    IV. PLAINTIFFS' WITHDRAWAL OF "OFFENDING" PORTIONS OF THE PROPOSED
FOURTH AMENDED PETITION ELIMINATES ANY REMAINING QUESTION –
HOWEVER IMPLAUSIBLE – THAT FEDERAL JURISDICTION EXISTS...............17

    V.  THE COURT SHOULD AWARD PLAINTIFFS THE FULL AMOUNT OF THE
ATTORNEYS' FEES, COSTS AND EXPENSES INCURRED IN CONNECTION
WITH MICROSOFT'S IMPROPER REMOVAL.............................................................18

CONCLUSION.............................................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

*Adams v. Bank of Am., N.A.*, 317 F. Supp. 2d 935 (S.D. Iowa 2004)..........................................17

*Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000)........................19

*Beasley v. Personal Fin. Corp.*, 279 B.R. 523 (S.D. Miss. 2002) ...............................................13

*Central Iowa Agri-Systems v. Old Heritage Advertising & Publishers, Inc.*, 727 F.
Supp. 1304 (S.D. Iowa 1989)........................................................................................................13

*Comes v. Microsoft Corp.*, 646 N.W.2d 440 (Iowa 2002)............................................................4

*Comes v. Microsoft Corp.*, 696 N.W.2d 318 (Iowa 2005)............................................................4

*Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664 (S.D. Ohio 2003) ..............................................10

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)......................14

*Grable & Sons Metal Prods. v. Darue Eng'g & Mrg.*, 125 S.Ct. 2363 (2005) ...........................15

*Green v. Ameritrade, Inc.*, 279 F.3d 590 (8th Cir. 2002) ...................................................3, 11, 18

*Hessler v. Armstrong World Indus. Inc.*, 684 F. Supp. 393 (D. Del. 1988)................................13

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) ..........................................................15

*Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072 (10th Cir. 1999) .....................................13

*In re Atlas Van Lines, Inc.*, 209 F.3d 1064 (8th Cir. 2000) ......................................................1, 8

*In re Business Men's Assur. Co. of Am.*, 992 F.2d 181 (8th Cir. 1993)........................................8

*In re Microsoft Corp. Antitrust Litig.*, 332 F. Supp. 2d 890 (D. Md. 2004) .........................13, 15

*Judy v. Pfizer, Inc.*, 2005 WL 2240088, (E.D. Mo. Sept. 14, 2005).....................................11, 18

*Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805 (7th Cir. 2005) ..............................................2

*Kokkonen v. Guardina Life Ins. Co.*, 511 U.S. 375 (1994)...........................................................8

*Loveern v. Gen Motors Corp.*, 121 F.3d 160 (4th Cir. 1997) ......................................................13

*Madison v. I.B.P. Inc.*, 149 F. Supp. 2d 730 (S.D. Iowa 1999) ...................................................17

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986)......................................................14

*Meyn v. Iowa*, 594 N.W.2d 31 (Iowa 1999)................................................................3, 16

*Parker v. County of Oxford*, 224 F. Supp. 2d 292 (D. Me. 2002) ...............................13

*Phipps v. F.D.I.C.*, 417 F.3d 1006 (8th Cir. 2005) ..................................................7, 17

*Pickens v. Gardner*, 2003 WL 22888957 (S.D. Iowa Dec. 3, 2003) ..........................15

*Ross v. Thousand Adventures of Iowa, Inc.*, 163 F. Supp. 2d 1044 (S.D. Iowa 2001) ...............................................................................................................................8, 13

*Ross v. Thousand Adventures of Iowa, Inc.,* 178 F. Supp. 2d 996 (S.D. Iowa 2001) ....................8

*Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748 (7th Cir. 2005) .....................1, 16, 18

*Shuster v. Gardner*, 319 F. Supp. 2d 1159 (S.D. Ca. 2003) ...................................3, 18

*Sparta Surgical Corp. v. National Ass'n of Sec. Dealers*, 159 F.3d 1209 (9th Cir. 1998) ...............................................................................................................................15

*Speedplay, Inc. v. Bebop, Inc.,* 211 F.3d 1245 (Fed. Cir. 2000) .................................12

*Tenner v. Zurek*, 168 F.3d 328 (7th Cir. 1999).............................................................18

*Warth v. Seldin,* 422 U.S. 490 (1975) ...........................................................................12

*Webster v. Sunnyside Corp.*, 836 F. Supp. 629 (S.D. Iowa 1993)................................17

*Williams v. Ragnone*, 147 F.3d 700 (8th Cir. 1998) ....................................................14

## Statutes & Other Authorities

15 U.S.C. § 78aa .............................................................................................................15

28 U.S.C. § 1446 .......................................................................................................13, 17

28 U.S.C. § 1447.........................................................................................................1, 18

35 U.S.C. § 100................................................................................................................12

35 U.S.C. § 281................................................................................................................12

Iowa R. Civ. P. 1.301......................................................................................................16

## INTRODUCTION

Plaintiffs Joe Comes and Riley Paint ("Plaintiffs"), on behalf of themselves and the two certified classes they represent, respectfully request that the Court *immediately* remand this matter to the Iowa District Court for Polk County.  Indeed, the Court should remand this lawsuit *sua sponte*, without awaiting the parties' briefing,[1] since Microsoft premises its unlawful removal upon outright misrepresentations about Plaintiffs' *proposed* Fourth Amended Petition.

The Honorable Judge Frank H. Easterbrook of the United States Court of Appeals for the Seventh Circuit recently observed:

> Ever since Congress enacted the Class Action Fairness Act of 2005 ["CAFA"], defendants have been trying to remove suits that were pending in state court on February 18, 2005, *although the statute applies only to suits "commenced" after that date*.  We have rejected two of these attempts in published opinions.  Today's opinion makes a third.

*Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005) (emphasis added, citations omitted).  Judge Easterbrook undoubtedly wanted to put a stop to defendants' misuse of CAFA to interfere with state court proceedings, and to that end, the Court of Appeals "invite[d] the plaintiffs to file (in the district court) an appropriate request for reimbursement of the additional legal expenses to which they have been put by [the defendant's] efforts to move the litigation from state to federal court."  *Id*. at 751-52.

Judge Easterbrook admonished defendants that "a routine amendment to the complaint does not commence a new suit" that might give rise to jurisdiction under CAFA.  *Id*. at 749. Thus, when Microsoft joined the CAFA frenzy, it had to resort to misrepresenting the contents of Plaintiffs' proposed Fourth Amended Petition because it knew that the amendments (which

---

[1] 28 U.S.C. § 1447(c); *see also In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1066-67 (8th Cir. 2000).

Plaintiffs submitted for consideration by Polk County District Court Judge Scott D. Rosenberg

on September 16, 2005) were routine:

(1)     The proposed Fourth Amended Petition did not join any new defendants;

(2)     The proposed Fourth Amended Petition did not modify the class definitions (although a modification is clearly permissible without "commencing" a new cause of action, *see Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005));

(3)     The proposed Fourth Amended Petition continues to assert the *same* two causes of action under the Iowa Competition Law, Iowa Code § 553.1 *et seq.*;

(4)     The proposed Fourth Amended Petition provided further evidence regarding Microsoft's violations of the Iowa Competition Law, and the damages caused by that unlawful conduct; and

(5)     Finally, the proposed Fourth Amended Petition corrected typographical errors and grammar.

Like a master of illusion, Microsoft attempts to create the appearance of federal subject

matter jurisdiction by the deceitful use of paraphrasing and ellipses and by outright

misrepresentations, to literally rewrite Plaintiffs' *proposed* amendment.[2]  In so doing, Microsoft

falsely claims that the *proposed* Petition asserts a federal securities law violation, a federal claim

for patent infringement, and a new state-law cause of action for spoliation.  *See* Notice of

Removal ¶¶ 8, 13, 16.  Indeed, Microsoft represents to the Court that Plaintiffs "*expressly*

pleaded violations of federal law."  Brent B. Green letter (Oct. 17, 2005), Affidavit of Roxanne

Barton Conlin ("Conlin Aff.") Ex. 1.

Several facts undeniably establish that Microsoft has manufactured the "federal claims"

and the "spoliation cause of action" out of whole cloth:

(1)     Plaintiffs' well-pleaded jurisdictional allegations state:  *"This complaint is not based upon federal law or any federal question.  No claim for relief is made under*

---

[2] The grievous use of ellipses and paraphrasing will be addressed in greater detail below.

*federal law."*   Proposed Fourth Amended Petition ("Fourth Am. Pet.") ¶ 7 (emphasis added);[3]

(2)  Plaintiffs nowhere in the proposed Petition use the terms "patent" or "patent infringement";

(3)  While Microsoft falsely claims that "Plaintiffs allege that Microsoft 'violated sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Securities Exchange Act," Notice of Removal ¶ 7, the proposed Fourth Amended Petition simply paraphrases an agreed consent order between the Securities and Exchange Commission ("SEC") and Microsoft, which found that Microsoft's recordkeeping practices violated applicable SEC provisions.  Fourth Am. Pet. ¶ 253;

(4)  While Microsoft asserts that Plaintiffs "explicitly" pleaded violations of securities laws "under Fed. R. Civ. P. 8," Green letter, Conlin Aff. Ex. 1, there are no allegations in the proposed Fourth Amended Petition that any Plaintiffs or members of the certified Microsoft *software* classes purchased shares of Microsoft stock, much less that they made any purchases of Microsoft stock the subject of this lawsuit.  The sole purchases at issue are the purchases by class members of Microsoft operating systems and relevant applications *software*;

(5)  While Microsoft asserts that Plaintiffs "explicitly" pleaded a claim for patent infringement, *id.*, there are no allegations in the proposed Fourth Amended Petition that any Plaintiffs or members of the certified classes own any patent rights that Microsoft allegedly infringed;

(6)  Microsoft deceitfully fails to disclose to the Court that the named Plaintiffs and Iowa class members have no standing to assert claims under either the security law provisions cited or for patent infringement; and

(7)  Microsoft also fails to mention that no cause of action for spoliation exists under Iowa law.  *Meyn v. Iowa*, 594 N.W.2d 31 (Iowa 1999).

The clauses and sentences that Microsoft patches together to create its illusion are unnecessary to proving the elements of Plaintiffs' Iowa Competition Law causes of action.

---

[3] This provision (or similar language) appeared in Plaintiffs' Petition, filed February 18, 2000, and in all amended Petitions.  Such a waiver of federal claims is alone sufficient to require remand, *even if made for the first time after removal*.  *Shuster v. Gardner*, 319 F. Supp. 2d 1159, 1165 (S.D. Ca. 2003) (By alleging after removal that this "Amended Complaint asserts only state or common law claims," plaintiff effectively waived any federal claims and remand was granted); *see also Green v. Ameritrade, Inc.*, 279 F.3d 590, 598 n. 7 (8th Cir. 2002) (by orally disavowing any federal claims arising out of the purchase or sale of securities, no federal question existed and case was remanded).

Accordingly, since Microsoft has stated its intention to oppose the *proposed* amendments to the Fourth Amended Petition in their entirety, Plaintiffs have filed with this Court their *modified* proposed Fourth Amended Petition. The revisions remove any reference to the consent decree between Microsoft and the SEC and make even clearer that Plaintiffs are investigating Microsoft's spoliation conduct – not for purposes of asserting a cause of action, but for purposes of a potential adverse instruction to the jury.

