# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation, | : : : | No. CV 05-562 |
| Plaintiffs, | : : | |
| v. | : : : | **PLAINTIFFS' BRIEF IN RESISTANCE TO DEFENDANT'S MOTION TO STAY** |
| MICROSOFT CORPORATION, a Washington Corporation, | : : : | |
| Defendant. | : : | |

Roxanne Barton Conlin
**Roxanne Conlin & Associates, P.C.**
319 7th Street, Suite 600
Des Moines, Iowa 50309
Phone: (515) 283-1111
Fax: (515) 282-0477
Email: roxlaw@aol.com

        and

Richard M. Hagstrom
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, Minnesota 55415
Phone: (612) 339-2020
Fax: (612) 336-9100

**ATTORNEYS FOR PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED**

**TABLE OF CONTENTS**

**ARGUMENT**........................................................................................................................ 3

**BACKGROUND**……………………………………………………………………… 5

   I.  THIS COURT HAS THE SOLE AUTHORITY TO DECIDE PENDING MOTIONS, AND IT SHOULD EXERCISE THAT AUTHORITY WHEN TRANSFER TO AN MDL PROCEEDING IS MERELY A THEORETICAL POSSIBILITY…………………… 6

   II.  IN THE INTEREST OF JUDICIAL ECONOMY AND TO PREVENT GREAT AND IRREPARABLE INJURY TO PLAINTIFFS, THE MOTION TO STAY MUST BE DENIED………………………………………………………………………… 9

      A.  The Issues Raised By Plaintiffs' Motion To Remand Are Unique To This Case; Therefore, Judicial Economy Favors A Prompt Ruling………………………… 9

      B.  Plaintiffs Will Be Severely And Irreparably Harmed By Months Of Delay Threatening The Iowa Supreme Court Ruling On Collateral Estoppel And The Scheduled September 18, 2006 Trial Date, While Microsoft Will Not Be Prejudiced By A Prompt Ruling On The Motion To Remand…………………………………………….10

  **CONCLUSION**……………………………………………………………………… 12

# TABLE OF AUTHORITIES

**Cases**

*Baoudreaux v. Metropolitan Life Insurance*, 1995 WL 83788 (E.D. La. Feb. 21, 1995) ...............8

*Clinton v. Jones*, 520 U.S. 681(1997)..................................................................................7

*Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La., April 19, 2000)...................................8

*Farakas v. Bridgestone/Firestone, Inc*., 113 F.Supp.2d 1107 (W.D. Ken. 2000) ..........................6

*Illinois Municipal Retirement Fund v. Citigroup, Inc*., 391 F.3d 844(7th Cir. 2005) ....................4

*In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348................................................8

*In re Consolidated Fen-Phen Cases*, 2003 WL 22682440 (E.D. N.Y., Nov. 12, 2003) .................5

*In re Massachusetts Diet Drug Litigation*, 338 F.Supp.2d 198, 201 (D. Mass. 2004)....................5

*In re Prudential Ins.*, 170 F.Supp.2d 1346  ...................................................................................8

*Johnson v. Micron Technology, Inc.*, 354 F.Supp.2d 736 (E.D. Mich. 2005)  ...............................7

*Meyer v. Bayer, AG*, 143 F. Supp. 1044 (E.D. Wis. 2001)...............................................................8

*Sherwood v. Microsoft, Corp.*, 91 F.Supp.2d 1196 (M.D. Tenn. 2000)  .......................................5

*United States v. Microsoft Corp.*, 87 F. Supp.2d 30 (D.D.C. 2000 ...............................................3

**Other**

28 U.S.C. §1447...................................................................................................................1, 9

28 U.S.C. § 1407 ..........................................................................................................................4

In filing its motion to stay, Microsoft has revealed its desire to exile Plaintiffs and their claims to a "no-man's land" where they would languish for months while transfer issues are litigated and decided. It is undisputed that:

1. Right now, this Court alone has the authority to determine whether remand is required under 28 U.S.C. §1447;

2. Although Microsoft notified the Judicial Panel on Multidistrict Litigation ("JPML") that this case *may* be related to a MDL proceeding titled *In re: Microsoft Corp. Windows Operating Systems Antitrust Litigation*, the JPML has not issued a Conditional Transfer Order ("CTO");

