## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation, | : | No.  CV 05-562 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, a Washington corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MICROSOFT'S REPLY MEMORANDUM IN
## SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING
## TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*Of Counsel*:

Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
Phone:  (425) 936-8080
Fax:  (425) 869-1327

Edward W. Remsburg
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
(515) 243-7611

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN &
   LANGENESS P.C.
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Phone:  (212) 558-4000
Fax:  (212) 558-3336

November 1, 2005

*Attorneys for Microsoft Corporation*

## TABLE OF CONTENTS

PAGE

ARGUMENT ...................................................................................................................... 2

    I.    The Only Supposed "Prejudice" Identified in Plaintiffs' Resistance to Microsoft's Motion Was Mooted by the Court's October 24 Ruling. ........ 2

    II.   Plaintiffs Do Not Dispute That a Stay of This Action Pending a Transfer Decision By the JPML Will Further the Interests of Judicial Economy and Efficiency. ............................................................................................... 4

CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

PAGE(S)

*CASES*

*Cheeseman* v. *Microsoft Corp.*, No. 2:99-CV-396 (D. Vt. Feb. 29, 2000)..........................4

*In re Managed Care Litig.*, 246 F. Supp. 2d 1363 (JPML 2003) ........................................3

*RULES*

J.P.M.L. R. P. 7.4...............................................................................................................3

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation, | : | No. CV 05-562 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, a Washington corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MICROSOFT'S REPLY MEMORANDUM IN
## SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING
## TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Plaintiffs have not argued that judicial economy and efficiency would be furthered in any way by requiring the parties to litigate discovery and other pretrial issues here rather than in a court that is already thoroughly familiar with the claims in this case. Likewise, plaintiffs do not dispute that if their remand motion is denied, this action will almost certainly be transferred to the District of Maryland. Rather, the sole basis for plaintiffs' resistance to Microsoft's stay motion is that a delay in a ruling on their remand motion might cause the Iowa Supreme Court to postpone a December 5, 2005 hearing date on Microsoft's appeal of the state trial court's collateral estoppel ruling. That concern is now moot. On October 24, this Court indicated that it would rule on the remand motion before December 5. The Court's October 24 ruling effectively eliminates the only source of potential prejudice identified by plaintiffs.

## ARGUMENT

**I.     The Only Supposed "Prejudice" Identified in Plaintiffs' Resistance to Microsoft's Motion Was Mooted by the Court's October 24 Ruling.**

In their resistance to Microsoft's motion, plaintiffs claimed that the supposed "substantial and irreparable harm" they would incur if this case were stayed would be that "an imminent ruling by the Iowa Supreme Court on collateral estoppel" could be "derail[ed]," which might, in turn, delay the September 2006 trial date set by the Iowa Supreme Court. (Pls. Resistance at 4). This Court's decision to expedite briefing on the remand motion eliminates the potential prejudice to which plaintiffs pointed.

Contrary to plaintiffs' unsupported assertion that Microsoft removed this case for the purpose of delay (Pls. Resistance at 4), Microsoft has specifically excluded from its stay request both (a) the ongoing Special Master process to resolve objections to the parties' trial exhibit and prior-testimony designations and (b) Microsoft's now virtually-completed production of approximately 16 million pages of documents pursuant to the state court's July 22, 2005 order. Microsoft merely suggests a brief stay of any new discovery or motion practice in this case until after the JPML has ruled on the transfer issue. The next deadline set forth in the state court's July 7, 2005 Scheduling Order -- the filing of plaintiffs' expert reports -- is not scheduled to occur until March 3, 2006.[1] Plaintiffs can assert no credible claim that they would be prejudiced in any way if other proceedings in this case are stayed during that time.

---

[1]     The state court's July 7, 2005 Amended and Substituted Pretrial Scheduling Order is attached as Exhibit C to Microsoft's opening brief on this motion, filed October 13, 2005.

