UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation, | : | No. 05-cv-00562 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, | : | |
| a Washington corporation, | : | |
| | : | |
| Defendant. | : | |

## MICROSOFT'S MEMORANDUM IN
## OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

*Of Counsel*:

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
(425) 936-8080

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN & LANGENESS
400 Locust Street, Suite 380
Des Moines, Iowa 50309
(515) 288-6440

Edward W. Remsburg (PK0004619)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa  50309
(515) 243-7611

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

November 4, 2005

TABLE OF CONTENTS

Page

BACKGROUND ....................................................................................................2

    A.    Microsoft's Alleged Violations of Federal Law .....................................3

    B.    Plaintiffs' New Claim of Harm ...........................................................5

    C.    Removal and Subsequent Proceedings ................................................6

ARGUMENT ........................................................................................................7

I.    Federal Question Jurisdiction Exists ..............................................................7

    A.    The Proposed Fourth Amended Petition Expressly Alleges Violations of
        Federal Law ......................................................................................8

    B.    Plaintiffs' New Claim of Harm Necessarily Depends on Resolution of
        Substantial and Disputed Questions of Federal Law ...........................11

II.    Federal Diversity Jurisdiction Exists Under the Class Action Fairness Act
    of 2005 .......................................................................................................13

    A.    An Action is "Commenced" When Plaintiffs Present a New Claim That
        Does Not Relate Back to the Original Pleading ..................................14

    B.    Plaintiffs Proposed Fourth Amended Petition Asserts a New Claim for
        Relief that "Commenced" After February 18, 2005 ...........................15

III.    Plaintiffs May Not Deprive This Court of Jurisdiction By Withdrawing
    Their Proposed Amendment .........................................................................16

IV.    Supplemental Jurisdiction Exists Over Plaintiffs' Remaining State Law
    Claims .......................................................................................................19

CONCLUSION ...................................................................................................20

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ammerman* v. *Sween*,
54 F.3d 423 (7th Cir. 1995) ............................................................................19

*Austwick* v. *Bd. of Educ.*,
555 F. Supp. 840 (N.D. Ill. 1983) ..................................................................19

*Bell* v. *Hood*,
327 U.S. 678 (1946) ...........................................................................................9

*Brown* v. *Kerkhoff*, No. 4:05 CV 00274 JEG,
2005 WL 2671529 (S.D. Iowa Oct. 19, 2005) .................................14, 15, 17

*Brown* v. *Southwestern Bell Tel. Co.*,
901 F.2d 1250 (5th Cir. 1990) ........................................................................19

*Carnegie-Mellon University* v. *Cohill*,
484 U.S. 343 (1988) .........................................................................................18

*Caterpillar Inc.* v. *Williams*,
482 U.S. 386 (1987) ...........................................................................................9

*Channell* v. *Citicorp National Servs., Inc.*,
89 F.3d 379 (7th Cir. 1996) ............................................................................20

*Christensen* v. *Shelby County*,
287 N.W.2d 560 (Iowa 1980) ..........................................................................10

*Comes* v. *Microsoft Corp.*,
696 N.W.2d 318 (Iowa 2005) ............................................................................2

*Country Club Estates, L.L.C.* v. *Town of Loma Linda*,
213 F.3d 1001 (8th Cir. 2000) ..........................................................................8

*Crosby* v. *Paul Hardeman, Inc.*,
414 F.2d 1 (8th Cir. 1969) ..............................................................................17

*D'Alessio* v. *New York Stock Exchange, Inc.*,
258 F.3d 93 (2d Cir. 2001) ..............................................................................12

TABLE OF AUTHORITIES
(Continued)

Page(s)

*Doe v. Baxter Healthcare Corp.,*
178 F. Supp. 2d 1003 (S.D. Iowa 2001) ........................................................................10

*Eufaula Drugs, Inc. v. ScripSolutions,* No. 2:05CV370-A,
2005 WL 2465746 (M.D. Ala. Oct. 6, 2005) ............................................................14, 15

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,*
463 U.S. 1 (1983) .........................................................................................................7, 11

*Gaming Corp. of Am. v. Dorsey & Whitney,*
88 F.3d 536 (8th Cir. 1996) .....................................................................................11, 12, 13

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,*
125 S. Ct. 2363 (2005) .............................................................................................11, 12, 13

*Green v. Ameritrade, Inc.,*
279 F.3d 590 (8th Cir. 2002) ....................................................................................8, 18

*Greer v. MAJR Financial Corp.,*
105 F. Supp. 2d 583 (S.D. Miss. 2000) .....................................................................8

*In re Carter-Wallace, Inc. Sec. Litig.,*
150 F.3d 153 (2d Cir. 1998) ......................................................................................9

*In re Microsoft Corp.,*
Exchange Act Release No. 46,017,
77 SEC Docket 2353, 2002 WL 1159487 (June 3, 2002) ........................................4

*In re Textainer Partnership Sec. Litig.,* No. C 05-0969 MMC,
2005 WL 1791559 (N.D. Cal. July 27, 2005) ..........................................................14

*Jones v. Ford Motor Credit Co.,*
358 F.3d 205 (2d Cir. 2004) ......................................................................................20

*Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.,*
77 F.3d 1063 (8th Cir. 1996) .....................................................................................16

*Knudsen v. Liberty Mutual Insurance Co.,*
411 F.3d 805 (7th Cir. 2005) .....................................................................................14

TABLE OF AUTHORITIES
(Continued)

Page(s)

*Lundeen* v. *Canadian Pacific Railway Co.*,
      342 F. Supp. 2d 826 (D. Minn. 2004) ........................................................8, 9

*McLaurin* v. *Prater*,
      30 F.3d 982 (8th Cir. 1994) ........................................................19

*Meyn* v. *State*,
      594 N.W.2d 31 (Iowa 1999) ........................................................13

*Peters* v. *Union Pacific R. Co.*,
      80 F.3d 257 (8th Cir. 1996) ........................................................7, 8

*Pfeiffer* v. *Hartford Fire Ins. Co.*,
      929 F.2d 1484 (10th Cir. 1991) ........................................................17