Plaintiffs expanded upon the *evidentiary allegations* underlying their state-law causes of action in large part because Microsoft continually objected to any discovery on conduct not specifically mentioned in Plaintiffs' Petition – *even though Iowa is a notice pleading state. See Comes v. Microsoft Corp.*, 696 N.W.2d 318, 324 (Iowa 2005). Microsoft improperly used that objection to delay Plaintiffs' access to relevant discovery.[4] Now Microsoft cynically relies upon Plaintiffs' *evidentiary allegations* to fabricate the supposed basis for removal.

Microsoft's frivolous removal comes after the Iowa Supreme Court has already decided two separate appeals in this certified class action.[5] A third appeal to the Iowa Supreme Court – Microsoft's challenge to the District Court's ruling precluding it from contesting certain factual findings and legal conclusions from *United States v. Microsoft Corp*[6] – is pending and specially set for oral argument on an expedited basis during the week of December 5, 2005. The only conceivable rationale for Microsoft's filing of a removal petition at this juncture was to make one last, desperate effort to frustrate Plaintiffs' efforts to take this matter to trial, in the forum of

---

[4] Microsoft's Responses to Plaintiffs' Second Set of Requests for Production of Documents at 6-8, Conlin Aff. Ex. 2; *see* Microsoft's Opposition to Plaintiffs' Motion to Compel at 1-3, 9, 12, 15-19, Conlin Aff. Ex. 3.

[5] *Comes v. Microsoft Corp.*, 646 N.W.2d 440 (Iowa 2002) (confirming indirect purchaser cause of action under the Iowa Competition Law); *Comes*, 696 N.W.2d at 318 (affirming certification of operating systems and applications purchaser classes).

[6] *United States v. Microsoft Corp.,* Civ. No. 98-1232 (D.D.C.)

their choice, and recover damages for the harm Microsoft has done to Iowa consumers and businesses.

The Court should remand this action *immediately* to Iowa state court – where it belongs – so that oral argument before the Iowa Supreme Court can take place as scheduled and Plaintiffs can proceed to trial as planned.  The Court should also award Plaintiffs the costs and expenses they incurred in bringing this motion, including reasonable attorneys' fees.

## BACKGROUND

I.    **THE *ONLY* CAUSES OF ACTION IN THIS CASE ARISE *SOLELY* UNDER THE IOWA COMPETITION LAW, IOWA CODE § 553.1 *ET SEQ*.**

Plaintiffs assert in their proposed Fourth Amended Petition – as they assert in the currently operative Third Amended Petition, dated February 14, 2003 – that (1) Microsoft illegally monopolized operating systems and applications software markets, in violation of Iowa Code § 553.5, and (2) Microsoft unreasonably restrained trade in those markets, in violation of Iowa Code § 553.4.  *See* Fourth Am. Pet. ¶¶ 266-279 (Counts 1 & 2).  Below are relevant paragraphs from Plaintiffs' proposed Fourth Amended Petition, which establish that Plaintiffs seek relief *solely* under the Iowa Competition Law:

SUMMARY OF THIS ACTION

1.    Plaintiffs bring this class action under the laws of Iowa for damages sustained as a result of Microsoft's anti-competitive and monopolistic practices in the conduct of trade or commerce….  Microsoft has restricted trade in the relevant software markets, resulting in substantial harm both to competition and to the ultimate consumers in those markets….

…

5.    As indirect purchasers of the relevant Microsoft software, Plaintiffs and Class members are therefore entitled to recover damages for the difference between a competitive price for the relevant software and the monopoly price that they paid for Microsoft's products and for their injury from the lack of free choice and the denial of benefits of software innovation and for damages for breaches of security by reason of Microsoft's illegal conduct.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to the Iowa Competition Law, Iowa Stat. § 553.1 *et seq*.

7.      *This complaint is not based upon federal law or any federal question.  No claim for relief is made under federal law…. As the federal courts do not have subject matter jurisdiction over the claims asserted herein, this action is not subject to removal under 28 U.S.C. § 1441* (emphasis added).

…

## COUNT 1

…

273.    As a direct result of Microsoft's conduct, Plaintiffs and members of the Classes incurred the supra-competitive price charged by Microsoft for their use of Microsoft operating system and relevant applications software and suffered additional damages from, *inter alia*, being denied a free choice in a competitive market as well as the benefits of software innovation, as more fully set forth herein.  By asserting specific types of damages, Plaintiffs and members of the Classes do not intend to exclude from their request for recovery any damages permitted them under Iowa law for Microsoft's anticompetitive conduct.  The conduct described in the preceding paragraphs constitutes the establishment, maintenance or use of a monopoly for the purpose of excluding competition or controlling, fixing or maintaining prices *in violation of § 553.5, Code of Iowa 2001* (emphasis added).

274.    Plaintiffs and the members of the Classes are entitled to recover their damages *under § 553.12, Code of Iowa, 2001* (emphasis added).

## COUNT 2

…

276.    … Microsoft and others entered into an illegal contract, combination or conspiracy in unreasonable restraint of trade in the relevant markets at issue herein, *in violation of the Iowa Competition Law, Iowa Stat. §  553.4.*

…

278.    As a direct result of Microsoft's anticompetitive conduct, Plaintiffs and members of the Classes incurred the supra-competitive price charged by Microsoft for their use of Microsoft operating system and relevant applications software and suffered additional damages from, *inter alia*, being denied a free choice in a competitive market as well as the benefits of software innovation, as more fully set forth herein.  By asserting specific types of damages, Plaintiffs and members of the Classes do not intend to exclude from

their request for recovery any damages permitted them under Iowa law for Microsoft's illegal conduct.

279.    Plaintiffs and the members of the Classes are entitled to recover their damages *under § 553.12, Code of Iowa, 2001* (emphasis added).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of each Class, pray for judgment and relief against Microsoft as follows:

…

B.    Plaintiffs and the members of the Microsoft Operating Systems Software Class and the Microsoft Applications Software Class recover their damages… all in an amount to be determined at trial, plus exemplary damages equal to twice the damages they have sustained, and will sustain, *as a result of the violations alleged herein, pursuant to § 553.12, Code of Iowa 2001* ….