3. Even if the JPML issued a CTO, such an order would merely trigger the procedures in the Rules on Multidistrict Litigation for deciding whether a transfer is appropriate for a given case;

4. If a CTO were issued Plaintiffs would vigorously oppose any transfer given the procedural posture of this case, and thus, months would pass while the parties brief and the JPML decides the transfer issue;

5. The Iowa Supreme Court has agreed to an expedited interlocutory appeal on the collateral estoppel effect to be given to prior adverse rulings against Microsoft, and has scheduled oral argument for December 5, 2005;

6. The JPML has a full docket until at least March 2006, meaning that it would not be able to decide the pending motion to remand for *at least five months* even if a CTO were issued today;

7. The possibility of a transfer to an MDL court is and will for several months be purely speculative.

If the Court were to grant the motion to stay, Microsoft will have achieved its primary objective of derailing an imminent ruling by the Iowa Supreme Court on collateral estoppel, and thereby delay the September 18, 2005, trial date of this case in the Iowa District Court. Thus, Plaintiffs would sustain substantial and irreparable harm. Microsoft, on the other hand, merely speculates about the possibility of judicial inefficiency and unspecified prejudice that allegedly *could* happen at some time in the distant future if their motion is not granted. Such speculation does not constitute prejudice when set in contrast to the real and imminent harm Plaintiffs would

suffer by a delay. A stay simply is not justified. Consequently, and for the reasons stated below, Plaintiffs respectfully request that the motion for a stay be denied in its entirety.

## BACKGROUND

Plaintiffs sought class certification for two classes of consumers, which was granted by the Iowa District Court on October 16, 2003. Microsoft appealed the class certification decision. On May 13, 2005, the Iowa Supreme Court ruled that class certification was properly granted.

Substantial discovery has taken place, and continues to occur, since class certification. Significant time and expense has also been incurred by Plaintiffs in pretrial preparation. On July 6, 2005, the Iowa District Court appointed a Special Master at the joint request of Plaintiffs and Microsoft to rule on objections to trial exhibits and designations of prior testimony. *See* Exhibit A attached to Plaintiffs' Memorandum in Support of Motion for Expedited Relief on Motion to Remand. On July 7, 2005, the Iowa District Court issued an Amended and Substituted Pre-Trial Scheduling Order, setting forth deadlines for the completion of pretrial activities, including the completion of fact discovery, exchange of expert reports, completion of expert depositions, exchange of witness lists, filing of dispositive motions, filing of motions in limine, submission of jury instructions and resolution of all objections to trial exhibits and testimony designations. Trial is scheduled to commence on September 18, 2006. *See* Exhibit B, attached to Plaintiffs' Memorandum in Support of Motion for Expedited Relief on Motion to Remand.

On December 17, 2004, the Iowa District Court granted Plaintiffs' motion seeking to collaterally estop Microsoft from re-litigating certain factual findings and conclusions of law established in *United States v. Microsoft Corp.*, 87 F. Supp.2d 30 (D.D.C. 2000), *aff'd in part*, *rev'd in part*, and *rem'd in part*, 253 F.3d 34 (D.C. Cir. 2001). *See* Exhibit C, attached to Plaintiffs' Memorandum in Support of Motion for Expedited Relief on Motion to Remand. Microsoft chose to seek an interlocutory appeal of that order, claiming it was a critical issue that

5

had to be decided by the Iowa Supreme Court before it and Plaintiffs spent the time and money to litigate the remaining issues.  *See* Exhibit D, attached to Plaintiffs' Memorandum in Support of Motion for Expedited Relief on Motion to Remand.  Plaintiffs agreed to an interlocutory appeal on the condition that it be briefed, heard and decided on an expedited basis so that the pretrial schedule and September 18, 2006, trial date would not be disturbed.  *See* Exhibit E, pp. 12-16, attached to Plaintiffs' Memorandum in Support of Motion for Expedited Relief on Motion to Remand.  An expedited interlocutory appeal was granted by the Iowa Supreme Court.  The appeal was briefed on an expedited schedule, which has been completed and the Iowa Supreme Court has issued an order setting the hearing for the week of December 5, 2005.  *See* Exhibit F, attached to Plaintiffs' Memorandum in Support of Motion for Expedited Relief on Motion to Remand.  In its LR 8.1(a)(2) List of Pending Matters, Microsoft omitted any mention of its pending appeal.  *See* Exhibit G, attached to Plaintiffs' Memorandum in Support of Motion for Expedited Relief on Motion to Remand.