Contrary to plaintiffs' stated concern about "delay," they are resisting Microsoft's efforts to move this case forward. On October 25, 2005, Microsoft sent plaintiffs a proposed stipulated order appointing Mark McCormick, the Special Master appointed by the Iowa state court, to continue in that role in the federal proceedings. (*See* Attachment A hereto.) Plaintiffs have refused to stipulate to the order, on the asserted ground that their remand motion should take precedence. Likewise, plaintiffs state that they intend to "vigorously oppose" transfer of this case and assert that, as a result of that opposition, resolution of the transfer issue may be delayed until early 2006. (Pls. Resistance at 4.) [2] Absent opposition by any party, the JPML Rules call for "tag along" actions like the present action to be automatically transferred 15 days after the JPML clerk enters a Conditional Transfer Order. J.P.M.L. R. P. 7.4. Such an order was issued on October 31, 2005. (*See* Attachment B hereto). Any additional delay resulting from plaintiffs' decision to oppose transfer will be the result of plaintiffs' own tactical decision and provides no basis for any claim of prejudice. [3]

---

[2]   The only reason plaintiffs give to oppose transfer is a vague allusion to "the procedural posture of this case." (Pls. Resistance at 4.) But the mere fact that this case has been previously litigated in state court provides no reason not to transfer this action to the District of Maryland. *In re Managed Care Litig.*, 246 F. Supp. 2d 1363, 1364-65 (JPML 2003) (finding transfer warranted despite plaintiffs' objections that the case had been "extensively litigated" in state court and that the parties had already agreed to the terms of a proposed class action settlement).

[3]   The biggest threat to the trial date in this case is plaintiffs' effort to dramatically expand the scope and nature of this case to encompass new products, new markets, and new claims of wrongdoing that have been made by competitors in other cases. If allowed, plaintiffs' proposed Fourth Amended Petition -- submitted nearly five-and-a-half years after this case was originally filed, after classes have been certified and after three prior amendments of their petition -- is far more likely to result in a delay of the currently scheduled trial date than would any delay occasioned by grant of this motion.

II.   **Plaintiffs Do Not Dispute That a Stay of This Action Pending a Transfer Decision By the JPML Will Further the Interests of Judicial Economy and Efficiency.**

As the United States District Court for the District of Vermont observed in staying a closely related action against Microsoft pending a decision by the JPML, "from the perspective of judicial economy, it is ludicrous for courts to spend time hashing through pretrial matters when the case may be whisked away and consolidated before any meaningful disposition can take place." *Cheeseman* v. *Microsoft Corp.*, No. 2:99-CV-396, slip op. at 7 (D. Vt. Feb. 29, 2000).[4] Plaintiffs do not dispute this point. Plaintiffs offer no justification for further litigation of pre-trial matters in this Court given the likelihood that the JPML will transfer this case to the District of Maryland.

Judge Motz has presided over the consolidated actions against Microsoft for more than five years and is well-versed in the allegations that have been asserted in these actions. Significantly, Judge Motz is familiar with the new allegations in plaintiffs' proposed Fourth Amended Petition, most of which are drawn from antitrust actions brought by Microsoft's competitors over which Judge Motz presided. Given his familiarity with the issues that have arisen in the consolidated proceedings, Judge Motz can rule on plaintiffs' motion with full-awareness of the implications his ruling will have on the scope and manageability of this litigation. Judge Motz is also thoroughly familiar with the prior discovery that has been taken in the MDL proceeding and is thus well-situated to rule on any future disputes regarding the scope of any further discovery that would be required in this case.

---

[4]      A copy of the *Cheeseman* opinion is appended as Attachment C hereto.

## CONCLUSION

This Court should stay this action (except for the ongoing Special Master process,

Microsoft's ongoing production of documents and briefing and argument on plaintiffs'

remand motion) pending a decision by the JPML whether to transfer this action to Judge

Motz.