*Phipps* v. *F.D.I.C.*,
      417 F.3d 1006 (8th Cir. 2005) ........................................................8

*Popp Telecom, Inc.* v. *American Sharecom, Inc.*,
      361 F.3d 482 (8th Cir. 2004) ........................................................15

*Pullman Co.* v. *Jenkins*,
      305 U.S. 534 (1939) ........................................................16

*Sable* v. *General Motors Corp.*,
      90 F.3d 171 (6th Cir. 1996) ........................................................12

*Schuster* v. *Gardner*,
      319 F. Supp. 2d 1159 (S.D. Cal. 2003) ........................................................8

*Senterfitt* v. *Suntrust Mortgage, Inc.*, No. CV 105-059,
      2005 WL 2100594 (S.D. Ga. Aug. 31, 2005) ........................................................15

*Southern Council of Indus. Workers* v. *Ford*,
      83 F.3d 966 (8th Cir. 1996) ........................................................19

*Sparrow* v. *Mazda American Credit*, No. 1:04-CV-06659,
      2005 WL 2086068 (E.D. Cal. Aug. 26, 2005) ........................................................20

## TABLE OF AUTHORITIES
### (Continued)

Page(s)

*Sparta Surgical Corp.* v. *Nat'l Ass'n of Sec. Dealers,*
    159 F.3d 1209 (9th Cir. 1998) .......................................................................17

*United States* v. *Texas Tech Univ.,*
    171 F.3d 279 (5th Cir. 1999) ..........................................................................9

*Waitt* v. *Merck & Co., Inc.,* No. C05-0759L,
    2005 WL 1799740 (W.D. Wash. July 27, 2005) ...........................................14

*Walker* v. *Atwood Chevrolet-Olds, Inc.,*
    189 F.Supp.2d 594 (S.D. Miss. 2001) ............................................................8

*Webster* v. *Sunnyside Corp.,*
    836 F. Supp. 629 (S.D. Iowa 1993) .........................................................17, 18

*Williams* v. *Ragnone,*
    147 F.3d 700 (8th Cir. 1998) ..........................................................................8

## STATUTES and RULES

15 U.S.C. § 78j ..................................................................................................9

15 U.S.C. § 78r ..................................................................................................9

15 U.S.C. § 78aa ..............................................................................................13

28 U.S.C. § 1332 .........................................................................................13, 16

28 U.S.C. § 1338 ..............................................................................................11

28 U.S.C. § 1367 ..............................................................................................19

28 U.S.C. § 1407 ................................................................................................3

28 U.S.C. § 1446 .......................................................................................6, 16, 18

Fed. R. Civ. P. 8 ..............................................................................................10

Fed. R. Civ. P. 15 ............................................................................................15

## TABLE OF AUTHORITIES
### (Continued)

Page(s)

Fed. R. Civ. P. 54 ...................................................................................................10

Iowa R. Civ. P. 1.402 ............................................................................................15

Iowa R. Civ. P. 1.403 ............................................................................................10

Iowa R. Civ. P. 1.976 ............................................................................................10

Rules of Procedure of the JPML, Rule 7.4 ..............................................................6

Rules of Procedure of the JPML, Rule 7.5 ..............................................................6

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ..................7, 13, 14, 16

## MISCELLANEOUS

13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper,
   *Federal Practice and Procedure* (2d ed. 1984) ...............................................19

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation, | : | No. 05-cv-00562 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, a Washington corporation, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MICROSOFT'S MEMORANDUM IN
## OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

This action was filed in an Iowa state court in 2000. On September 16, 2005, in state court, plaintiffs filed a motion to amend their petition and a proposed Fourth Amended Petition in which plaintiffs alleged for the first time that Microsoft violated the federal securities laws. This allegation, along with new allegations of patent infringement and new damages claims, led to removal. Now, in a motion full of invective, plaintiffs seek to retract those allegations. They assert, notwithstanding the plain language of their proposed Fourth Amended Petition, that they never actually accused Microsoft of securities law violations, but merely "paraphrase[d]" allegations by the Securities and Exchange Commission. (Pl. Br. at 3.) They also say that their allegations were merely "evidentiary allegations" that did not give rise to a claim under the Iowa Rules of Civil Procedure (Pl. Br. at 4, 11), notwithstanding that those rules require only a "short and plain statement" of facts showing that the pleader is entitled to relief.

None of plaintiffs' arguments about federal jurisdiction stands up to scrutiny. In fact,

notwithstanding their aggressive brief, plaintiffs themselves seem to acknowledge that the allegations of their proposed Fourth Amended Petition give rise to federal jurisdiction. They have now twice asked to withdraw the allegations at issue -- once in the Iowa state court after Microsoft's notice of removal was filed with the Clerk of that court, and again in this Court -- and thereby appear to recognize that these allegations confer jurisdiction in this Court. Of course, the effort to withdraw such allegations is irrelevant to plaintiffs' motion to remand, for it is well established that federal jurisdiction is to be determined as of the time of removal.

## BACKGROUND

Plaintiffs Joe Comes and Riley Paint, Inc. filed this putative class action against Microsoft in Iowa state court on February 19, 2000, seeking to recover alleged overcharges supposedly imposed on a purported class of Iowa indirect purchasers of Microsoft operating system software. Plaintiffs amended their petition three times, on March 8, 2000, October 7, 2002, and February 14, 2003, adding additional claims and allegations, including claims on behalf of an additional purported class of indirect purchasers of Microsoft word processing and spreadsheet software. On September 16, 2003, the Iowa trial court certified two classes of Iowa software purchasers based on the allegations of the Third Amended Petition. The Iowa Supreme Court affirmed that ruling on May 13, 2005. *Comes v. Microsoft Corp.*, 696 N.W.2d 318 (2005).

Despite having a trial date and a discovery and expert schedule already in place, on September 16, 2005, plaintiffs moved to file a Fourth Amended Petition.[1] The proposed Fourth

---

[1]    Plaintiffs' Motion to Amend Petition and the proposed Fourth Amended Petition are attached as Exhibit A to the Affidavit of Brent B. Green, sworn to Nov. 4, 2005 ("Green Aff."), and a blackline provided by plaintiffs purporting to show the differences between the Third Amended Petition and the proposed Fourth Amended Petition is attached as Exhibit B.