(Emphasis added).

## II.    ON OCTOBER 13, 2005, MICROSOFT IMPROPERLY REMOVED THIS LAWSUIT FROM THE DISTRICT COURT FOR POLK COUNTY, IOWA.

Microsoft set forth the three purported grounds for its removal of this long-pending lawsuit in its Notice of Petition and in a letter to the Court dated October 17, 2005. *See* Green letter, Conlin Aff. Ex. 1. First, Microsoft insists that this action, brought *solely* under the Iowa Competition Law, arises under federal law and therefore is removable under 28 U.S.C. §§ 1331 and 1441, even though (a) Plaintiffs have specifically disavowed any claim under federal law, Fourth Am. Pet. ¶ 7, and (b) federal question jurisdiction exists only when a Plaintiffs' Complaint, on its face, affirmatively and distinctly presents a well-pleaded federal question. *See, e.g., Phipps v. F.D.I.C*., 417 F.3d 1006, 1010 (8th Cir. 2005). While nowhere to be found in Plaintiffs' proposed Fourth Amended Petition, Microsoft nevertheless falsely states that Plaintiffs assert claims under the Securities Exchange Act and federal patent laws. *See* Notice of Removal ¶¶ 8-10, 12-13. Microsoft repeated that representation in its recent letter to the Court. *See* Conlin Aff. Ex. 1 (Plaintiffs "expressly pleaded violations of federal law.").

Second, Microsoft asserts that Plaintiffs' mention of an SEC cease and desist order involving Microsoft's accounting practices (in the context of their spoliation allegations) "raise[s] a disputed and substantial issue of federal law."  Notice of Removal ¶ 11.  Microsoft also asserts that Plaintiffs' mention of Burst.com, a company that had asserted patent infringement claims against Microsoft, along with many other antitrust and unfair competition claims, also raises an issue of federal law.

Third, Microsoft asserts that this five-and-a-half year old lawsuit is subject to removal under CAFA because Plaintiffs supposedly asserted a new cause of action for spoliation, *even though no such cause of action exists under Iowa law*, as the Iowa Supreme Court recently reiterated in *Meyn*.

On all three asserted grounds, Microsoft is wrong.

## ARGUMENT

The Court is very familiar with the general principles concerning removal.  Because removal to federal court is not favored, *Ross v. Thousand Adventures of Iowa, Inc*., 163 F. Supp. 2d 1044, 1047 (S.D. Iowa 2001), there is a presumption against the existence of federal jurisdiction.  All doubts are to be resolved in favor of remanding the case to state court. *Kokkonen v. Guardina Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Ross v. Thousand Adventures of Iowa, Inc.,*178 F. Supp. 2d 996, 999 (S.D. Iowa 2001).  When the removing party cannot show the existence of federal jurisdiction for want of subject matter jurisdiction, a court must remand the matter.  *See, e.g*., *In re Atlas Van Lines, Inc.,* 209 F.3d at 1066-67.

I. **MICROSOFT PREMISES REMOVAL OF THIS ACTION ON OUTRAGEOUS MISCHARACTERIZATIONS OF PLAINTIFFS' PROPOSED FOURTH AMENDED PETITION.**

Even a perfunctory review of Plaintiffs' proposed Fourth Amended Petition demonstrates that Plaintiffs' causes of action in this lawsuit arise *solely* under the Iowa Competition Law. *See* Fourth Am. Pet. ¶¶ 1, 273, 276. Plaintiffs assert the same causes of action as in their currently operative Third Amended Petition. Nevertheless, in its recent letter to the Court, Microsoft reiterated its frivolous contention that Plaintiffs "*expressly pleaded violations of federal law….* [T]hey assert a claim for violation of federal securities and patent law under Fed. R. Civ. P. 8." Green letter at 1 (emphasis added), Conlin Aff. Ex. 1. That is complete and utter nonsense.

A. **Contrary to Microsoft's Deceitful Representations, Plaintiffs Are Not Asserting Claims Under Federal Securities Laws.**

In the proposed Fourth Amended Petition, Plaintiffs refer to an SEC cease and desist order (to which Microsoft consented) involving Microsoft's accounting practices. Fourth Am. Pet. ¶ 253. Intending to mislead the Court by quoting only a portion of the relevant paragraph, Microsoft states:

> In the proposed Fourth Amended Petition plaintiffs alleged, "[o]n information and belief" that "Microsoft has mischaracterized or withheld accounting data and other evidence, thereby failing to comply with law." (Fourth Am. Pet. (Ex. B) ¶ 252.) In particular, *plaintiffs alleged that Microsoft*
>
>> *violated Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act and Rules 126-20, 13a-1 and 13a-13 promulgated thereunder.* Microsoft violated such provisions by maintaining undisclosed reserves, accruals, allowances and liability accounts that were not in conformity with generally accepted accounting principles and/or lacked proper documentation for those accounts as required by federal securities laws. The effect of such unlawful practices was to misstate assets and income to shareholders and the public.
>
> (Fourth Am. Pet. (Ex. B) ¶ 253.)

Notice of Removal ¶ 7 (emphasis added). Based on its selective quotation from the Petition, Microsoft states that Plaintiffs are asserting federal securities law claims in this case. *Id.* ¶ 8. In

the same paragraph, Microsoft then quotes from the Prayer for Relief to suggest that Plaintiffs are seeking treble damages for those violations.  *Id.*[7]

In fact, the proposed Petition plainly states that the SEC, not Plaintiffs, had accused Microsoft of securities law violations and that Microsoft entered into a consent decree with respect to those allegations:

> On or about June 3, 2002 the Securities and Exchange Commission imposed a final cease and desist order, consented to by Microsoft, which directed Microsoft to cease and desist from certain practices.  Microsoft agreed that it violated Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act and Rules 126-20, 13a-1 and 13a-13 promulgated thereunder.  Microsoft violated such provisions by maintaining undisclosed reserves, accruals, allowances and liability accounts that were not in conformity with generally accepted accounting principles and/or lacked proper documentation for those accounts as required by federal securities laws.  The effect of such unlawful practices was to misstate assets and income to shareholders and the public.