### ARGUMENT

A stay would not result in judicial economy.  To the contrary, it would result in great and irreparable injury to Plaintiffs.  There is no reason, legal or equitable, justifying a stay.  Like the notice of removal, the motion to stay is nothing more than a bad faith attempt by Microsoft to derail Iowa state court proceedings that have reached a critical point.  Plaintiffs request that the motion be denied.

**I.   THIS COURT HAS THE SOLE AUTHORITY TO DECIDE PENDING MOTIONS, AND IT SHOULD EXERCISE THAT AUTHORITY WHEN TRANSFER TO AN MDL PROCEEDING IS MERELY A THEORETICAL POSSIBILITY.**

This Court alone has the authority to decide whether Microsoft properly sought to invoke federal jurisdiction when it removed this case.  There are no competing proceedings before the

JPML, as it has not issued any orders whatsoever. Moreover, even if the JPML were to issue a CTO, the authority of this Court would be unaffected. As Multidistrict Litigation Rule 1.5 explicitly acknowledges:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."

It is clear that this Court has sole jurisdiction over the motion to remand – and that its authority would continue even if a CTO were issued by the JPML at some point in the future. *See, e.g., Illinois Municipal Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2005) (district court did not exceed its authority in issuing a remand order after JPML issued a conditional transfer order). Indeed, the JPML actively encourages district courts to handle the matters pending before them after CTOs are issued. Thus, when the JPML issues a CTO (which has not happened here), it also sends a standard letter stating:

> [Y]our jurisdiction continues until any transfer ruling becomes effective. If you have a motion pending before you in any of the actions - **- particularly a motion to remand to state court (if the action was removed to your court) - - you are encouraged to rule on the motion** unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there.

*See In re Massachusetts Diet Drug Litigation*, 338 F.Supp.2d 198, 201 (D. Mass. 2004)

Based in part on this instruction, the court in *Massachusetts Drug* rejected the very motion that Microsoft is making here. *Id.* The *Massachusetts Drug* court also concluded that it should rule on a motion to remand rather than deferring (and delaying) in favor of the proposed transfer because, even if the transfer became a reality, the MDL court had "no superior experience or expertise" with the issues. Consequently, a stay was not justified and would arguably have constituted an abuse of discretion under the circumstances. *Id.* Likewise, relying

7

on the standard JPML letter quoted in Massachusetts, the district court in *In re Consolidated Fen-Phen Cases*, refused to stay a motion to remand because "the MDL Panel encouraged [the court] to decide the issue" and because the MDL court did not have "superior institutional competence" to resolve the issues presented by the motion to remand. 2003 WL 22682440 (E.D. N.Y., Nov. 12, 2003).

Because of the fundamental nature of federal court jurisdiction, several district courts have refused to issue a stay in a case prior to a determination of whether the court has acquired proper removal jurisdiction. *See Sherwood v. Microsoft, Corp.*, 91 F.Supp.2d 1196, 1199 (M.D. Tenn. 2000). As in the present case, in *Sherwood* Microsoft sought to stay a ruling on a motion to remand pending a decision by the JPML on whether the case should be transferred to the MDL. *Id.* at 1198. The district court, however, refused to stay the action without first determining if it had jurisdiction over the case. *Id.* at 1199. The *Sherwood* court noted that without proper jurisdiction "there is not any action to transfer" therefore, there would be no reason to stay the action pending transfer. *Id.* Instead, its "first obligation is to determine whether the Court has subject matter jurisdiction" and "jurisdictional issues should be decided as soon as practicable." *Id.*

Likewise, in *Farakas v. Bridgestone/Firestone, Inc.*, the district court refused to stay an action pending a decision on transfer by the JPML. 113 F.Supp.2d 1107, 1114-15 (W.D. Ken. 2000). *Farakas* rejected the argument that it would be more efficient to stay the action pending a transfer ruling, stating that "a court must have the power to decide an issue before passing judgment on the reasonableness of any particular solution." *Id.* According to *Farakas*, "the issue of subject matter jurisdiction is even more fundamental than considerations of efficiency or fairness . . ." *Id.*

Here, in a transparent delay tactic, Microsoft is asking this Court to ignore the lack of federal jurisdiction that is so abundantly obvious and to visit months of prejudicial delay on the Plaintiffs. Microsoft wants the Court to jump the jurisdictional hurdle and stay this action based on speculation that a CTO will be issued and that the JPML will ultimately transfer this matter to the MDL court. Plaintiffs submit that this abuse of the removal and MDL transfer procedures should not be tolerated, and respectfully request that the Court rule on the motion to remand before taking any other action.