Dated: November 1, 2005

Respectfully submitted,

*Of Counsel:*

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

By: *Brent B. Green*
    Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN &
  LANGENESS
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

Edward W. Remsburg (PK0004619)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
(515) 243-7611

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

October 25, 2005

By Facsimile and E-mail

Roxanne Barton Conlin,
  Roxanne Conlin & Associates, P.C.,
    Suite 600, 319 7th Street,
      Des Moines, Iowa 50309.

                    Re:   Comes v. Microsoft

Dear Roxanne:

          In your letter e-mailed to me on October 21, 2005 (erroneously dated October 4, 2005), you asked whether Microsoft would consent to the appointment by the federal court of Mr. McCormick as Special Master to perform the same duties set forth in Judge Rosenberg's July 6, 2005 order. Enclosed is the text of a proposed order to appoint Mr. McCormick as Special Master in federal court. Let me know if this is acceptable to you. If so, I propose that we jointly submit it to Mr. McCormick and Judge Longstaff.

                              Sincerely,

                              Joseph E. Neuhaus

(Enclosure)

cc:   Richard M. Hagstrom
      (Zelle, Hofmann, Voelbel, Mason & Gette LLP)

      Edward W. Remsburg
      (Ahlers & Cooney, P.C.)

      Chris Green
      (Duncan, Green, Brown & Langeness

                    ATTACHMENT A

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

|  |  |
|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation,<br><br>             Plaintiffs,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br>a Washington corporation,<br><br>             Defendant. | No. CV 05-562 |

## STIPULATED ORDER APPOINTING SPECIAL MASTER

WHEREAS on July 6, 2005, the Hon. Scott D. Rosenberg in the Iowa District Court for Polk County, Iowa (the "State Court") entered an Order appointing Mark McCormick of the firm of Belin, Lamson, McCormick, Zumbach & Flynn in Des Moines, Iowa as Special Master to rule on objections to trial exhibits and designations of prior testimony in this action, and

WHEREAS the State Court's July 6, 2005 Order was entered upon the joint request of the parties, the parties having advised the State Court that, based on the scope of the allegations of plaintiffs' Third Amended Petition, and on their respective expectations, there will likely be a large number -- perhaps thousands -- of exhibits designated for trial and a large number -- perhaps thousands -- of lines of prior testimony designated to be played or read to the jury in this action, and that many of the exhibits and testimony designations may be the subject of objection on grounds other than relevance, and

WHEREAS on October 13, 2005, Microsoft removed this action to federal court pursuant to 28 U.S.C. § 1446, and

WHEREAS, plaintiffs have filed a motion requesting that this action be remanded to the State Court, and

WHEREAS, the parties agree that, if the case remains in federal court, a continuation of the Special Master process is desirable in order to efficiently resolve objections to the large volume of exhibits and prior testimony the parties are likely to designate for trial in this action, and

WHEREAS the parties have jointly requested that the Special Master appointed by the State Court -- Mark McCormick -- retain the same duties and responsibilities specified in the state court's July 6, 2005 Order appointing him as the Special Master in this action, and

WHEREAS the parties have informed the Court that Mr. McCormick does not have a relationship to the parties, counsel, action or the Court that would require disqualification of a judge under 28 U.S.C. § 455,

NOW THEREFORE, the Court ORDERS as follows:

1.      Pursuant to the parties' agreement, the Court appoints Mark McCormick to serve as Special Master pursuant to Federal Rule of Civil Procedure 53(A)(1)(a).  Mr. McCormick shall rule on all objections to trial exhibits and to prior testimony, including claims of privilege or non-responsiveness, except that objections under Federal Rules of Evidence 401, 402, or 403, or other objections that can be made only in light of the trial record, may be made at trial.  The parties may seek *de novo* review of Mr. McCormick's findings pursuant to a schedule to be established.

-2-

2.      The Court requests that Mr. McCormick and the parties adhere to the deadlines with respect to the Special Master's rulings set forth in the Pretrial Scheduling Order entered by the State Court on July 7, 2005 or such other deadline as may be established by this Court or, if the action is transferred pursuant to 28 U.S.C. § 1407, by the United States District Court for the District of Maryland.