Amended Petition seeks (a) to add extensive allegations about wrongdoing concerning new products and competitors, new markets, and new time periods that have never before been the subject of any claims in this action, and (b) to assert claims for whole new categories of damages. The Fourth Amended Petition included an express allegation that Microsoft violated federal law, and claimed that those violations had harmed the plaintiff class.

### A.    Microsoft's Alleged Violations of Federal Law

The proposed Fourth Amended Petition adds nearly 40 paragraphs of new allegations to the prior 240 paragraphs of the Third Amended Petition. In their Motion to Amend, plaintiffs stated that the new factual allegations were "primarily based upon" six federal cases that had been filed by competitors of Microsoft, as well as a proceeding before the Commission of the European Communities. (Pl. Mot. to Amend Petition ¶ 4.) Five of the federal cases -- filed in 2002 and 2003 -- were transferred to the District of Maryland for consolidated pretrial proceedings pursuant to the multidistrict litigation statute ("MDL"), 28 U.S.C. § 1407, and were litigated there over a period of years.[2] The complaints in each of these lawsuits asserted federal claims under the Sherman Act and/or the federal patent laws. The sixth federal case that plaintiffs identified as a source of their new allegations -- *Microsoft Corp.* v. *Lindows.com*, No. C01-2115C (W.D. Wash.) -- was a trademark infringement action initiated by Microsoft in 2002 in which Lindows.com filed counterclaims under state law and the federal Lanham Act.

---

[2]    The five cases are: *Be Inc.* v. *Microsoft Corp.*, No. 02837MEJ (N.D. Cal.), filed in 2002 and settled and dismissed in 2003; *Burst.com, Inc.* v. *Microsoft Corp.*, No. 02-cv 2952 (N.D. Cal.), filed in 2002 and settled and dismissed in April 2005; *Netscape Communications Corp.* v. *Microsoft Corp.*, No. 1:02cv97 (D.D.C.), filed in 2002 and settled and dismissed in 2003; *RealNetworks, Inc.* v. *Microsoft Corp.*, No. C 03-5717 (N.D. Cal.), filed in 2003 and a settlement was announced on Ocotber 11, 2005; and *Sun Microsystems, Inc.* v. *Microsoft Corp.*, No. C-02-01150PVT (N.D. Cal.), filed in 2002 and settled and dismissed in 2004.

In addition, and importantly, plaintiffs' proposed Fourth Amended Petition added express allegations of violations of federal securities laws that were drawn from an investigation by the U.S. Securities and Exchange Commission (the "SEC") of certain Microsoft accounting practices.[3]  In that proceeding, settled in 2002 by entry of a consent decree in which Microsoft neither admitted nor denied wrongdoing, the SEC alleged that during the years 1995 through 1998, Microsoft had understated its income by maintaining reserves that lacked the support and substantiation required by the federal securities laws, and a portion of which did not comply with generally accepted accounting principles.  Microsoft's conduct, according to the SEC, "violated Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, and Rules 12b-20, 13a-1 and 13a-13 promulgated thereunder."  *In re Microsoft Corp.*, Exchange Act Release No. 46,017, 2002 WL 1159487, at *7.

Plaintiffs in their Brief on Motion to Remand assert that it is an "outrageous mischaracterization[]" to say that the proposed Fourth Amended Petition alleges a violation of federal law. (Pl. Br. at 9.)  Plaintiffs are wrong.  The Fourth Amended Petition alleges that Microsoft violated federal law.  It states, "On information and belief, Microsoft has mischaracterized or withheld accounting data and other evidence, thereby failing to comply with the law." (Fourth Am. Pet. ¶ 252.)  The "law" to which plaintiffs refer is federal law, as the next paragraph of the petition clearly states:

> On or about June 3, 2002 the Securities and Exchange Commission imposed a final cease and desist order, consented to by Microsoft, which directed Microsoft to cease and desist from certain practices.

---

[3]    *See* Pl. Br. at 9-10 & n.8, *citing In re Microsoft Corp.*, Exchange Act Release No. 46,017, 77 S.E.C. Docket 2353, 2002 WL 1159487, at *1 (June 3, 2002) (attached as Exhibit 5 to Affidavit of Roxanne Barton Conlin, sworn to Oct. 18, 2005 ("Conlin Aff.")).

> Microsoft agreed that it violated Sections 13(a), 13(b)(2)(A) and
> 13(b)(2)(B) of the Securities Exchange Act and Rules 126-20 [sic],
> 13a-1 and 13a-13 promulgated thereunder.  Microsoft violated
> such provisions by maintaining undisclosed reserves, accruals,
> allowances and liability accounts that were not in conformity with
> generally accepted accounting principles and/or lacked proper
> documentation for those accounts as required by the federal
> securities laws.

(Fourth Am. Pet. ¶ 253.)

Plaintiffs also allege that Microsoft "misappropriate[d] Burst's intellectual property."

(*Id.* ¶ 212.)  This is an allegation drawn directly from the complaint in *Burst.com, Inc.* v.

*Microsoft Corp.*, No. 02-cv-2952 (N.D. Cal.) ("Burst Complaint") (attached as Exhibit C to

Green Aff.).  In that complaint, Burst.com stated that, in addition to its federal antitrust claims

against Microsoft, it was also seeking to "remedy defendant's theft of plaintiff's intellectual

property under the [U.S.] Patent Act, the California Trade Secrets Act and for breach of

contract." (Burst Complaint ¶ 1.)

### B.   Plaintiffs' New Claim of Harm

Based in part on the new allegations, plaintiffs in their Fourth Amended Petition alleged

entirely new categories of damages.  Whereas the Third Amended Petition and all the prior

petitions alleged exclusively that class members were entitled to overcharge damages (Third Am.

Pet. ¶ 5, *see* Exhibit B to Green Aff.), plaintiffs now propose also to seek damages for "the lack

of free choice [among competing products] and the denial of benefits of software innovation and

for damages for breaches of security by reason of Microsoft's illegal conduct." (Fourth Am. Pet.