Fourth Am. Pet. ¶ 253.  The paragraph describes the SEC's allegations against Microsoft.  The paragraph is located among Plaintiffs' spoliation allegations, *in a section clearly titled*: "Microsoft's Practices Of Mischaracterizing And/Or Withholding Of Data And Other Evidence." *See id.* at 87.[8]

Contrary to Microsoft's ridiculous assertion, Plaintiffs do not seek treble damages for Microsoft's violations of the securities laws.  Indeed, they could not since "*there is no private cause of action* for a violation of" the reporting provisions under Section 13 of the Securities Exchange Act.  *See Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 672 (S.D. Ohio 2003)

---

[7] Microsoft partially (and thereby deceptively) quotes the Prayer for Relief, which, as established above, seeks damages "in an amount to be determined at trial" ***not*** for any federal claim (since none are asserted), but "*as a result of the violations alleged herein, pursuant to § 553.12, Code of Iowa 2001*."

[8] Accounting and damages experts in other indirect purchaser state court actions against Microsoft had relied upon the SEC order – and the terms set forth therein – in making adjustments to Microsoft's profit and loss statements for purposes of calculating damages *caused by Microsoft's violations of state antitrust law*.  *See* Deposition of Paul Regan, Conlin Aff. Ex. 4.  Furthermore, the plaintiffs in *Gordon v. Microsoft Corp.*, an indirect purchaser action brought under the Minnesota Antitrust Law, offered the consent decree as a trial exhibit in their case.  *See Gordon v. Microsoft Corp.* Civ. No. 00-5994 (Minn. Dist. Ct.) PX 4221, Conlin Aff. Ex. 5.

(emphasis added).  Moreover, Plaintiffs would have no standing to assert a cause of action against Microsoft for violations of the Securities Exchange Act because they have not alleged injuries due to "buying or selling securities."  *See Green*, 279 F.3d at 597-98 ("Standing under section 10(b) and Rule 10b-5 *is limited to actual purchasers or sellers* of the securities connected with the alleged misstatements or omissions.") (emphasis in original) (citations omitted).

In short, Plaintiffs' reference to the SEC consent order is an *evidentiary allegation* from which Microsoft fraudulently seeks to manufacture a federal cause of action supporting removal. Plaintiffs' proposed amendment merely "adds additional factual allegations which elaborate [their] claims.  They do not change the substance of those claims but merely provide further information."  *Judy v. Pfizer, Inc.*, 2005 WL 2240088, *3 (E.D. Mo. Sept. 14, 2005).  Such allegations are not a proper basis for removal.

**B.     Contrary To Microsoft's False Representation, Plaintiffs Are Not Asserting Claims For Patent Infringement.**

Plaintiffs allege that Microsoft engaged in a continuing course of anticompetitive conduct directed at numerous nascent and actual competitors, to exclude competition, monopolize the relevant software markets, and unreasonably restrain trade.  Plaintiffs have identified several such competitors in their proposed Fourth Amended Petition, including Netscape, Sun Microsystems, Go, Be, Opera, Burst.com, and others.

Burst.com developed streaming media technologies that Microsoft perceived as a threat to its monopoly power in the operating systems and applications software markets.  Fourth Am. Pet. ¶ 212.  Microsoft frivolously insists that Plaintiffs are asserting patent infringement claims in this case because (a) Plaintiffs state that Microsoft's exclusionary conduct included the four words "misappropriati[ng] Burst's intellectual property" and (b) Burst.com happened to have asserted patent claims, along with many other non-patent claims, in a private antitrust lawsuit

against Microsoft.  *See* Notice of Removal ¶¶ 12-13.  Incredibly, Microsoft's recent letter to the Court represents that Plaintiffs *expressly pleaded violations of federal law*, including federal patent law.  *See* Conlin Aff. Ex. 1.

In fact, Plaintiffs nowhere refer to "patents" or "patent infringement" in their proposed Petition, let alone expressly plead patent infringement.  With respect to Burst.com, the proposed Petition states:

> Microsoft has also engaged in *anticompetitive conduct* against Burst.com *as part of its efforts to maintain the applications barrier to entry protecting its operating systems monopoly*.  Burst.com was the developer of core video streaming technology that would enable a provider to perform faster-than-real-time transmissions of time-based media over networks.  As it has done with other smaller competitors, Microsoft was determined to "embrace, extend and extinguish" Burst by, *inter alia*, misappropriating Burst's intellectual property.

Fourth Am. Pet. ¶ 212 (emphasis added).  The last four words of that paragraph cannot in good faith be interpreted to "expressly plead" a patent infringement cause of action. [9]

Simply put, Plaintiffs have not asserted a claim for Microsoft's infringement of Burst.com's patents.  Indeed, they could not do so.  As the United States Supreme Court has held, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin,* 422 U.S. 490, 499 (1975).  Only the "patentee" has a remedy at law for patent infringement.  *See* 35 U.S.C. § 281.  A "patentee" includes only the patentee to whom the patent was issued and the successors in title to the patentee.  *See* 35 U.S.C. § 100.  Plaintiffs do not allege that they are either, and therefore would not have standing to bring a patent infringement claim.  *See, e.g., Speedplay, Inc. v. Bebop, Inc.,* 211 F.3d 1245, 1249-50 (Fed. Cir. 2000).