## II. IN THE INTEREST OF JUDICIAL ECONOMY AND TO PREVENT GREAT AND IRREPARABLE INJURY TO PLAINTIFFS, THE MOTION TO STAY MUST BE DENIED.

### A. The Issues Raised By Plaintiffs' Motion To Remand Are Unique To This Case; Therefore, Judicial Economy Favors A Prompt Ruling.

The interests of judicial economy dictate that this Court promptly address the motion to remand and deny the motion to stay. There are no grounds for deferring to the MDL court based on the speculative possibility of a transfer. Indeed, to issue a stay based on the speculative possibility of a transfer would constitute an abuse of discretion. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (it is an abuse of discretion to issue a stay, and in particular a lengthy blanket stay, based on speculation and factually unsubstantiated claims of judicial economy and potential harm to the movant in absence of a stay).

This is particularly true in cases like this one, where the issues presented on remand are unique to this litigation. There is no commonality between the issues raised in the remand motion and the substantive legal issues that the MDL court might arguably have to address in the event of a transfer five months or more from now. Microsoft alleged in its removal that Plaintiffs' proposed Fourth Amended Petition raises a federal question. The proposed Fourth Amended Petition, however, is based entirely on Iowa State law. Therefore, the remand motion

is based on the contents of the petition and an interpretation of the claims it asserts under Iowa state law. The MDL court would have no superior experience or expertise with Iowa state law. Indeed this court has the expertise in applying Iowa law because this court sits in Iowa. The issues that need to be addressed in determining the propriety of remand are totally unique to this case and they have not, nor will they ever, arise in other litigation currently part of the MDL process.

In light of the uniqueness of the issues which need to be addressed, no judicial economy will be realized by deferring to the MDL judge on the motion to remand. In fact, judicial economy will best be realized by a prompt ruling and not by protracted litigation before the JPML. Section 1407 and JPML Rule 1.5 have been interpreted to discourage district courts from staying pending motions where judicial economy favors their resolution prior to transfer. *See Johnson v. Micron Technology, Inc.*, 354 F.Supp.2d 736, 739-40 (E.D. Mich. 2005) (citing Manual for Complex Litigation, § 20.132, at 220-221). In *Johnson* the court refused to stay an action because the issues involved in the motion to remand were unique to the case and did not involve questions of law and fact common to similar claims already consolidated in the MDL. 354 F.Supp.2d at 740. *Accord In re Massachusetts Diet Drug Litigation*, 338 F.Supp.2d at 201 (refusing to stay action where issues raised in motion to remand were unique to case and, consequently, unlikely to arise in other MDL cases).[1]

**B.** **Plaintiffs Will Be Severely And Irreparably Harmed By Months Of Delay**

---

[1] Some district courts have stayed action on a remand motion pending transfer. *See Meyer v. Bayer, AG*, 143 F. Supp. 1044 (E.D. Wis. 2001), *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La., April 19, 2000), and *Baoudreaux v. Metropolitan Life Insurance*, 1995 WL 83788 (E.D. La. Feb. 21, 1995). Those cases are all inapposite here for at least two reasons. First, unlike this case, CTOs had been issued and transfer to an MDL Court had already been ordered or was imminent. Second, and more importantly in this instance, the issues raised by the motion to remand were the same as the issues raised in multiple other cases that had been or were being transferred to the MDL. *See Meyers*, 143 F. Supp.2d at 1049; *Falgoust*, 2000 WL 462919; *Boudreaux*, 1995 WL 83788. Here, in contrast, a CTO has not been issued, transfer is not imminent, and the issues raised by the motion to remand filed by Plaintiffs are unique to this case. Therefore, this Court is in the best position to rule on those issues.