3.      Mr. McCormick is directed to proceed with all reasonable diligence in performing the duties specified in this Order.

4.      Mr. McCormick may not engage in *ex parte* communications with the parties or the Court unless the parties consent to such communications in advance.

5.      All materials submitted to Mr. McCormick by either party and any rulings by Mr. McCormick on evidentiary issues shall be preserved and filed as the record of the Special Master's activities.

6.      The parties shall split Mr. McCormick's fees equally.

Dated:  October __, 2005

_____
The Hon. Ronald E. Longstaff

Copies to:

Roxanne B. Conlin
ROXANNE CONLIN & ASSOCIATES
600 Griffin Building
319 Seventh Street
Des Moines, Iowa 50309
(515) 282-3329

Richard M. Hagstrom
ZELLE, HOFMANN, VOELBEL,
  MASON & GETTE LLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 339-2020

-3-

Edward W. Remsburg
AHLERS & COONEY, P.C.
100 Court Avenue
Suite 600
Des Moines, Iowa 50309
(515) 243-7611

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN &
    LANGENESS .
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

Richard Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, WA 98052
(425) 936-8080

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1332*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE MICROSOFT CORP. WINDOWS OPERATING SYSTEMS ANTITRUST LITIGATION*

*Joe Comes, et al. v. Microsoft Corp.*, S.D. Iowa, C.A. No. 4:05-562

### *CONDITIONAL TRANSFER ORDER (CTO-29)*

On April 25, 2000, the Panel transferred 27 civil actions to the United States District Court for the District of Maryland for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 82 additional actions have been transferred to the District of Maryland. With the consent of that court, all such actions have been assigned to the Honorable J. Frederick Motz.

It appears that the action on this conditional transfer order involves questions of fact which are common to the actions previously transferred to the District of Maryland and assigned to Judge Motz.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the District of Maryland for the reasons stated in the order of April 25, 2000, and, with the consent of that court, assigned to the Honorable J. Frederick Motz.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Maryland. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

ATTACHMENT B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

FEB 29  12 45 PM '00

CLERK
BY _____
DEPUTY CLERK

SARA CHEESEMAN and RONALD            :
RODJENSKI, on behalf of themselves   :
and all others similarly situated    :
          Plaintiffs,                :
                                     :
     v.                              :
                                     :            Docket Nos 2:99-CV-396
MICROSOFT CORPORATION,               :                       2:99-CV-401
          Defendant.                 :                       2:99-CV-403
                                     :

ORDER

Plaintiffs Sarah Cheeseman and Ronald Rodjenski have filed three lawsuits against Defendant Microsoft Corporation all pertaining to alleged violations of the Vermont Consumer Fraud Act, 9 V.S.A. §2451, et seq. These three suits are among dozens of other similar lawsuits nationwide that have been brought against Microsoft since the Court in United States v. Microsoft Corporation issued its findings of fact on November 5, 1999, accusing Microsoft of anti-competitive behavior.

Presently before this Court are ten motions. In 99-cv-396, Defendant has filed a Motion to Reopen Case due to improper dismissal (99-CV-396, Paper 8). In 99-CV-401 Plaintiffs have filed a Motion to Consolidate that case with 99-CV-403 (99-CV-403, Paper 2). In 99-CV-403, the eight motions pending are: Defendant Motion to Stay all Pretrial Proceedings Pending Action

1

AO 72A
(Rev 8/82)

ATTACHMENT C

by MDL Panel on Motions to Transfer Pursuant to 28 USC 1407, (99-CV-403, Paper 2); Plaintiffs Motion to Consolidate with 99-CV-401 (99-CV-403, Paper 4); Plaintiff Motion for Remand of Case to Chittenden Superior Court (99-CV-403, Paper 5); Defendant Motion to Stay Plaintiff's Motion for Remand and Consolidation (99-CV-403, Paper 10); and Plaintiffs Motions to Submit Supplemental Authority (99-CV-403, Papers 23, 24, 26, and 27).