¶ 5.)  In addition, plaintiffs asserted for the first time that Microsoft had "harmed the ability of

Plaintiffs and Class members to prove their claims in this case" through "Mischaracterizing

And/Or Withholding Of Data And Other Evidence." (*Id.* ¶¶ 252-55.)

Plaintiffs' brief in support of their Motion to Remand further explains this last claim.  In a footnote, plaintiffs state that "[a]ccounting and damages experts in other indirect purchaser state court actions against Microsoft had relied upon the SEC order -- and the terms set forth therein -- in making adjustments to Microsoft's profit and loss statements for purposes of calculating damages caused by Microsoft's violations of state antitrust law."  (Pl. Br. at 10 n.8 (emphasis omitted).)  In other words, plaintiffs are alleging that Microsoft's accounting practices harmed them because the alleged misstatements in Microsoft's SEC filings affected, and at least made more difficult, their damages calculations, which rely on Microsoft's financial statements. In their prayer for relief, plaintiffs seek all "relief as the Court deems just in the premises" (*id.*, Prayer E).

**C.     Removal and Subsequent Proceedings**

On October 13, 2005, based on the federal and other claims of harm asserted for the first time in the proposed Fourth Amended Petition, Microsoft filed a notice of removal of this action in federal court and a copy of the notice of removal (attached as Exhibit D to Green Aff.) with the Clerk of the state court at 12:02 p.m. on October 13.  Under 28 U.S.C. § 1446(d), those filings "effect[ed] the removal" of the action.  Microsoft also filed a notice of "tag-along action" with the Judicial Panel on Multidistrict Litigation ("JPML"), as required by Rule 7.5(e) of the JPML Rules of Procedure.[4]

---

[4]     Absent opposition by any party, the JPML Rules call for "tag along" actions such as this one to be automatically transferred to the MDL court 15 days after the JPML clerk enters a Conditional Transfer Order. J.P.M.L. R. P. 7.4.  Such an order was issued on October 31, 2005 (attached as Exhibit E to Green Aff.).

At 3:07 p.m. on October 13 -- after this action had been removed -- plaintiffs nevertheless filed in the Iowa state court a "Notice of Withdrawal" (attached as Exhibit F to Green Aff.) purporting to withdraw from their proposed Fourth Amended Petition some of the allegations that give rise to federal jurisdiction.

On October 18, plaintiffs filed a motion to remand. That same day, plaintiffs also filed in this Court a "Notice of Modification of Proposed Fourth Amended Petition" (attached as Exhibit G to Green Aff.), again purporting to withdraw the paragraphs of their proposed amendment that give rise to federal jurisdiction.

## ARGUMENT

This case was properly removed on two independent grounds: federal question jurisdiction and diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

## I.   Federal Question Jurisdiction Exists.

"A federal question is raised in 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Peters* v. *Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (quoting *Franchise Tax Bd.* v. *Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). In this case, plaintiffs' proposed Fourth Amended Petition clearly presents federal claims. Additionally, the proposed amendment presents a state-law claim that necessarily depends on the resolution of a substantial federal question.

At the outset, plaintiffs insist that this Court lacks jurisdiction because their complaint purports to waive any claim for relief under federal law. (Pl. Br. at 2-3 & n.3.) This is dead wrong. Federal courts consider the existence of federal jurisdiction notwithstanding an express

disavowal of any federal claim.[5]  Indeed, the Eighth Circuit clearly held earlier this year in

*Phipps* v. *F.D.I.C.*, 417 F.3d 1006, 1013 (8th Cir. 2005), that "[s]ubject matter jurisdiction is not

controlled by the desires of one of the parties," and "'[a] plaintiff's characterization of a claim as

based solely on state law is not dispositive of whether federal question jurisdiction exists.'"  *Id.*

(quoting *Peters* v. *Union Pacific*, 80 F. 3d at 260).[6]

### A.    The Proposed Fourth Amended Petition Expressly Alleges Violations of Federal Law.

In seeking to obtain a remand, plaintiffs attempt to obscure a simple rule:  "When a

federal question is present on the face of the complaint, the district court has original jurisdiction

and the action may be removed to federal court."  *Williams* v. *Ragnone*, 147 F.3d 700, 702 (8th

Cir. 1998).  Thus, "[a] complaint that pleads violations of both state and federal law is within the

original jurisdiction of a federal district court."  *Country Club Estates, L.L.C.* v. *Town of Loma

Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000).

The clarity of this rule is illustrated by *Lundeen* v. *Canadian Pac. R. Co.*, 342 F. Supp. 2d

826, 829 (D. Minn. 2004), where the court held that federal question jurisdiction was present

merely by virtue of plaintiffs' allegation that defendant "violated applicable state law . . . as well

as United States law."  According to the court, plaintiffs' reference to "United States law" on the

---

[5]     *See, e.g., Lundeen* v. *Canadian Pacific Railway Co.*, 342 F. Supp. 2d 826, 830 (D. Minn. 2004) (plaintiffs' express assertion that they were not relying on federal law "does nothing to alter the Court's obligation to look to the face of the Complaint and determine whether a federal question is presented"); *Walker* v. *Atwood Chevrolet-Olds, Inc.*, 189 F. Supp. 2d 594, 598 (S.D. Miss. 2001); *Greer* v. *MAJR Financial Corp.*, 105 F. Supp. 2d 583, 586-94 (S.D. Miss. 2000).

[6]     In neither case cited by plaintiffs in support of their waiver argument -- *Schuster* v. *Gardner*, 319 F. Supp. 2d 1159 (S.D. Cal. 2003), and *Green* v. *Ameritrade, Inc.*, 279 F.3d 590 (8th Cir. 2002) -- did the complaints affirmatively allege any violation of federal law.  Here, the proposed Fourth Amended Petition expressly alleges violations of federal law.

face of the complaint was voluntary and unequivocal, and "[p]laintiffs' counsel cannot argue

away the words written in the Complaint." *Id.* at 829-30. Indeed, the court flatly rejected

plaintiffs' argument that federal question jurisdiction was lacking because the applicable "United

States law" -- the federal environmental laws -- do not provide any private right of action. This

argument "fails to recognize the distinction between the existence of a valid claim upon which

[plaintiffs] could recover and the existence of subject matter jurisdiction." *Id.* at 830.