---

[9] Contrary to Microsoft's characterization of Burst's lawsuit against Microsoft, the intellectual property at issue in the case involved trade secrets.  Burst alleged that Microsoft violated non-disclosure agreements and misappropriated Burst's trade secrets in violation of state law.  *See* Burst.com Compl., 3:02-CV-02930 (N.D. Cal.) ¶¶ 127-141, attached as Ex. C to Microsoft's Notice of Removal.

In short, Microsoft attempts to manufacture a patent infringement claim through false innuendo from four words, among thousands, that set forth Microsoft's anticompetitive conduct for purposes of Plaintiffs' causes of action for monopolization and unreasonable restraint of trade under the Iowa Competition Law.[10]   Not only is such a mischaracterization improper, it is frivolous and sanctionable.   It clearly does not satisfy Microsoft's burden to establish the existence of federal jurisdiction. *Ross I*, 163 F. Supp. 2d at 1047; *see also In re Microsoft Corp. Antitrust Litig.*, 332 F. Supp. 2d 890, 893 (D. Md. 2004) ("MDL") (Plaintiff's reference to federal antitrust laws and reliance in findings of fact from federal government case against Microsoft does not state federal claim.).

---

[10] Microsoft falsely suggests that the first mention of Burst.com in this case occurred when Plaintiffs requested leave to file their proposed Fourth Amended Petition.  That is wrong.  Burst.com has been an issue in this lawsuit for *at least thirteen months*, since Plaintiffs requested in September 2004 that Microsoft produce all discovery from Burst's lawsuit against Microsoft.  Plaintiffs' Second Set of Requests for Production of Documents, RFP Nos. 63-64, Conlin Aff. Ex. 6.  Plaintiffs then moved to compel Microsoft to produce the Burst.com discovery.  Plaintiffs' Memorandum in Support of Motion to Compel at 4-7; Plaintiffs' Reply Brief in Support of Motion to Compel at 15-16, Conlin Aff. Exs. 7-8.  Polk County District Court Judge Scott Rosenberg granted Plaintiffs' motion on July 22, 2005.  *See* Ruling on Plaintiffs' Motion to Compel Discovery, Conlin Aff. Ex. 9.

In seeking removal on Plaintiffs' *proposed* Fourth Amended Petition, Microsoft relies on the rule that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*…." 28 U.S.C. § 1446 (b) (emphasis added).  This section has been broadly interpreted so that a wide variety of documents trigger the thirty-day removal period.  *See, e.g., Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (deposition testimony was "other paper" within the meaning of § 1446(b), thereby triggering removal period); *Loveern v. Gen Motors Corp.*, 121 F.3d 160 (4th Cir. 1997) (discovery material); *Parker v. County of Oxford*, 224 F. Supp. 2d 292 (D. Me. 2002) (correspondence); *Beasley v. Personal Fin. Corp.*, 279 B.R. 523 (S.D. Miss. 2002) (computer files; "any relevant information" is sufficient as "other paper"); *Central Iowa Agri-Systems v. Old Heritage Advertising & Publishers, Inc.*, 727 F. Supp. 1304, 1305 (S.D. Iowa 1989) (pre-suit demand letter); *Hessler v. Armstrong World Indus. Inc.*, 684 F. Supp. 393 (D. Del. 1988) (letters between counsel).   Under this section, the removal period begins when the defendant is able to "intelligently ascertain removability."  *Huffman*, 194 F.3d at 1078 (citations omitted).

Plaintiffs' reference to misappropriations by Microsoft of Burst.com's trade secrets does not make this case removable.  Nevertheless, if Microsoft really believed that it did, the time for Microsoft to have raised that issue *expired at least one year ago* when the issue was first raised in discovery.

II.   **PLAINTIFFS' REFERENCES TO THE SEC ORDER AND TO BURST.COM DO NOT RAISE ANY FEDERAL QUESTIONS THAT WOULD RESULT IN JURISDICTION UNDER 28 U.S.C. § 1331.**

The Court is familiar with the "well-pleaded complaint rule."  *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Under this rule, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  A case "arises under" federal law for § 1331 purposes *only* when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Id.* at 27-28; *see also Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).  Microsoft has not met its burden to establish either circumstance.

Implicitly acknowledging the weakness of its claim that Plaintiffs *expressly pleaded* violations of federal law, Microsoft asserts "[a]lternatively" that "Plaintiffs' claims raise a disputed and substantial issue of federal law."  Notice of Removal ¶ 11.  Microsoft insists that, because Plaintiffs mention the SEC cease and desist order, in the context of their spoliation allegations, they "seek to have a state court construe the requirements of the Securities Exchange Act as a necessary step in proving a state law claim."  *Id.*  Microsoft also insists that, because Plaintiffs mention Burst.com, the patent law violations asserted by Burst, but nowhere mentioned by Plaintiffs, "are necessary elements" of Plaintiffs' causes of action under the Iowa Competition Law.

Even assuming *arguendo* there was a federal issue present in Plaintiffs' "state causes of action" (and there is not) this does not automatically confer federal-question jurisdiction."  *Merrell Dow*, 478 U.S. at 813.  Indeed, "[a]lthough reference to an underlying federal question case or federal statute might arise during litigation, this is not enough to satisfy the well-pleaded

complaint rule." *Pickens v. Gardner*, 2003 WL 22888957, *3 (S.D. Iowa Dec. 3, 2003); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917-919 (5th Cir. 2001) (rejecting argument by defendant that by mentioning the rules, regulations, and statutes of the Federal Trade Commission, plaintiff is stating a claim under the federal Fair Credit Reporting Act).  Microsoft is certainly cognizant of that rule since Judge Motz rejected Microsoft's similar argument in the MDL that federal question jurisdiction existed because the plaintiffs' state-law claim referred to federal antitrust law.  *MDL*, 332 F. Supp. 2d at 894. [11]

### III. CAFA DOES NOT PERMIT REMOVAL OF A PENDING STATE CASE BASED ON ROUTINE AMENDMENTS, SUCH AS THOSE IN PLAINTIFFS' PROPOSED FOURTH AMENDED COMPLAINT.