**Threatening The Iowa Supreme Court Ruling On Collateral Estoppel And The Scheduled September 18, 2006 Trial Date, While Microsoft Will Not Be Prejudiced By A Prompt Ruling On The Motion To Remand.**

Any delay in ruling on the motion to remand in this case would cause great and irreparable harm to Plaintiffs because the Iowa Supreme Court's ruling on collateral estoppel will be delayed, thereby derailing the long-overdue September 2006 trial date. A stay now would mean that a ruling on remand could not be made until after the JPML decides whether to issue a CTO, rules on the motion in opposition that Plaintiffs would file, and decides where the case should be venued. That process generally takes months. *In re Prudential Ins.*, 170 F.Supp.2d 1346, 1347 (Judicial Panel on Multidistrict Litigation 2001) (noting that the district court has plenty of time to rule on a motion to remand because the JPML transfer process takes months to complete); *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348, 1349 n.1 (Judicial Panel on Multidistrict Litigation 2001) (same). Such a delay would upset the pre-trial schedule in this case.

Microsoft, on the other hand, is not prejudiced by expediting the litigation. The only prejudice claimed by Microsoft is that it is burdensome to respond to allegedly overlapping claims. *See* Microsoft Memo at 6. However, this case has been litigated for years so there can be little prejudice in proceeding for a few additional weeks. Additionally, if the federal courts lack jurisdiction over this case, it must be remanded whether Microsoft is prejudiced or not. See 28 U.S.C. § 1447(c). Therefore, Microsoft's asserted prejudice relates to the limited nature of federal jurisdiction, not to a failure to defer ruling on whether the court has jurisdiction.[2]

---

[2] Microsoft cites several unpublished decisions for the proposition that prejudicial delay will not prevent the action from being stayed. Microsoft Memo., p. 10. However, those cases were at a much more preliminary stage of the litigation where a delay of several months would not be very prejudicial. Unlike in those cases, here a stay will result in real disruption to the state court action. Microsoft cites several unpublished decisions where stays were granted. *See* Microsoft Memo, pp. 6-8. However, in all these cases the court determined that certain pending motions should not be addressed because they involved issues in common with the MDL litigation. Again, the issues Plaintiffs raise in their motion to remand are unique to this case. Additionally, the vast majority of the


## CONCLUSION

Based on the foregoing, Plaintiffs respectfully ask this Court to rule promptly on the motion to remand and to deny the motion for a stay.

---

unpublished cases cited by Microsoft were issued in 2000-2001, at the very inception of the MDL process. This case, however, is in an advanced stage of litigation and is well beyond the preliminary matters which those cases shared in common.

Dated:  October 20, 2005.                                          /s/ Roxanne Barton Conlin_____
Roxanne Barton Conlin
Roxanne Conlin & Associates, P.C.
319 7th Street, Suite 600
Des Moines, Iowa  50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477
Email: roxlaw@aol.com


 \_/s/ Richard M. Hagstrom_____
Richard M. Hagstrom
Zelle, Hofmann, Voelbel, Mason & Gette
500 Washington Avenue South
Suite 4000
Minneapolis, MN 55415
Phone: 612-339-2020
Fax:  612-336-9100
Email: Rhagstrom@zelle.com
ATTORNEYS FOR PLAINTIFFS


I hereby certify that on October 20, 2005, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

David B. Tulchin
Joseph E. Neuhaus
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Email: NEUHAUSJ@sullcrom.com
TULCHIND@sullcrom.com

Edward Remsburg
Ahlers & Cooney, P.C.
100 Court Avenue
Suite 600
Des Moines, Iowa 50309
EREMSBURG@ahlerslaw.com

Brent B. Green

Bradley C. Obermeier
Duncan, Green, Brown & Langeness
A Professional Corporation
400 Locust Street, Suite 380
Des Moines, Iowa 50309
bgreen@duncangreenlaw.com

ATTORNEYS FOR DEFENDANT

/s/ Roxanne Barton Conlin
Roxanne Barton Conlin
Roxanne Conlin & Associates, P.C.
319 7th Street, Suite 600
Des Moines, Iowa  50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477
Email: roxlaw@aol.com


 /s/ Richard M. Hagstrom
Richard M. Hagstrom
Zelle, Hofmann, Voelbel, Mason & Gette
500 Washington Avenue South
Suite 4000
Minneapolis, MN 55415
Phone: 612-339-2020
Fax:  612-336-9100
Email: Rhagstrom@zelle.com