For the reasons set forth below, the Court rules as follows: In 99-CV-396, Defendant Motion to Reopen Case is GRANTED. In 99-CV-401 and 99-CV-403, Plaintiffs' companion Motions in each case to Consolidate those two cases are GRANTED. In 99-CV-403, Defendant Motion to Stay all Pretrial Proceedings Pending Action by MDL Panel is GRANTED. As a consequence of the granted Motion to Stay, the Court will not presently rule on Plaintiffs' Motion for Remand of Case to Chittenden Superior Court, Defendant's Motion to Stay Plaintiff's Motion for Remand and Consolidation, or Plaintiffs' Motions to Submit Supplemental Authority.

However, in addition to the above orders, the Court also orders sua sponte that, due to the fact that these cases share similar issues of fact and law, 99-CV-396 is hereby consolidated with 99-CV-401 and 403.

I. Procedural Background

2

AO 72A
(Rev.8/82)

A. 99-CV-396

On Dec 16, 1999 Plaintiffs filed suit against Defendant for violations of 9 V.S.A. §2451 in Chittendon Superior Court. Docket No. S1496-99-CnCn. In their Prayer For Relief, Plaintiffs requested, inter alia, an injunction on behalf of the putative class prohibiting Defendant from further conduct in violation of 9 V.S.A. §2451. On December 20, 1999, Defendant removed the case to Federal District Court pursuant to 28 U.S.C. §1332, at which point the case was assigned docket number 99-CV-396. On December 22, 1999, Plaintiffs filed notice of voluntary dismissal. The notice was signed by the court clerk, and the case was accordingly dismissed. On December 23, 1999, Defendant filed a Cross-Motion for Transfer and Coordination or Consolidation with the Judicial Panel of Multidistrict Litigation. On December 30, 1999, Microsoft filed a Motion to Reopen the Case asserting that under the Federal Rules of Civil Procedure, class action lawsuits cannot be voluntarily dismissed without the approval of the court. F.R.C.P. 23(a) and 41(a)(1).

B. 99-CV-401

On December 28, 1999 Plaintiffs sued in Federal District Court seeking a Declaratory Judgment and Permanent Injunction prohibiting Defendant from removing Plaintiffs' State Court action against Defendant to Federal Court. On January 4, 2000,

3

AO 72A
(Rev.8/82)

Defendant filed a Motion to Consolidate this case with 99-CV-403, arguing that the actions involved common question of law and fact.

### c. 99-CV-403

On December 28, 1999 Plaintiffs filed this suit in Chittenden Superior Court alleging exactly the same violations as were alleged in their original suit (99-CV-396), only this time leaving out their prayer for injunctive relief and claiming that no individual plaintiff suffered in excess of $75,000. On December 30, 1999 this case, like its predecessor, was successfully removed by Defendant to Federal Court. Although a multiplicity of motions have now been filed in this case, of primary importance are Plaintiffs' Motion to Consolidate with 99-CV-401, and Defendant's Motion to Stay all Pretrial Proceedings Pending Action by MDL Panel.

## II. Discussion

### A. Microsoft Motion to Reopen 99-CV-396

F.R.C.P. 41(a)(1) states that "[s]ubject to the provisions of Rule 23(e)...an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs. F.R.C.P.

4

AO 72A
(Rev.8/82)

23(e) states that "a class action shall not be dismissed without approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs."

The question raised in the present situation is whether court approval is required even *before* the class has been certified. Although courts have gone both ways on this question, a clear majority of those courts have ruled that Rule 23(e) does in fact apply to pre-certification voluntary dismissals. See, e.g., Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401, 1408 (9th Cir. 1989) (citing Newman v. Stein, 464 F.2d 689 (2d. Cir) cert. denied, 409 U.S. 1039 (1972)). Generally, "[c]ourts have applied a functional approach in deciding whether notice is required when a case is dismissed prior to certification." Gunn v. World Omni Financial Corp., 184 F.R.D. 417, 419 (M.D.Ala. 1999). Yet that "functional approach" should never detract from the general prophylactic purpose of Rule 23(e).