"[W]hether [plaintiffs] could actually recover under federal environmental law does not impact

the question of jurisdiction." *Id.* at 831.[7]

Here, plaintiffs expressly allege that Microsoft violated the federal securities laws.

(Fourth Am. Pet. ¶¶ 252-53.) As the court held in *Lundeen*, plaintiffs cannot defeat federal

jurisdiction by now claiming that there is no private right of action for the alleged securities law

violations. (Pl. Br. at 10.)[8]

Plaintiffs further argue that their express invocation of federal law should not count for

purposes of removal jurisdiction because it was really just an "evidentiary allegation." (Pl. Br. at

4, 11.) But plaintiffs offer no guidance on how to distinguish between an "evidentiary

---

[7]     *See also Caterpillar Inc.* v. *Williams*, 482 U.S. 386, 391 n.4 (1987) ("The nature of the
relief available after jurisdiction attaches is, of course, different from the question whether there
is jurisdiction to adjudicate the controversy.") (internal quotation omitted); *Bell* v. *Hood*, 327
U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated as respondents seem to contend, by the
possibility that the averments might fail to state a cause of action on which petitioners could
actually recover."); *United States* v. *Texas Tech Univ.*, 171 F.3d 279, 288 (5th Cir. 1999) ("A
determination that the relevant statute creates no cause of action under which the plaintiff may
proceed says nothing about a court's subject-matter jurisdiction over the suit.").

[8]     In any event, plaintiffs' argument is incorrect. Alleged violations of the reporting
requirements of the Securities Exchange Act often have been used as a predicate for liability
under the antifraud provisions of that Act, Sections 10(b) and 18, 15 U.S.C. §§ 78j(b) & 78r.
*See, e.g., In re Carter-Wallace, Inc. Sec. Litig.*, 150 F.3d 153, 154 (2d Cir. 1998).

allegation" and a claim, and the distinction is not found in either the Iowa or Federal Rules of

Civil Procedure. Under the Iowa rules, a claim is stated by "a short and plain statement of the

claim showing that the pleader is entitled to relief and a demand for judgment for the type of

relief sought." Iowa R. Civ. P. 1.403(1).[9] Plaintiffs in their proposed Fourth Amended Petition

clearly alleged a violation of federal law, harm allegedly suffered as a result, and a claim for just

relief. The fact that the federal-law allegations were not labeled as a "Count" in the proposed

Fourth Amended Petition is irrelevant. *See Doe* v. *Baxter Healthcare Corp.*, 178 F. Supp. 2d

1003, 1018 (S.D. Iowa 2001) (Longstaff, C.J.) (allowing plaintiffs to proceed on causes of action

for civil conspiracy and/or concert of action, despite their failure to "enumerate [those claims] as

separate causes of action" because the paragraphs of the complaint "describe in relative detail the

conduct comprising the alleged conspiracy and/or concert of action"); *Christensen* v. *Shelby*

*County*, 287 N.W.2d 560, 563 (Iowa 1980) (noting that Iowa has adopted the liberal pleading

requirements of Fed. R. Civ. P. 8(a)).

Plaintiffs likewise incorporate into the proposed Fourth Amended Petition Burst's claim

that Microsoft violated the federal patent laws. (Fourth Am. Pet. § 212.) Paragraph 212 of the

petition states that Microsoft "misappropriat[ed] Burst's intellectual property." This allegation

mirrors Burst's claim that "Microsoft misappropriated Burst's intellectual property by violating

its patents, breaching its Non-Disclosure Agreements, and using confidential proprietary of Burst

for its own purposes." (Burst Complaint at 2.) As Burst's complaint makes clear, Microsoft's

purported misappropriation of intellectual property allegedly involved infringement of Burst's

---

[9]     *See also* Iowa R. Civ. P. 1.976 ("The judgment may award any relief consistent with the
petition and embraced in its issues."); Fed. R. Civ. P. 54(c) (same).

patents. (Burst Complaint ¶¶ 77-92.) This Court's jurisdiction is not affected by the fact that

Burst asserted unfair competition claims in addition to federal claims of patent infringement

because, under 28 U.S.C. § 1338, the federal courts have original jurisdiction over patent claims

and over "unfair competition" claims that are "joined with a substantial and related claim under

the . . . patent laws."

### B.    Plaintiffs' New Claim of Harm Necessarily Depends on Resolution of Substantial and Disputed Questions of Federal Law.

There is an additional and independent basis for federal jurisdiction. The Supreme Court

has "recognized for nearly 100 years that in certain cases federal question jurisdiction will lie

over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods.,*

*Inc.* v. *Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2367 (2005). In deciding whether such jurisdiction

exists, "the question is, does a state-law claim necessarily raise a stated federal issue, actually

disputed and substantial, which a federal forum may entertain without disturbing any

congressionally approved balance of federal and state judicial responsibilities." *Id.* The stated

federal issue is "substantial" if "a question of federal law is a necessary element of one of the

well-pleaded state claims." *Franchise Tax Bd. of Cal.* v. *Constr. Laborers Vacation Trust*, 463

U.S. 1, 24 (1983).

In *Gaming Corp. of Am.* v. *Dorsey & Whitney*, 88 F.3d 536 (8th Cir. 1996), for example,

count IX of plaintiff's complaint asserted a state-law claim for conspiracy to violate a provision

of the federal Indian Civil Rights Act. *Id.* at 550. Although that federal statute did not provide a

private cause of action, the court nonetheless held that "[t]he conspiracy claim here arises under

federal law for the purposes of jurisdiction since federal law is the only measure of whether

[defendants] conspired to commit an unlawful act or to commit a lawful act in an unlawful

-11-

manner." *Id.* at 551.[10]

Similarly here, plaintiffs allege a claim for harm that can only be resolved by construing

the federal securities laws.  As discussed above, plaintiffs now allege that they have been harmed

by Microsoft's wrongful accounting practices and those practices have interfered with plaintiffs'

ability to prove damages allegedly caused by Microsoft's antitrust violations.  *See supra* pp. 4-6.