CAFA, a recent amendment that gives federal courts original jurisdiction over class actions that satisfy certain minimal diversity thresholds, only applies to a "civil action commenced on or after the date of enactment of th[e] Act" (February 18, 2005).  Pub. L. 109-2,

---

[11] Moreover, the reporting provisions under Section 13 of the Securities Exchange Act which are the subject of the SEC Consent decree do not provide a private cause of action.  *See Davis*, 259 F. Supp. 2d at 672.  When Congress has not provided a private cause of action for a violation of a federal statute, this is strong evidence that a claimed violation of the statute is not sufficiently "substantial" to confer federal question jurisdiction.  *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

Microsoft incorrectly claims that *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers*, 159 F.3d 1209 (9th Cir. 1998) supports its removal in this case.  Notice of Removal ¶ 9.  In *Sparta*, the plaintiff brought state law claims against the National Association of Securities Dealers ("NASD") alleging NASD violated its rules by de-listing plaintiff's stock.  159 F.3d at 1211.  The Ninth Circuit allowed the removal, holding that federal law was essential because the plaintiff could not prevail under its state causes of action without establishing a violation of federal law.  *Id.* at 1212.  The *Sparta* court recognized that the Securities Exchange Act expressly requires the NASD to comply with both the Securities Exchange Act and the association's rules (which were issued pursuant to the SEC's approval).  *Id.*  Thus, the action fell within the exclusive jurisdiction provision of 15 U.S.C. § 78aa, which "confers exclusive jurisdiction upon the federal courts for suits brought to enforce the Act or rules and regulations thereunder."  *Id.*  Plaintiffs' state competition claims are not within the Securities Exchange Act's "exclusive jurisdiction" provision because Plaintiffs' proposed Fourth Amended Petition cannot be construed as a suit "brought to enforce the Act or rules and regulations thereunder."  As a result, it is of no surprise that Microsoft does not assert jurisdiction under 15 U.S.C. § 78aa.  Moreover, federal law is not essential to this case because Plaintiffs need not establish a violation of the Securities Exchange Act to establish liability under their Iowa state law antitrust causes of action.  Accordingly, *Sparta* does not support Microsoft's improper removal of this case in any manner.

§ 9.   Nevertheless, Microsoft seeks removal of this five-and-a-half year old action based on CAFA. [12]

Because "a routine amendment to the complaint [such as the one in this case] does not commence a new suit," *Schorsch*, 417 F.3d at 749, Microsoft tries to characterize the proposed Fourth Amended Petition as adding new causes of action.  In its Notice of Removal, Microsoft asserts that Plaintiffs are asserting a new cause of action based on the spoliation allegations in paragraphs 252-255 of their proposed Fourth Amended Petition.  *See* Notice of Removal ¶ 16.  Microsoft's removal on this ground is particularly suspect given that spoliation of evidence is not and cannot be a separate cause of action under Iowa law.   That issue was clearly and unequivocally decided by the Iowa Supreme Court in *Meyn*, 594 N.W.2d 31.   Microsoft's removal is also suspect because – as Judge Easterbrook observed in a similar effort to misuse CAFA – "[i]t removed the *whole* suit, not just the [supposedly new] claim…--though its theory of removal supposes that [plaintiff] commenced a piece of litigation distinct from the [existing] claim." *Schorsch*, 417 F.3d at 750.   Finally, it is suspect because Plaintiffs clearly identified spoliation as an issue in this case by March 2005. [13]   *See* Memorandum in Support of Plaintiffs' Motion to Compel at 5, Conlin Aff. Ex. 7.

Plaintiffs are simply pleading evidentiary facts that have come to light since Plaintiffs' Third Amended Petition was filed, which they believe may ultimately justify an adverse inference instruction such as that given in *Madison v. I.B.P. Inc.*, 149 F. Supp. 2d 730 (S.D. Iowa

---

[12] State law governs the determination when a case has been "commenced" for purposes of CAFA.  *Schorsch*, 417 F.3d at 750.  In Iowa, the commencement of a civil action occurs upon the *filing* of the petition with the district court.  Iowa R. Civ. P. 1.301(1).  Plaintiffs commenced this action under the Iowa Competition Law in February 2000 – five years prior to the enactment of CAFA.  *See* Petition, Conlin Aff., Ex. 10.

[13] Thus, even assuming *arguendo* a cause of action could be stated under Iowa law, Microsoft's removal on this basis was untimely.  *See* note 10, *supra*.

1999)(Procedrual history omitted as the court is familiar with the case).   It is ironic that Plaintiffs' efforts to fully apprise Microsoft of their intent to seek to admit such evidence has been perverted by Microsoft to disrupt the progress of this long-delayed case, since Microsoft has insisted repeatedly that factual issues not specifically pleaded in the Petition are not part of this lawsuit.

## IV.   PLAINTIFFS' WITHDRAWAL OF "OFFENDING" PORTIONS OF THE PROPOSED FOURTH AMENDED PETITION ELIMINATES ANY REMAINING QUESTION – HOWEVER IMPLAUSIBLE – THAT FEDERAL JURISDICTION EXISTS.