Plaintiffs, functioning as class representatives, owe a fiduciary duty to prospective class members. In that capacity, Plaintiffs cannot unilaterally limit the amount of damages class members might receive. Plaintiffs allege that state court jurisdiction is proper because no class member had suffered damages in excess of $75,000. Yet it is by no means clear that that factual assertion is valid. At a minimum, a voluntary

5

AO 72A
(Rev.8/82)

dismissal with such clear implications as to damages available
to class members should be reviewed by the presiding judge
before being granted. It may well be that the court decides to
grant dismissal upon review. However, the best interest of the
prospective class suggests that the prophylactic review mandated
by Rule 23(e) should be followed.

Consequently, Defendant's Motion to Reopen Case is GRANTED

B. Plaintiff Motions to Consolidate 401 with 403.

Defendant did not oppose this motion. Accordingly, pursuant
to Local Rule 7.1(a)(6), Plaintiffs' Motion is GRANTED as
unopposed. In addition, Plaintiffs' parallel Motion to
Consolidate, filed in 99-CV-403 is likewise GRANTED as
unopposed.

C. 99-CV-403 Motion to to Stay Pretrial Proceedings Pending
Action by MDL Panel.

Defendant moved to stay pretrial proceedings pending action
by the MDL panel on December 30, 1999, the same day that it
successfully removed this action from state to federal court.
Defendant had already filed its Motion for Transfer to the MDL
Panel in 99-CV-396 on December 23. Defendant presently faces
over fifty lawsuits nationwide on similar grounds. This is a
classic case for MDL Panel review, and it is highly likely that

6

AO 72A
(Rev.8/82)

transfer will occur. Contrary to Plaintiffs' allegations, federal courts can, and routinely do, defer consideration of pretrial motions until the MDL Panel decides whether to transfer a particular series of cases. Jurisdiction to grant such stays is well established. Quigley v. Microsoft Corp., No. CV-99-3420D, at 3 (E.D. La. Jan. 14, 2000). See also, Patricia D. Howard, *A Guide To Multidistrict Litigation*, 124 F.R.D. 479, 482 (West 1989). Furthermore, from the perspective of judicial economy, it is ludicrous for courts to spend time hashing through pretrial matters when the case may be whisked away and consolidated before any meaningful disposition can take place.

Plaintiffs claim they will be greatly prejudiced by a stay because it will leave their case "mixed in an intractable maze of procedural jockeying." With all due respect to Plaintiffs' anxieties concerning the intractability of federal civil procedure, established procedure, as such, cannot be asserted as the basis of unfair prejudice. Defendant's Motion to Stay is thus GRANTED.

### D. Consolidation

All three of these cases deal with precisely same facts and the law. In light of the fact that 99-CV-396 is hereby reopened, it is also hereby consolidated with 99-CV-401 and 403 in the name of judicial economy.

7

AO 72A
(Rev.8/82)

III. Conclusion

Wherefore, the Court rules as follows:

In 99-CV-396, Defendant Motion to Reopen Case due to improper dismissal is GRANTED. In 99-CV-401, Plaintiffs Motion to Consolidate with 99-CV-403 is GRANTED. In 99-CV-403, Defendant Motion to Stay all Pretrial Proceedings Pending Action by MDL Panel is GRANTED; and Plaintiffs Motion to Consolidate with 99-CV-401 is GRANTED. Additionally, 99-CV-396 is hereby consolidated with 99-CV-401 and 403.

Dated at Burlington, Vermont this 29 day of February, 2000.

William K. Sessions, III
United States District Court

8

AO 72A
(Rev.8/82)