The federal securities laws cited in the proposed Fourth Amended Petition -- Sections 13(a),

13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act and Rules 12b-20, 13a-1 and 13a-13

promulgated thereunder -- set forth Microsoft's duty to provide accurate financial statements to

shareholders and the public.  Unless plaintiffs can demonstrate that Microsoft indeed violated

those provisions of the federal securities laws, plaintiffs cannot show that Microsoft's accounting

practices were wrongful or that plaintiffs were harmed in their ability to prove their damages.

Thus, as in *Gaming Corp.*, federal law is "the only measure" of whether Microsoft wrongfully

caused harm to plaintiffs' ability to prove their antitrust damages.  Plaintiffs' state-law claim

therefore necessarily depends on the resolution of a substantial question of federal law.

Moreover, the conclusion that plaintiffs' new claim for harm gives rise to federal

question jurisdiction is unaffected by the absence of a private action to enforce the Securities

Exchange Act's reporting requirements.  As the Supreme Court confirmed in *Grable*, the

presence of a private cause of action in a federal statute is "relevant to, but not dispositive of,"

Congress' "intended division of labor between state and federal courts."  123 S.Ct. at 2370-71.

---

[10]      *See also D'Alessio* v. *New York Stock Exchange, Inc.*, 258 F.3d 93, 101 (2d Cir. 2001)
(federal question jurisdiction existed because "resolution of [plaintiff's] claims requires a court
to construe federal securities laws"); *Sable* v. *General Motors Corp.*, 90 F.3d 171, 174-75 (6th
Cir. 1996) (federal question jurisdiction existed where plaintiff's state law tort claim was
premised on defendant's breach of a duty created under federal law).

Here, Congress vested in the federal courts exclusive jurisdiction over actions "brought to enforce any liability or duty created by [the Securities Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa. As in *Grable*, assuming federal jurisdiction over a claim such as that here would not disturb any congressionally approved balance of federal and state judicial responsibilities. *See Grable*, 125 S. Ct. at 2371. *See also Gaming Corp.*, 88 F.3d at 551 (finding jurisdiction over state-law conspiracy claim because federal law was "the only measure" of whether such a violation had occurred).

It is also of no consequence that the Iowa Supreme Court has held that there is no cause of action for negligent destruction of evidence. (Pl. Br. at 16 (citing *Meyn* v. *State*, 594 N.W.2d 31, 33-34 (Iowa 1999)).) First, there is no suggestion in the Fourth Amended Petition that plaintiffs are alleging merely negligent misstatements of assets and income. Instead, they assert violations of the federal securities laws. But in any event, whether plaintiffs' claims can survive a motion to dismiss is not the question. If the proposed Fourth Amended Petition sought to assert a state-law claim for relief that depended on a claim of violation of federal law, federal jurisdiction exists.

## II.    Federal Diversity Jurisdiction Exists Under the Class Action Fairness Act of 2005.

On February 18, 2005, the President signed into law the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005). Section 4 of CAFA, 28 U.S.C. § 1332(d)(2), provides that:

> The district courts shall have original jurisdiction of any civil
> action in which the matter in controversy exceeds the sum or value
> of $5,000,000, exclusive of interest and costs, and is a class action
> in which . . . (A) any member of a class of plaintiffs is a citizen of
> a State different from any defendant.

Section 9 states that CAFA applies only to suits "commenced on or after the date of enactment of

this Act." Pub. L. No. 109-2, § 9, 28 U.S.C. § 1715 note.  Plaintiffs do not dispute that (a) this case is a "class action" within the meaning of CAFA, (b) diversity exists because Microsoft is a Washington corporation with its principal place of business in Redmond, Washington, and the classes consist of Iowa citizens, and (c) the matter in controversy exceeds $5 million -- plaintiffs in a similar action in Minnesota, represented by the same plaintiffs' counsel here, sought more than $300 million in damages, and plaintiffs here have indicated that they will use the same methods of calculating their purported damages.[11]  Thus, the only issue in dispute is whether plaintiffs' new claim for harm "commenced" after February 18, 2005.[12]

A.    **An Action is "Commenced" When Plaintiffs Present a New Claim That Does Not Relate Back to the Original Pleading.**

A new action is "commenced" within the meaning of CAFA when a pleading amendment adds a new claim that does not relate back to the original complaint for statute of limitations purposes.  This rule was first suggested by the Seventh Circuit in *Knudsen* v. *Liberty Mutual Insurance Co.*, 411 F.3d 805, 807 (7th Cir. 2005), and has been applied by numerous district courts, including this Court.[13]

---

[11]    *See* Affidavit of Jeffrey K. MacKie-Mason in Support of Plaintiffs' Motion for Class Certification ¶¶ 10-13, sworn to March 3, 2003 (referring to damages calculations in Minnesota case against Microsoft, *Gordon* v. *Microsoft Corp.*, No. 00-5994 (Minn. Dist. Ct.)) (attached as Exhibit H to Green Aff.).

[12]    Where removal jurisdiction is predicated on CAFA, it is plaintiffs who bear the burden of proving that the action should be remanded.  *In re Textainer Partnership Sec. Litig.*, No. C 05-0969 MMC, 2005 WL 1791559, at *3 (N.D. Cal. July 27, 2005) ("CAFA's legislative history indicates that the plaintiff has the burden of proving that an action removed under CAFA should be remanded."); *Waitt* v. *Merck & Co., Inc.*, No. C05-0759L, 2005 WL 1799740, at *2 (W.D. Wash. July 27, 2005) (same).