Removal based on federal question jurisdiction is generally determined from the face of the plaintiff's "well-pleaded complaint" as it existed at the time of removal. *See, e.g., Phipps*, 417 F.3d at 1010 (8th Cir. 2005); *Adams v. Bank of Am., N.A.,* 317 F. Supp. 2d 935, 940 (S.D. Iowa 2004).   Of course, the filed operative complaint is Plaintiffs' Third Amended Petition, which Microsoft does not allege is subject to removal.   Instead, Microsoft removed based on *proposed* allegations in Plaintiffs' proposed Fourth Amended Petition.   *See* Notice of Removal ¶¶ 3,4

Relying upon 28 U.S.C. § 1446(b), this Court has held that a motion to amend a petition, if sufficiently giving notice to the defendant of a substantial federal claim, starts the thirty-day time limit for removal.   *Webster v. Sunnyside Corp.*, 836 F. Supp. 629 (S.D. Iowa 1993).   In *Webster*, the Court concluded that the defendant, when faced with such a situation, must make a choice of either consenting to the amendment and removing or, opposing the proposed amendment.   Here, Microsoft has sought to have it both ways.   Microsoft chose to remove at a time when Plaintiffs' *proposed* Fourth Amended Petition had not yet been accepted by the Iowa District Court.   Therefore, Plaintiffs have the right, without leave of Court, to modify their

proposed Petition in whole or in part.  Otherwise, Microsoft's actions would circumvent the requirements of *Webster*.

Plaintiffs have simply added "factual allegations which elaborate [their] original claims" and those additional factual allegations "do not change the substance of [their] claims but merely provide further information."  *Judy*, 2005 WL 2240088, at *3.  In short, these are "routine amendments."  *Schorsch*, 417 F.3d at 751.  Plaintiffs have always asserted that "[t]his complaint is not based upon federal law or any federal question[, and that n]o claim for relief is made under federal law."  Fourth Am. Pet. ¶ 7.

Because Plaintiffs have disclaimed any intention of asserting a federal cause of action, the [Modified Proposed] Fourth Amended Petition removes any evidentiary allegations upon which Microsoft improperly relies to claim that Plaintiffs have asserted federal claims.  As the Eighth Circuit has recognized, such amendments or disclaimers for such purpose are entirely proper.  *Green*, 279 F.3d at 598 n. 7; *see also Schuster*, 319 F. Supp. 2d at 1164 (given plaintiff's disavowal of any federal claim, "not remanding the case to state court would work a manifest injustice by forcing the plaintiff to litigate a federal securities class action he did not intend to bring.").  Accordingly, since the allegations upon which Microsoft deceitfully bases removal are gone, an immediate remand is warranted.

## V.    THE COURT SHOULD AWARD PLAINTIFFS THE FULL AMOUNT OF THE ATTORNEYS' FEES, COSTS AND EXPENSES INCURRED IN CONNECTION WITH MICROSOFT'S IMPROPER REMOVAL.

As Judge Easterbrook wrote, "Defendants should recognize that 28 U.S.C. § 1447(c) makes an award of attorneys' fees the norm for improper removal."  *Schorsch*, 417 F.3d at 751.  Indeed it is now well established that the prevailing plaintiff, in order to recover attorneys' fees for improper removal, is not required to demonstrate bad faith on the part of the removing party.  *See Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999).  As recently articulated by the Ninth

Circuit, an award of attorneys' fees for wrongful removal is appropriate when a defendant's removal, even if "fairly supportable," is wrong as a matter of law.  *See Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Given that Microsoft has deceitfully misrepresented the contents of Plaintiffs' proposed Fourth Amended Petition, Microsoft's removal petition is not even "fairly supportable."  As a result of its inappropriate action, Microsoft has forced Plaintiffs to divert resources that would otherwise have been devoted to preparing this monumental case for trial.  Therefore, even with a remand, Microsoft still benefits by its wrongful act.  An award of attorneys' fees, costs and expenses to Plaintiffs (along with any other relief the Court may order) therefore is not only appropriate, but an essential first step to righting the wrong caused by Microsoft's improper removal. [14]

## CONCLUSION

Microsoft's removal of this action was improper. Indeed, it was frivolous.  The Court should remand this action immediately to the Iowa District Court for Polk County and award Plaintiffs the costs and expenses incurred in bringing this motion, including reasonable attorneys' fees.

Dated:  October 18, 2005.

/s/ Roxanne Barton Conlin
Roxanne Barton Conlin
Roxanne Conlin & Associates, P.C.
319 7th Street, Suite 600
Des Moines, Iowa  50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477

---

[14] The costs and expenses incurred as a result of Microsoft's unlawful removal of this action include not only those incurred in connection with this remand motion, but also with Plaintiffs' resistance to the flurry of motions Microsoft filed in federal court immediately upon removing this action.

Email: roxlaw@aol.com


  /s/ Richard M. Hagstrom
Richard M. Hagstrom
Zelle, Hofmann, Voelbel, Mason & Gette
500 Washington Avenue South
Suite 4000
Minneapolis, MN 55415
Phone: 612-339-2020
Fax:  612-336-9100
Email: Rhagstrom@zelle.com
ATTORNEYS FOR PLAINTIFFS


        I hereby certify that on October 18, 2005. I electronically filed the foregoing document
with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all
CM/ECF participants.

David B. Tulchin
Joseph E. Neuhaus
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Email: NEUHAUSJ@sullcrom.com
TULCHIND@sullcrom.com

Edward Remsburg
Ahlers & Cooney, P.C.
100 Court Avenue
Suite 600
Des Moines, Iowa 50309
EREMSBURG@ahlerslaw.com

Brent B. Green
Bradley C. Obermeier
Duncan, Green, Brown & Langeness
A Professional Corporation
400 Locust Street, Suite 380
Des Moines, Iowa 50309
bgreen@duncangreenlaw.com

ATTORNEYS FOR DEFENDANT

/s/ Roxanne Barton Conlin
Roxanne Barton Conlin
Roxanne Conlin & Associates, P.C.
319 7th Street, Suite 600
Des Moines, Iowa  50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477
Email: roxlaw@aol.com


 /s/ Richard M. Hagstrom
Richard M. Hagstrom
Zelle, Hofmann, Voelbel, Mason & Gette
500 Washington Avenue South
Suite 4000
Minneapolis, MN 55415
Phone: 612-339-2020
Fax:  612-336-9100
Email: Rhagstrom@zelle.com