[13]    *See, e.g., Brown* v. *Kerkhoff*, No. 4:05 CV 00274 JEG, 2005 WL 2671529, at *12-*16 (S.D. Iowa Oct. 19, 2005); *Eufaula Drugs, Inc.* v. *ScripSolutions*, No. 2:05CV370-A, 2005 WL
*(footnote continued)*

-14-

**B.      Plaintiffs' Proposed Fourth Amended Petition Asserts a New Claim for Relief that "Commenced" After February 18, 2005.**

The proposed Fourth Amended Petition alleges for the first time that Microsoft has caused harm to plaintiffs by its alleged "Practices of Mischaracterizing And/Or Withholding of Data and Other Evidence." (Fourth Am. Pet. ¶¶ 252-55.) In particular, plaintiffs allege that Microsoft has engaged in wrongful accounting practices and has purportedly tampered with relevant evidence. (*Id.*)

Plaintiffs' new claim for such harm does not relate back to plaintiffs' original pleading under Fed. R. Civ. P. 15(c). "Under Rule 15(c), an amendment relates back to the original pleading only if the claim asserted in the amended pleading 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Popp Telecom, Inc.* v. *American Sharecom, Inc.*, 361 F.3d 482, 490 n.8 (8th Cir. 2004) (quoting Fed. R. Civ. P. 15(c)(2)).[14] Here, the claim arising out of Microsoft's alleged accounting practices and supposed evidence tampering is entirely new. It does not arise out of the same conduct, transaction or occurrence as any of the allegedly anticompetitive conduct set forth in plaintiffs' previous pleadings. Plaintiffs do not suggest otherwise.

Plaintiffs' new claims that Microsoft's allegedly wrongful accounting practices or evidence tampering caused plaintiffs harm entitling plaintiffs to relief were first asserted on

---

*(footnote continued)*
2465746, at *2-*4 (M.D. Ala. Oct. 6, 2005); *Senterfitt* v. *Suntrust Mortgage, Inc.*, No. CV 105-059, 2005 WL 2100594, *1-*3 (S.D. Ga. Aug. 31, 2005).

[14]      "Iowa Rule of Civil Procedure 1.402(5), which governs when amended pleadings relate back when a claim or defense is amended, contains substantially the same language" and results in the same outcome as an analysis under Fed. R. Civ. P. 15(c). *Brown* v. *Kerkhoff*, 2005 WL 2671529, at *14 n.19.

September 16, 2005, when plaintiffs' motion to amend was filed, and thus were "commenced"

after the enactment of CAFA.  Accordingly, this Court has jurisdiction under 28 U.S.C.

§ 1332(d)(2).[15]

### III.  Plaintiffs May Not Deprive This Court of Jurisdiction By Withdrawing Their Proposed Amendment.

Microsoft effected removal of this action when, pursuant to 28 U.S.C. § 1446(d), it filed a

copy of the notice of removal with the Clerk of the state court at 12:02 p.m. on October 13.

After removal, plaintiffs' purported to withdraw their federal claims.  *See supra* pp. 6-7.  It is

well established, however, that removal jurisdiction is determined based on the pleadings as they

existed at the time of removal.  *Pullman Co.* v. *Jenkins*, 305 U.S. 534, 537 (1939) ("The second

amended complaint should not have been considered in determining the right to remove, which

in a case like the present one was to be determined according to the plaintiffs' pleading at the

time of the petition for removal.").[16]  "Because of this rule, a plaintiff may not compel remand by

---

[15]     Plaintiffs suggest that removal predicated on CAFA is untimely because plaintiffs served
in September 2004 a document request seeking documents relating to spoliation.  This, plaintiffs
argue, triggered the 30-day removal period because that discovery put Microsoft on notice that
plaintiffs would bring a claim for harm for that conduct.  (Pl. Br. at 13 & n.10, 16 & n.13.)
Notably, plaintiffs do not claim that Microsoft ever had prior notice in this lawsuit of any
allegation that Microsoft's accounting practices violated federal securities laws and entitled them
to relief.  And as to the spoliation claim, the discovery plaintiffs served did not give notice of
plaintiffs' new claims.  To the contrary, plaintiffs argued in the state Court that they were
seeking material "relevant to Plaintiffs' claims in this action" -- that is, the antitrust claims in the
Third Amended Petition.  (Pl. Mem. in Support of Motion to Compel at 1 (attached as Exhibit 7
to Conlin Aff.).)  The Court likewise upheld those discovery requests on the ground that the
discovery produced in the six federal cases might produce evidence relevant to the existing
allegations.  (Ruling on Plaintiffs' Motion to Compel Discovery at 11-14 (July 22, 2005)
(attached as Exhibit I to Green Aff.).)

[16]     *See also Kansas Pub. Employees Ret. Sys.* v. *Reimer & Koger Assocs., Inc.*, 77 F.3d
1063, 1067-68 (8th Cir. 1996) ("The existence of this jurisdiction is determined at the time of
removal, even though subsequent events may remove from the case the facts on which

*(footnote continued)*

amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp.*, 159 F.3d at 1213; *see also Pfeiffer*, 929 F.2d at 1488 (party may not "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action"). Likewise, plaintiffs may not deprive this Court of jurisdiction by attempting to withdraw the portions of their proposed Fourth Amended Petition that give rise to federal jurisdiction. *Cf. Brown* v. *Kerkhoff*, No. 4:05-cv-00274-JEG, 2005 WL 2671529, at *5 (S.D. Iowa Oct. 19, 2005) (because "the Court must look to Plaintiffs' pleading at the time of removal, . . . it is inappropriate for the Court to resolve Plaintiffs' Motion for Leave to File Second Amended Complaint" before resolving plaintiffs' motion to remand).

Plaintiffs insist, however, that *Webster* v. *Sunnyside Corp.*, 836 F. Supp. 629 (S.D. Iowa 1993), negates the long-standing rule that removal jurisdiction is determined based on the pleadings at the time of removal. In particular, they claim that *Webster* required Microsoft to "make a choice of either consenting to the amendment and removing or, opposing the proposed amendment." (Pl. Br. at 17.) *Webster* says no such thing. To the contrary, the court in *Webster* held that "the thirty-day removal period commenced when defendants first received the motion to amend stating a theory based on federal law." 836 F. Supp. at 630. The court *rejected* the view that some courts had adopted that such a rule "would require a defendant . . . to elect between removal and resisting the motion to amend." The language of the removal statute, the

*(footnote continued)*
jurisdiction was predicated."); *Crosby* v. *Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969) ("The allegations of the complaint as set forth at the time the petition for removal was filed are controlling."); *Sparta Surgical Corp.* v. *National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments"); *Pfeiffer* v. *Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991).

*Webster* court held, "does not make the commencement of the thirty-day period conditional on the motion being granted." *Id.* at 630-31. Whether the motion to amend is ultimately granted, denied, or modified has no bearing on the propriety of Microsoft's removal of this action.

Moreover, plaintiffs here explicitly stated that the allegations of the proposed Fourth Amended Petition "simply add support for the claims in Plaintiffs' previous petitions" and "clarif[y] Plaintiffs' claims for damages." (Pl. Mot. to Amend Pet. ¶ 4.) Thus, plaintiffs asserted in the motion to amend that the existing claims advanced in the Third Amended Petition already sought damages that are sought in the proposed Fourth Amended Petition, including damages arising out of violations of the federal securities and patent laws. This was the first "paper" from which it could be ascertained that plaintiffs would seek to prove that violations of federal law and spoliation entitled them to such relief. 28 U.S.C. § 1446(b). Thus, whether the Fourth Amended Petition is accepted for filing or not, according to plaintiffs, its assertions are already implicit in the Third Amended Petition.

Finally, this is not a case like *Green* v. *Ameritrade, Inc.*, 279 F.3d 590, 594 (8th Cir. 2002), where plaintiffs' allegations inadvertently gave rise to federal jurisdiction. Here, plaintiffs expressly alleged violations of federal law. Plaintiffs accordingly assumed the risk that Microsoft would exercise its right to remove to this Court. Plaintiffs have conceded that their purpose in now attempting to withdraw the allegations that give rise to federal jurisdiction is to force a remand. (Pl. Br. at 17-18.) A party may not obtain a remand by engaging in such blatant manipulation of federal jurisdiction. *Carnegie-Mellon University* v. *Cohill*, 484 U.S. 343, 357 (1988) ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the

forum, the court should take this behavior into account in determining whether the balance of

factors to be considered under the pendent jurisdiction doctrine support a remand in the case.");

*Brown* v. *Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) (denial of remand

appropriate where plaintiff "attempted to engage in precisely the sort of forum manipulation

proscribed by *Carnegie-Mellon*"); *Austwick* v. *Bd. of Educ.*, 555 F. Supp. 840, 842 (N.D. Ill.

1983) (plaintiff's "tactical manipulation" of federal jurisdiction "cannot be condoned").

## IV.   Supplemental Jurisdiction Exists Over Plaintiffs' Remaining State Law Claims.

Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over plaintiffs'

remaining state-law claims that form part of the same constitutional "case or controversy" as the

removable claims. "Supplemental jurisdiction exists over state-law claims where . . . the federal-

law claims and state-law claims in the case derive from a common nucleus of operative fact and

are such that [a plaintiff] would ordinarily be expected to try them all in one judicial

proceeding." *Southern Council of Indus. Workers* v. *Ford*, 83 F.3d 966, 969 (8th Cir. 1996)

(internal quotations omitted). "A loose factual connection between the claims is generally

sufficient." *Ammerman* v. *Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (citing 13B Charles A.

Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3567.1, at

117 (2d ed. 1984)). "Where original jurisdiction exists, exercise of supplemental jurisdiction

over all adequately related claims is mandatory, absent certain exceptions [prescribed by 28

U.S.C. 1367(b) & (c)]." *Southern Council of Indus. Workers*, 83 F.3d at 969 (citing *McLaurin* v.

*Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994)).

Plaintiffs' removable claims are sufficiently intertwined with their remaining state-law

antitrust claims that they form the same constitutional "case or controversy." The allegations

that Microsoft violated the federal securities laws and the allegations that give rise to removal

under CAFA involve harm to plaintiffs' ability to prove their non-removable state-law claims.

Litigation of these removable and non-removable claims will require overlapping evidence and

testimony. The allegations that Microsoft violated the federal patent laws are also intertwined

with plaintiffs' non-removable claim that Microsoft has engaged in anticompetitive conduct in

violation of Iowa's antitrust laws. Supplemental jurisdiction therefore exists over plaintiffs' non-

removable claims.[17]

## CONCLUSION

Plaintiffs' remand motion should be denied.

Dated: November 4, 2005

Respectfully submitted,

*Of Counsel:*

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

By: _Brent B. Green_

Brent B. Green (PK0001925)
DUNCAN, GREEN, BROWN & LANGENESS
A Professional Corporation
400 Locust Street, Suite 380
Des Moines, Iowa 50309
Telephone: (515) 288-6440

*Attorneys for Microsoft Corporation*
*(additional counsel listed on cover page)*

---

[17]    It should be noted that the "same case or controversy" requirement is broader and more easily satisfied than the same "conduct, transaction, or occurrence" requirement of the relation-back doctrine. Thus, it is possible, as here, for plaintiffs' new claim for harm to their ability to prove their antitrust claims to constitute part of the same constitutional case or controversy as the non-removable claims, but not arise out of the conduct, transaction, or occurrence set forth in the original pleading. *Cf. Jones* v. *Ford Motor Credit Co.*, 358 F.3d 205, 213-14 (2d Cir. 2004); *Channell* v. *Citicorp National Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996); *Sparrow* v. *Mazda American Credit*, No. 1:04-CV-06659, 2005 WL 2086068, at *3 (E.D. Cal. Aug. 26, 2005) ("[J]ust because a state law claim does not arise out of the same transaction or occurrence as the federal law claim does not mean that the state law claim does not arise out of facts that bear some relationship to the facts from which the federal claim arises so that the state claim and the federal claim are considered part of the same constitutional 'case.'").

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2005, I caused a copy of the

foregoing "Microsoft's Memorandum in Opposition to Plaintiffs' Motion to Remand" to

be served by hand on:

Roxanne Barton Conlin
Roxanne Conlin & Associates, P.C.
600 Griffin Building
319 Seventh Street
Des Moines, Iowa 50309
Phone: (515) 283-111
Fax: (515) 282-0477

Richard M. Hagstrom
Zelle, Hofmann, Voelbel, Mason &
Gette LLP
500 Washington Avenue South
Suite 400
Minneapolis, Minnesota 55415
Phone: (612) 339-2020
Fax: (612) 336-9100


Brent B. Green (PK0001925)