## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

JOE COMES and RILEY PAINT, INC., an          :
Iowa corporation,                                              :          No. CV 05-562
                                                                        :
                    Plaintiffs,                                     :     **REPLY MEMORANDUM IN**
                                                                        :     **SUPPORT OF PLAINTIFFS'**
          v.                                                         :     **MOTION FOR REMAND**
                                                                        :
MICROSOFT CORPORATION, a                      :
Washington corporation,                                 :
                                                                        :
                    Defendant.                                   :
                                                                        :

Roxanne Barton Conlin
**Roxanne Conlin & Associates, P.C.**
319 7th Street, Suite 600
Des Moines, Iowa  50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477
Email: roxlaw@aol.com

                    and

Richard M. Hagstrom (Of Counsel)
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, Minnesota 55415
Phone:  (612) 339-2020
Fax: (612) 336-9100

**ATTORNEYS  FOR  PLAINTIFFS  AND  ALL
OTHERS SIMILARLY SITUATED**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................1

ARGUMENT ....................................................................................................................5

    I.    Because The Proposed Fourth Amended Petition Has Not Been Allowed, Plaintiffs Are Free To Modify Or Withdraw The Proposed Amendments..................5

    II.    Microsoft Has Not Satisfied Its Burden To Show That Plaintiffs "Expressly Pleaded" Federal Claims. ...........................................................7

    III.    Microsoft Has Not Satisfied Its Burden To Show The Existence Of A Substantial And Disputed Question Of Federal Law In Plaintiffs' State Law Causes Of Action. ................................................................9

    IV.    Microsoft Failed To Carry Its Burden That CAFA Applies To This Action, Which Commenced Five-And-A-Half Years Ago.........................................12

    V.    Remand Of Plaintiffs' State-Law Causes Of Action Would Be Appropriate Even If They Had Pleaded Federal Questions.......................................14

    VI.    As In Its Notice Of Removal, Microsoft Relies On Deceptive Arguments And Misleading Assertions In Opposing Remand......................................................15

CONCLUSION..................................................................................................................17

## TABLE OF AUTHORITIES

## Cases

*Baddie v. Berkeley Farms, Inc.*,
  64 F.3d 487 (9th Cir. 1995) ................................................................... 7

*Brill v. Countrywide Home Loans, Inc.*,
  --- F.3d ---, 2005 WL 2665602  (7th Cir. Oct. 20, 2005) .................................... 2, 12

*Brown v. Kerkhoff*,
  No. 4:05 CV 00274 JEG, 2005 WL 2671529 (S.D. Iowa Oct. 19, 2005) ................................ 2

*Certilman v. Becker*,
  807 F. Supp. 307 (S.D.N.Y. 1992)............................................................... 7

*Comes v. Microsoft Corp.*,
  646 N.W.2d 440 (Iowa 2002) ................................................................. 14

*Country Club Estates, L.L.C. v. Town of Loma Linda*,
  213 F.3d 1001 (8th Cir. 2000) ............................................................ 8, 10

*D'Alessio v. New York Stock Exch., Inc.*,
  258 F.3d 93 (2d Cir. 2001)..................................................................... 9

*Fielder v. Credit Acceptance Corp.*,
  188 F.3d 1031 (8th Cir. 1999). ................................................................ 14

*Gaming Corp. of Am. v. Dorsey & Whitney*,
  88 F.3d 536 (8th Cir. 1996) ................................................................... 9

*Grable & Sons Metal Prods., Inc. v. Darue Eng'r & Mfg.*,
  125 S.Ct. 2363 (2005)......................................................................... 9

*Grace Hodgson Trust v. McClannahan*,
  569 N.W.2d 397 (Iowa Ct. App. 1997)........................................................... 6

*Green v. Ameritrade, Inc.*,
  279 F.3d 590 (8th Cir. 2002) ................................................................. 6

*Greer v. MAJR Financial Corp.*,
  105 F. Supp. 2d 583 (S.D. Miss. 2000).......................................................... 7

*Howery v. Allstate Ins. Co.*,
  243 F.3d 912 (5th Cir. 2001) ................................................................. 9

*Hunter v. City of Des Moines*,
   300 N.W.2d 121 (Iowa 1981) ................................................................................. 15

*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977) ............................................................................................... 14

*In re Microsoft Corp. Antitrust Litig.*,
   332 F. Supp. 2d 890 (D. Md. 2004) .................................................................. 9, 15

*International Controls Corp. v. Vesco*,
   556 F.2d 665 (2d Cir. 1977) ................................................................................... 6

*James v. Sun Glass Hut of Cal., Inc.*,
   799 F. Supp. 1083 (D. Colo. 1992) ....................................................................... 14

*Leete v. Hays*,
   233 N.W. 481 (Iowa 1930) .................................................................................... 16

*Lundeen v. Canadian Pac. Ry. Co.*,
   342 F. Supp. 2d 826 (D. Minn. 2004) ................................................................ 7, 8

*Merrell Dow v. Pharm. Inc. v. Thompson*,
   478 U.S. 804 (1986) ..................................................................................... 9, 10, 11

*Meyn v. Iowa*,
   594 N.W.2d 31 (Iowa 1999) .................................................................................. 13

*Pickens v. Gardner*,
   No. 4:03-CV-404772003, WL 22888957 (S.D. Iowa Dec. 3, 2003) ......................... 9

*Pullman Co. v. Jenkins*,
   305 U.S. 534 (1939) ................................................................................................ 5

*Ross v. Thousand Adventures of Iowa, Inc.*,
   163 F. Supp. 2d 1044 (S.D. Iowa 2001) ................................................................. 3

*Sarantino v. American Airlines, Inc.*,
   No. 4:05MD1702 JCH, 2005 WL 2406024 (E.D. Mo. Sept. 29, 2005) .................. 11

*Schorsch v. Hewlett-Packard Co.*,
   417 F.3d 748 (7th Cir. 2005) ................................................................................ 13

*Schuster v. Gardner*,
   319 F. Supp. 2d 1159 (S.D. Cal. 2003) .................................................................. 7

*Thelen v. Wakonda Club*,
   No. 4:04-CV-40035, 2004 WL 1737382 (S.D. Iowa July 23, 2004)........................................ 7

Trigon Ins. Co. v. United States,
204 F.R.D. 277 (E.D. Va. 2001) .................................................................................................. 8

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966)................................................................................................... 14, 15

*Walker v. Atwood Chevrolet-Olds, Inc.*,
   189 F.Supp. 2d 594 (S.D. Miss. 2001)................................................................................ 7, 10

*Weekley v. Guidant Corp.*,
   --- F. Supp. 2d ---, 2005 WL 2348476 (E.D. Ark. Sept. 23, 2005).......................................... 13

*Williams v. Ragnone*,
   147 F.3d 700 (8th Cir. 1998) .................................................................................................. 8

*Women Prisoners of D.C. Dep't of Corrections v. District of Columbia*,
   93 F.3d 910 (D.C. Cir. 1996) ................................................................................................ 14

## Other Authorities

28 U.S.C. § 1367(c) ...................................................................................................... 14

28 U.S.C. § 1441(c) ...................................................................................................... 13

28 U.S.C. § 1446(b) ...................................................................................................... 13

Iowa Code § 553.1 .......................................................................................................... 1

Iowa Code § 553.4 .......................................................................................................... 1

Iowa Code § 553.5 .......................................................................................................... 1

Pub. L. 109-2, §9........................................................................................................... 12

## Rules

Fed. R. Civ. P. 8 ..................................................................................................... 3, 5, 8

Fed. R. Civ. P. 15(a) ..................................................................................................... 6

Iowa R. Civ. P. 1.402(4) ................................................................................................ 6

## <u>INTRODUCTION</u>

This action involves Microsoft's illegal, anticompetitive stifling of competition in various software markets, in violation of the Iowa Competition Law, Iowa Code § 553.1 *et seq.* Over the years, and continuing to the present, Microsoft has engaged in a course of exclusionary conduct to eliminate or suppress competition from numerous software developers – such as Burst.com, I.B.M., Netscape, RealNetworks, Sun Microsystems, and others – whose technologies threatened Microsoft's monopoly power in the relevant markets. The result of Microsoft's anticompetitive conduct "has been to deny purchasers of Microsoft's operating systems and applications software a competitive price and free choice among competing software products, as well as to deny them the benefits of software innovation." Third Am. Pet. ¶ 2.[1] Plaintiffs are seeking to recover treble damages for the harm that Microsoft inflicted on Iowa consumers and businesses *solely* as a result of its violations of the Iowa Competition Law. Microsoft has not shown that the Plaintiffs, in their *proposed* Fourth Amended Petition, assert anything other than the same two causes of action that they pleaded in the Third Amended Petition: illegal monopolization under Iowa Code § 553.5, and unreasonable restraints of trade under Iowa Code § 553.4.

Plaintiffs' efforts to obtain discovery from Microsoft on their two causes of action have involved struggles of epic proportion. Microsoft has insisted *repeatedly* that Plaintiffs are not entitled to discovery unless their Petition alleges with particularity that the specific exclusionary

---

[1] Microsoft wrongly states that Plaintiffs added a new "claim of harm" for "the lack of free choice [among competing products] and the denial of benefits of software innovation and for damages for breaches of security by reason of Microsoft's illegal conduct." Microsoft's Memorandum in Opposition to Motion to Remand ("Opp. Memo.") at 5. That is false, as the passage cited above is from the Third Amended Petition, and therefore the allegation *is not new*. Moreover, the Affidavit of Jeffrey MacKie-Mason, dated March 3, 2003, attached as Exhibit H to Microsoft's opposition memorandum, states: "[C]onsumers… experienced less choice and innovation in operating system and applications software than they would have enjoyed in a competitive market." MacKie-Mason Aff. ¶ 13. Clearly these damages allegations have long been part of this lawsuit. Moreover, the damages have absolutely nothing to do with the alleged federal claims that Microsoft has invented.

conduct at issue in their discovery requests violates the Iowa Competition Law.  In other words, Microsoft has maintained that Plaintiffs' Petition must include detailed evidentiary allegations, notwithstanding Iowa's liberal pleading rule.  In fact, Microsoft continues to adhere to that position.[2]  Therefore, in order to avoid further waste of time from multiple letters, discussions and motions, and to assure a right of discovery on issues relating to Microsoft's spoliation of relevant evidence and Microsoft's recent exclusionary conduct, Plaintiffs added the very kinds of evidentiary allegations upon which Microsoft has insisted.  Microsoft then cynically twisted and distorted isolated passages from a handful of those evidentiary allegations as the basis for its wrongful and abusive removal of this action.

Microsoft cannot satisfy its burden of demonstrating the existence of federal jurisdiction.[3] As an initial matter, the Court must remand this case because Plaintiffs' causes of action in the *currently operative* Third Amended Petition arise *solely* under the Iowa Competition Law – as Microsoft concedes.  *See* Opp. Memo. at 16 n.15.[4]  The Court must also remand this case because Plaintiffs voluntarily withdrew the handful of passages from the *proposed* Fourth Amended Petition on which Microsoft wrongly based its removal, before Microsoft filed any responsive pleading.[5]  The elimination of those passages does not impair Plaintiffs' causes of

---

[2] *See* Microsoft's Response to Plaintiffs' Third Set of Requests for Production of Documents at 7, 17-18, Reply Affidavit of Roxanne Barton Conlin ("Conlin Reply Aff.") Ex. 1.

[3] Microsoft claims that Plaintiffs' have the burden of showing that removal was improper under CAFA.  *See* Microsoft's Memorandum in Opposition to Plaintiffs' Motion to Remand ("Opp. Memo.") at 14 n.12.  The better view, implicitly adopted by this Court, is that Microsoft has the burden of showing that CAFA gives this Court jurisdiction over this action.  *Brown v. Kerkhoff*, No. 4:05 CV 00274 JEG, 2005 WL 2671529, at *5 (S.D. Iowa Oct. 19, 2005); *see also Brill v. Countrywide Home Loans, Inc.*, --- F.3d ---, 2005 WL 2665602, at *2 (7th Cir. Oct. 20, 2005).

[4] Microsoft conceded the Third Amended Petition is the currently operative pleading when it included that Petition, not the proposed Fourth Amended Petition, in its filing with the JPML.  *See* Microsoft's Notice of Potential Tag-Along Action, Conlin Reply Aff. Ex. 2.

[5] *See* Plaintiffs' Notice of Modification of Proposed Fourth Amended Petition Prior to Action on Plaintiffs' Motion to Amend Third Amended Petition.

action under the Iowa Competition Law whatsoever – a fact that in and of itself establishes that these passages present no federal claim and are unnecessary to the state antitrust causes of action. Microsoft, by removing and simultaneously stating its intent to oppose amendments – including the now withdrawn language – is engaging in the very "manipulation of federal jurisdiction" of which it accuses Plaintiffs. *See* Opp. Memo. at 18.[6]

Even if the Court considers the unmodified, *proposed* Fourth Amended Petition, it must remand this action. Microsoft has failed to demonstrate that federal jurisdiction exists under any of the three bases asserted in its Notice of Removal, to which Microsoft is bound. *See, e.g., Ross v. Thousand Adventures of Iowa, Inc*., 163 F. Supp. 2d 1044, 1049 (S.D. Iowa 2001).

First, Microsoft represented to this Court that "plaintiffs' proposed Fourth Amended Petition… *expressly pleaded* violations of federal law" and that Plaintiffs "assert a claim for violation of federal securities and patent law under Fed. R. Civ. P. 8." *See* Brent B. Green Letter, Conlin Aff.[7] Ex. 1 at 1 (emphasis added). Neither statement is true, as Microsoft's brief makes clear:

- For the supposed securities law claim, Microsoft simply pointed to a paragraph in which Plaintiffs mention (in the context of spoliation) the SEC's allegations against Microsoft, and the resulting consent order. Opp. Memo. at 4-5, 9.[8]

---

[6] Microsoft wrongly suggests that Plaintiffs' withdrawal of the language is an implied admission that they stated federal claims. Plaintiffs simply withdrew the language to avoid even the remote possibility that Microsoft's wrongful removal would cause further delay in these proceedings – including a delay of the Iowa Supreme Court's hearing on Microsoft's collateral estoppel appeal (which Microsoft did not bring to the Court's attention in its removal papers). Microsoft criticizes Plaintiffs for filing a Notice of Withdrawal with the state court after Microsoft filed its Notice of Removal. Opp. Memo. at 2, 7. When Plaintiffs sought to withdraw the language in the Polk County District Court, however, they first checked with the Clerk of Courts' Office at the time they filed their Notice of Withdrawal and were told that Microsoft had not yet filed its Notice of Removal with the state court. Plaintiffs only later learned that Microsoft had earlier filed its Notice.

[7] Citations to "Conlin Aff." refer to the Affidavit of Roxanne Barton Conlin (dated October 18, 2005) submitted in support of Plaintiffs' Motion to Remand.

[8] Microsoft may be seeking to mislead the Court by referring in its brief to damages caused by Microsoft's illegal conduct under the Iowa Competition Law, in the form of security problems. *See* Opp. Memo. at 4-5. This allegation refers to issues relating to computer security (i.e., viruses, worms and other problems that frequently arise

- For the alleged patent infringement claim, Microsoft left Plaintiffs' Petition behind completely and relied on a patent claim *brought by a Microsoft competitor in another action* that Plaintiffs supposedly "incorporated" here.  *Id*. at 5, 10-11.  Plaintiffs did no such thing.

- Microsoft does not dispute that Plaintiffs have consistently disclaimed any claims for relief under federal law since filing this action in February 2000.  *See* Plaintiffs' Memorandum in Support of Motion for Remand ("Br.") at 18.

- Microsoft does not deny that Plaintiffs have no standing to pursue either supposed claim under federal law because Plaintiffs do not allege that they bought Microsoft stock or that the possess any rights to patents alleged to have been infringed by Microsoft.  *Id.* at 11-12.

- Microsoft does not identify where Plaintiffs seek relief for the supposed federal claims – other than by pointing to a standard boilerplate "wherefore" clause seeking "relief as the Court deems just in the premises."  *See* Opp. Memo. at 6.

- Finally, Microsoft cannot point to any case in which a federal court found that a litigant was "expressly plead[ing]" a federal claim under anything approaching these circumstances.

Microsoft cannot satisfy its burden of showing the existence of federal question jurisdiction by making up "claims" that are nowhere to be found in the proposed Petition.

Second, Microsoft was unable to demonstrate that "the [supposed] federal claims are necessary elements of state-law antitrust and spoliation claims plaintiffs have made."  *See* Brent B. Green Letter, Conlin Aff. Ex. 1 at 1:

- Microsoft completely ignores the numerous cases cited by Plaintiffs – *including a decision involving Microsoft* – debunking Microsoft's position that mere reference to a federal law gives rise to federal jurisdiction.  *See* Br. at 13, 15.

- Microsoft makes no effort to show how Plaintiffs' ability to prove that Microsoft engaged in anticompetitive conduct and distorted competition in the relevant software markets, in violation of the Iowa Competition Law, turns on whether Microsoft (a) violated the Securities Exchange Act or (b) infringed Burst.com's patents.  It does not.

- Microsoft simply invents a supposed "claim of harm" for spoliation – a cause of action that does not exist in Iowa – and then asserts that this "claim of harm" depends on the

for users of Microsoft software).  It has nothing to do with any supposed "securities" claim under the Securities Exchange Act.

resolution of a federal question.  In fact, Plaintiffs' spoliation *allegations* (for which they will seek appropriate jury *instructions*) do not depend on the resolution of any federal question.

Microsoft cannot satisfy its burden of showing the existence of federal question jurisdiction because there is no federal question here whatsoever, let alone a substantial question.

Third, Microsoft provided no credible justification for invoking CAFA as a basis for removing this lawsuit:

- Microsoft acknowledges that CAFA only applies to civil actions commenced after February 18, 2005, and this "civil action" was commenced in February 2000.

- While Microsoft argues that Plaintiffs "commenced" this "civil action" again by supposedly asserting a "new claim of harm" for spoliation, it cannot point to any requested relief and does not dispute that no such cause of action exists under Iowa law.

CAFA is simply inapplicable to this five-and-a-half year old case.

To find federal jurisdiction, Microsoft asks this Court to jump through many hoops.  For instance, to conclude that Plaintiffs "expressly pleaded" a violation of federal patent laws, the Court would need to find that the "well-pleaded complaint rule" allows a federal court to examine a complaint *in another action*.  Similarly, to conclude that Plaintiffs "expressly pleaded" a violation of the securities laws, the Court would need to ignore the requirement of Fed. R. Civ. P. 8 that a plaintiff show entitlement to relief, *and that a plaintiff actually demand relief*.  The list goes on and on.  Microsoft's removal not only was improper, it was abusive, frivolous and deserving of sanctions.

## ARGUMENT

## I.   BECAUSE THE PROPOSED FOURTH AMENDED PETITION HAS NOT BEEN ALLOWED, PLAINTIFFS ARE FREE TO MODIFY OR WITHDRAW THE PROPOSED AMENDMENTS.

Federal question jurisdiction is generally determined from the face of the "well-pleaded complaint" at the time of removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Green v.*

*Ameritrade, Inc.*, 279 F.3d 590, 598-99 (8th Cir. 2002).  Microsoft agrees.  *See* Opp. Memo. at 16-17.

The *proposed* Fourth Amended Petition – upon which Microsoft's removal is based – is not yet the operative pleading.  *See* Iowa R. Civ. P. 1.402(4) (Absent written consent from the adverse party, after a pleading is amended once as of right, the party seeking to additionally amend "may amend a pleading only by leave of court."); Fed. R. Civ. P. 15(a).  Microsoft recognized as much when it attached the *operative* Third Amended Petition, *not* the *proposed* Fourth Amended Petition, to its "Notice of Potential Tag-Along Action" filed with the Judicial Panel on Multidistrict Litigation.   Conlin Reply Aff. Ex. 2.

The purpose of the "leave of court" requirement is to give the opponent the right to object – and thereby also to give the proponent the right to modify the pleading to cure any objections.  *See Grace Hodgson Trust v. McClannahan*, 569 N.W.2d 397, 399 (Iowa Ct. App. 1997).  Because Plaintiffs' motion to amend has yet to be granted, Plaintiffs have the right (without leave of court) to modify or withdraw their proposed petition.  Otherwise, the need for a court to grant leave to amend would amount to a mere formality – one with which Microsoft disagrees, given its opposition to the motion to amend.[9]   Accordingly, *even if* the *proposed* Fourth Amended Petition were to become the operative pleading at some point, Plaintiffs have disclaimed any intention of asserting a federal cause of action by withdrawing the evidentiary allegations upon which Microsoft improperly relies for asserting federal jurisdiction.   Opp. Memo. at 2.  Indeed, the Eighth Circuit has applauded a plaintiff frankly disclosing that no federal claims were being asserted.  *Green*, 279 F.3d at 598 n.7.

---

[9] Indeed, even if leave is granted to file an amended petition, if Plaintiffs do not file and serve the amended Petition, it is still not operative.  *International Controls Corp. v. Vesco,* 556 F.2d 665, 669 (2d Cir. 1977).

Contrary to Microsoft's suggestion, such withdrawal does not constitute a "blatant manipulation of federal jurisdiction." Opp. Memo. at 18. In many cases, the plaintiffs are routinely granted leave to amend the *operative* complaint to clarify that they are not asserting federal claims.[10]  Unlike in any of the cases Microsoft cites, Plaintiffs are not amending an *operative* petition to avoid jurisdiction.  Plaintiffs have simply removed the evidentiary allegations from the proposed Petition on which Microsoft cynically based its removal, in order to reiterate their disclaimer – which has been in every Petition since February 2000 – that no federal cause of action is asserted.[11]

## II.   MICROSOFT HAS NOT SATISFIED ITS BURDEN TO SHOW THAT PLAINTIFFS "EXPRESSLY PLEADED" FEDERAL CLAIMS.

Microsoft continues to misrepresent that Plaintiffs' proposed Fourth Amended Petition "expressly pleaded" violations of federal securities and patent laws.  *See* Opp. Memo. at 8-13. Microsoft provides no authority for its remarkable assertion that, under the "well-pleaded complaint" rule, a court can look to claims asserted by another party in another lawsuit – as

---

[10] *See Thelen v. Wakonda Club*, No. 4:04-CV-40035, 2004 WL 1737382, at *2-3 (S.D. Iowa July 23, 2004) (despite the defendant's claim of manipulative conduct, this Court remanded under 28 U.S.C. § 1367 where plaintiff voluntarily dismissed a federal claim and federal jurisdiction no longer existed); *see, e.g., Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995) (where plaintiffs initially chose state forum for their state and federal claims and, after removal, dismissed their federal claims and moved for remand, they did not engage in improper, manipulative pleading practice but, rather, made a straightforward, strategic decision); *Schuster v. Gardner*, 319 F. Supp. 2d 1159 (S.D. Cal. 2003) (allowing remand when facts that provided basis for removal were not material to state claims alleged, plaintiff amended complaint to remove unnecessary facts from the original complaint and the court concluded such amendment was not an attempt at forum manipulation or to circumvent SLUSA, as shareholder explicitly disclaimed any attempt to bring a federal claim); *Certilman v. Becker*, 807 F. Supp. 307, 309-10 (S.D.N.Y. 1992) ("[T]he court is not convinced that merely omitting a federal-law claim from an amended complaint…is a sufficient basis not to grant an otherwise proper remand to state court.").

[11] Microsoft states that "[f]ederal courts consider the existence of federal jurisdiction notwithstanding an express disavowal of any federal claim," Opp. Memo. at 7-8, intimating that the Court should ignore the fact that Plaintiffs have disavowed any claim under federal law in paragraph 7 of their Petition.  However, in the only two cases cited by Microsoft where the plaintiffs expressly disclaimed any federal claim in their complaints, both courts actually relied upon the disavowal in ultimately determining removal was improper.  *See Walker v. Atwood Chevrolet-Olds, Inc.*, 189 F. Supp. 2d 594, 598 (S.D. Miss. 2001); *Greer v. MAJR Fin. Corp.*, 105 F. Supp. 2d 583, 591 (S.D. Miss. 2000).  In *Lundeen v. Canadian Pacific Railway Co.*, 342 F. Supp. 2d 826 (D. Minn. 2004), the only other case cited by Microsoft for this proposition, plaintiff did not expressly disavow any federal claim in his complaint.  *See id.* at 828.

Microsoft asks this Court to do.  Microsoft does not show where Plaintiffs in this case assert any entitlement to relief under the federal securities or patent laws, as required by Fed. R. Civ. P. 8.[12] Microsoft does not show where Plaintiffs demand any relief under those laws – other than by pointing to a boilerplate "wherefore" clause.[13]

The cases on which Microsoft relies all involved claims by plaintiffs who unequivocally alleged injuries from, and sought damages for, violations of federal law.  *See Lundeen*, 342 F. Supp. 2d at 828 (plaintiffs sought recovery as a result of alleged violations of federal environmental laws); *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000) (plaintiffs sought damages as a result of alleged federal constitutional violations); *Williams v. Ragnone*, 147 F.3d 700, 701 (8th Cir. 1998) (plaintiff sought recovery for violations of federal constitutional rights under 42 U.S.C. § 1983).  In each of these cases, the plaintiff pleaded a specific violation of federal law *as a cause of action enumerated in the complaint*. That is not true here.

Microsoft has asked the Court to exercise supplemental jurisdiction over Plaintiffs' state antitrust causes of action based on the supposed federal claims.  *See* Opp. Memo. at 19-20. That request raises a question to which Microsoft has no answer: What would remain of the "federal case" if the Court did not keep the state causes of action?  The supposed "securities claim" would consist of a single allegation by Plaintiffs that *the SEC alleged* Microsoft violated certain provisions of the Securities Exchange Act.  The supposed "patent claim" would consist of a

---

[12] Microsoft does not dispute that Plaintiffs have no standing to assert claims under either law.

[13] Some courts have held that an adverse inference instruction based on spoliation will only be given when the plaintiff has shown that the spoliation resulted in prejudice to her case.  *See, e.g., Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 288 (E.D. Va. 2001).  Plaintiffs therefore pleaded that certain acts by Microsoft harmed the ability of plaintiffs and class members to prove their claims in this case.  Proposed Fourth Am. Pet. ¶ 256.  Microsoft suggests that this paragraph seeks damages for federal securities violations.  On the contrary, it seeks nothing.  It states what some courts have held is a necessary requirement for an adverse inference instruction.

statement that Microsoft misappropriated Burst.com's intellectual property. Plaintiffs would not be requesting any relief for Microsoft's alleged violations of those laws. In short, there would be no lawsuit. This exercise graphically illustrates how Microsoft has sought to mislead the Court by asserting that Plaintiffs "explicitly pleaded" federal claims.

## III.   MICROSOFT HAS NOT SATISFIED ITS BURDEN TO SHOW THE EXISTENCE OF A SUBSTANTIAL AND DISPUTED QUESTION OF FEDERAL LAW NECESSARY TO PLAINTIFFS' STATE LAW CAUSES OF ACTION.

While Microsoft asserts that Plaintiffs' state law causes of action depend on the resolution of a federal question, it does not support that assertion other than by arguing – contrary to authority – that the mere mention of a federal statute is enough. Microsoft ignores the wealth of cases that unequivocally reject Microsoft's proposition. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Pickens v. Gardner*, No. 4:03-CV-404772003, WL 22888957, at *3 (S.D. Iowa Dec. 3, 2003); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917-19 (5th Cir. 2001); *In re Microsoft Corp. Antitrust Litig.*, 332 F. Supp. 2d 890, 894 (D. Md. 2004).

A case "arise[s] under" federal law when "a state-law claim must necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'r & Mfg.*, 125 S.Ct. 2363, 2368 (2005).[14] In order to have a substantial and disputed question of federal law, a state cause

---

[14] In *Grable*, the Internal Revenue Service seized real property owned by the plaintiff to satisfy a federal tax delinquency and the plaintiff responded by bringing a quiet title action in state court claiming that he did not receive proper notice pursuant to 26 U.S.C. § 6335. 125 S.Ct. at 2366. Because the federal statute was "the only legal or factual issue contested in the case," the Supreme Court held that there was a disputed and substantial federal issue giving the federal court jurisdiction over the matter. *Id.* at 2368. Likewise, the only other cases cited by Microsoft, *see* Opp. Memo. at 11-13, involve state-law claims that necessarily raise a federal law issue to establish liability for the state-law claims. *See Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 551 (8th Cir. 1996) (holding that the state-law conspiracy claim "arises under federal law for the purposes of jurisdiction since federal law is the only measure of whether Dorsey and the nation conspired to commit an unlawful act or to commit a lawful act in an unlawful manner."); *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 103 (2d Cir. 2001) (holding that the resolution of plaintiff's state-law claims "necessarily requires an inquiry into whether the NYSE satisfactorily

of action must necessarily hinge upon a stated federal issue.  Only if the construction of federal

law is outcome determinative as to the success of the claim does a case arise under federal law.

*See Loma Linda*, 213 F.3d at 1003 ("If the Due Process Clause of the Fourteenth Amendment is

given one construction, the claim will prevail; if it is given another, the claim will fail.  This is a

paradigm case for arising-under jurisdiction."); *Walker*, 189 F. Supp. 2d at 599 ("[T]he plaintiff

can maintain a cause of action based on her claims of fraud and/or negligent misrepresentation

without the state court necessarily having to construe federal law in order to reach a

conclusion.").

Microsoft does not argue – much less meet its substantial burden of establishing – that

the construction of any federal law is outcome determinative to the success of Plaintiffs' causes

of action under the Iowa Competition Law.  It is not.  And Microsoft does not show – and could

not show – that Plaintiffs' ability to prove that Microsoft illegally monopolized a relevant

software market, or that it engaged in unreasonable restraints of trade, turns on whether

Microsoft violated the Securities Exchange Act or Patent Act.  It does not.

The Supreme Court's decision in *Merrell Dow* is dispositive here.  In *Merrell Dow*, the

plaintiffs alleged that the misbranding of a drug, in violation of the Federal Food, Drug and

Cosmetic Act, created a rebuttable presumption on plaintiffs' state-law negligence claim.  478

U.S. at 805-06.  The Court held that the plaintiffs' reference to the federal statute did not state a

claim "arising under the Constitution, laws, or treaties of the United States."  *Id.* at 817.  It stated

that "the mere presence of a federal issue in a state cause of action does not automatically confer

federal-question jurisdiction."  *Id.* at 813.  Instead, federal question jurisdiction based on the

---

performed its duty in identifying potential violations of the federal securities laws and assisting in any criminal or
civil investigation arising from a member's noncompliance with those laws, both areas of strong federal interest.").

presence of a federal issue in a state-created cause of action is triggered only "where the vindication of a right under state law necessarily turned on some construction of federal law." *Id.* at 808-09 (citations omitted).  In *Merrell Dow*, however, the allegations represented only "the presence of a federal issue in a state-created cause of action" which was "insufficiently substantial to confer federal-question jurisdiction."  *Id.* at 810, 814.  If the plaintiffs' use of federal law in *Merrell Dow* was insufficient to confer federal jurisdiction, Plaintiffs' reference to the SEC consent order without question is insufficient.

*Sarantino v. American Airlines, Inc.*, No. 4:05MD1702 JCH, 2005 WL 2406024 (E.D. Mo. Sept. 29, 2005) is also instructive.  In that case, the plaintiff alleged only state wrongful death causes of action in connection with a crash involving one of defendant's airplanes.  The defendant in *Sarantino* removed based upon language in plaintiff's complaint that alleged the defendant "assumed the duty… to comply with all procedures, regulations and rules including Federal Aviation Regulations in connection with the operation of Flight 5966." *Id.* at *5.  The court specifically distinguished the facts of that case with those in *Lundeen* and *Loma Linda*, and instead, held that the facts were closer to those in *Merrell Dow* and therefore did not give rise to federal question jurisdiction.  *Id.* at *6.

In a sleight-of-hand, Microsoft redefines the alleged "claim of harm" to be "Microsoft's wrongful accounting practices… [which] have interfered with Plaintiffs' ability to prove damages allegedly caused by Microsoft's antitrust violations."  Opp. Memo. at 12.  That is not a cause of action, and when there is no state cause of action, *there can be no substantial federal question under any circumstances.*  Microsoft's attempt to hide the ball is emblematic of the lengths to which it must go to claim federal question jurisdiction.

The issue is not whether Microsoft violated federal securities laws.  To be clear, Plaintiffs make no claims, state or federal, under the securities laws.  And Plaintiffs' state antitrust causes of action do not rely or depend upon any state or federal securities laws, or violations of such laws.  The only issue is whether the SEC consent order is admissible to attack Microsoft's credibility and for other purposes.  Plaintiffs simply want the jury to know about the document.  Thus, the state court will not need to determine the veracity of the charges by the SEC.  It will simply be required to make a ruling *under the Iowa Rules of Evidence* as to whether an exhibit (which was offered two years ago in *Gordon v. Microsoft Corp.*, an indirect purchaser case in Minnesota) is relevant and otherwise meets the admissibility requirements for evidence.

## IV.  MICROSOFT FAILED TO CARRY ITS BURDEN THAT CAFA APPLIES TO THIS ACTION, WHICH COMMENCED FIVE-AND-A-HALF YEARS AGO.

As the Seventh Circuit held in *Brill*, the party opposing remand bears the burden of proving federal court jurisdiction.  2005 WL 2665602, at *2.  While Microsoft admits – as it must – that this "civil action commenced" in February 2000, it nevertheless claims that CAFA applies because Plaintiffs have allegedly asserted a "new claim of harm" for spoliation that does not "relate back" to the Third Amended Petition.  Opp. Memo. at 13-16.  Microsoft's arguments fail for several reasons.

First, CAFA only applies to "any *civil action* commenced on or after" February 18, 2005.  Pub. L. 109-2, § 9.  This civil action was "commenced" in February 2000.  As a federal district court recently decided, that fact alone is determinative:

> When Congress said in § 9 of the Class Action Fairness Act that the Act would apply to "any civil action commenced" before February 18, 2005, it used clear, unambiguous, familiar legal terms….  Throughout the [removal] statutes, a "civil action" refers to the entire proceeding in a civil case….  [T]he statutes distinguish between "a claim or cause of action," and "a civil action."  A claim or cause of action is asserted in and is a part of a civil action, but the term *civil action* is more encompassing—it includes motions, discovery, and all other components of the proceeding.  The phrase *any civil action* in § 9

12

has the same meaning there as it has throughout the removal statutes. **A civil action, viewed as the whole case, the whole proceeding, can only be commenced once.**

*Weekley v. Guidant Corp.*, --- F. Supp. 2d ---, 2005 WL 2348476, at *2 (E.D. Ark. Sept. 23, 2005) (italics in original and bold emphasis added), Conlin Reply Aff. Ex. 3.[15]

Second, Microsoft's "relation back" argument is irrelevant. The district court noted in *Weekley* that:

> Congress did not say that the Class Action Fairness Act would apply to actions in which the complaint was amended after February 18, 2005, so as to make the action removable, unless the amendment related back to the "initial" complaint, which is what the statute would need to say for the discussion of whether the amendment relates back to become relevant.

*Id*. at *3.

Third, Microsoft's "relation back" argument is baseless because it is dependent on the existence of a new, viable "cause of action." Iowa, however, does not recognize a cause of action for spoliation. Rather the remedies for spoliation of evidence include discovery sanctions, and instructing on an unfavorable inference to be drawn from the fact that evidence was destroyed. *Meyn v. Iowa*, 594 N.W.2d 31, 34 (Iowa 1999). Thus, even if Congress had written § 9 of CAFA so that the act would apply to any "civil action or cause of action commenced after" February 18, 2005, there is no "new cause of action" asserted here. Simply put, "class actions 'commenced' in state court on or before February 18, 2005, remain in state court." *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005).

---

[15] The court in *Weekley* found two distinctions between existing removal statutes and CAFA. *See* 2005 WL 2348476, at *2-3. First, 28 U.S.C. § 1446(b) provides that non-class action cases may become removable by "an amended pleading." However, there is nothing in § 9 of the Class Action Fairness Act that makes the Act applicable to "an amended pleading;" rather the Act applies only to "civil actions commenced" after February 18, 2005. *Id*. at *3. Second, Congress, for federal question removal, distinguishes between a "civil action" and a "cause of action." *Id*. at *2. A case may be removable under 28 U.S.C. § 1441(c) "[w]henever a *separate and independent claim or cause of action* within the jurisdiction conferred by [28 U.S.C. §] 1331… is joined with one or more otherwise non-removable *claims or causes of action…*," and the district court can determine whether to exercise supplemental jurisdiction over the state claims. Congress could have written § 9 of CAFA in the same manner to say that the Act applies to any "civil action or cause of action commenced after" February 18, 2005. *See id*. at *3. It did not.

V.    **REMAND OF PLAINTIFFS' STATE LAW CAUSES OF ACTION WOULD BE APPROPRIATE EVEN IF PLAINTIFFS HAD PLEADED FEDERAL QUESTIONS.**

The supposed federal securities law claim is premised on one paragraph, and the supposed federal patent claim on one sentence fragment.  Microsoft does not dispute that everything else in Plaintiffs' 279-paragraph proposed Fourth Amended Petition is the basis for the causes of action under the Iowa Competition Law.

When "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought[,]" a federal court should not exercise jurisdiction.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966); *see also* 28 U.S.C. § 1367(c)(2).  Thus, even if Plaintiffs pleaded federal claims (which they did not), it would be error to accept Microsoft's invitation to accept supplemental jurisdiction over Plaintiffs' state antitrust causes of action, which clearly predominate over any alleged federal claim.  *See, e.g., James v. Sun Glass Hut of Cal., Inc.*, 799 F. Supp. 1083, 1085 (D. Colo. 1992) (declining jurisdiction when the plaintiff's contract and fraud claims required elements of proof distinct and foreign to her ADEA claim, and therefore would substantially expand the scope of the case in federal court).  This matter has proceeded for more than five years in state court and the nature of those proceedings make clear that all of the evidence deals with the state law causes of action that are at the heart of Plaintiffs' case.[16]  Accordingly, remand is appropriate.

---

[16] Supplemental jurisdiction also should be declined under § 1367(c)(1) since there are novel, complex, and important issues of state law on which that state's appellate courts have given little or no prior guidance.  *See, e.g., Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1038 (8th Cir. 1999).  This case will require the determination of novel and complex issues regarding the Iowa Competition Law as the parties prepare for a September 2006 trial date.  *See Women Prisoners of D.C. Dep't of Corrections v. District of Columbia*, 93 F.3d 910, 922 (D.C. Cir. 1996) (district court abused its discretion in exercising supplemental jurisdiction over state law claims involving unsettled areas of state law).  Indeed, the Iowa Supreme Court has already rejected the indirect purchaser bar of *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and held that all consumers, including indirect purchasers, have standing to sue for illegal, anticompetitive conduct proscribed by the Iowa Competition Law. *Comes v. Microsoft Corp.,* 646 N.W.2d 440 (Iowa 2002).  Moreover, the pending interlocutory appeal of the district court's collateral estoppel ruling will require a close analysis of Iowa's "necessary and essential" element of offensive collateral estoppel. *See*

## VI.   AS IN ITS NOTICE OF REMOVAL, MICROSOFT RELIES ON DECEPTIVE ARGUMENTS AND MISLEADING ASSERTIONS IN OPPOSING REMAND.

In addition to Microsoft's remarkable position (in the face of undeniable facts to the contrary) that Plaintiffs "explicitly pleaded" federal claims, Microsoft's efforts to mislead this Court pervade its opposition to remand:

- **Microsoft falsely claims that Plaintiffs added extensive allegations "that have never before been the subject of any claims in this action."** Opp. Memo. at 2-3.

In fact, Microsoft has clearly been on notice since at least September 2004 that all of the evidentiary allegations added in the proposed Fourth Amended Petition with respect to Microsoft's exclusion of competitors were at issue here.[17]   Microsoft also fails to inform the Court that the class period in this case extends until 60 days before trial, whereas the class periods in many other consumer cases ended much earlier, in many cases in December 2001.

---

*Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981). Remand will allow Plaintiffs to obtain definitive rulings on the issues arising under Iowa law, thereby "procuring them a surer-footed reading of applicable law." *Gibbs,* 383 U.S. at 726.  Furthermore, because Iowa's state courts, in comparison to the federal courts, have expended many judicial resources in presiding over this matter, remand is also warranted as a matter of judicial economy and comity.  Similarly, there is no reason to doubt the fairness or convenience of litigating this action in state court, where it has been litigated for the past five years.

[17] *In September 2004* Plaintiffs requested documents produced in the competitor and EU proceedings.  Requests Nos. 63-64, Plaintiffs' Second Set of Requests for Production of Documents, Conlin Aff. Ex. 6.  In seeking this material, Plaintiffs clearly informed Microsoft that they considered the exclusion of those competitors to be evidence for Plaintiffs' causes of action for illegal monopolization and unreasonable restraints of trade under the Iowa Competition Law.  *See, e.g.,* Memo. in Support of Motion to Compel at 4-7, Conlin Aff. Ex. 7 ("Microsoft's efforts to undermine so-called 'middleware' threats to its operating systems monopoly—including the threat posed by streaming media [such as Burst.com's technology]—are an integral part of Plaintiffs' claims.").  Microsoft has been aware that these allegations were the subject of this lawsuit for over a year now.

Microsoft also misleadingly asserts that, in alleging conduct that was also at issue in the competitor lawsuits, which had been brought in federal court, Plaintiffs here allege violations of federal law.  *See* Opp. Memo. at 3.  Plaintiffs clearly stated in their motion to amend, however, that the allegations "simply add support for the claims in Plaintiffs' previous petitions that Microsoft engaged in—and continues to engage in—unlawful monopolization and unreasonable restraints of trade *in violation of the Iowa Competition Law*."  Motion to Amend ¶ 4 (emphasis added), Conlin Reply Aff. Ex. 4.  Simply because the conduct may have given rise to claims under federal law in other lawsuits does not mean that Plaintiffs' challenge under the Iowa Competition Law also asserts federal violations. *See In re Microsoft Corp. Antitrust Litig.*, 332 F. Supp. 2d at 894.

Those cases therefore did not include Microsoft's more recent exclusionary conduct, which is described in these allegations in the proposed Fourth Amended Petition.

- **Microsoft misrepresents that it had no notice that Plaintiffs intended to pursue spoliation issues in this case.** *See* Opp. Memo. at 16 n.15.

In fact, Plaintiffs made abundantly clear as early as March 2005 to Microsoft that spoliation of evidence relevant to Plaintiffs' state-law causes of action would be at issue, and that they were seeking discovery to support a spoliation instruction to the jury. As Plaintiffs noted in March 2005, in their motion to compel Microsoft to produce materials from the *Burst.com* case:

> Significantly, the Burst case has also raised issues of Microsoft document retention (and destruction), both in that particular matter *and with respect to prior government investigations and subsequent class actions, including this lawsuit.* Access to materials from that case is therefore essential to determine the extent to which such destruction may have occurred and **whether spoliation instructions will be appropriate in this lawsuit**.

Motion to Compel at 5, Conlin Aff. Ex. 7 (italics in original, internal citations omitted).

Plaintiffs further asserted in their reply, in May 2005:

> Furthermore, the plaintiff in the *Burst.com* case discovered that Microsoft may have improperly *destroyed evidence*—including emails—purposely and with the intent to make them unavailable for litigation. This proceeding was pending while Microsoft's alleged wholesale destruction of evidence continued. **Destruction of evidence is always relevant and can result in adverse inference instructions**. Thus, Iowa Plaintiffs are affected directly by Microsoft's efforts to conceal its continuing anticompetitive conduct.

Reply in Support of Plaintiffs' Motion to Compel at 16, Conlin Aff. Ex. 8 (italics in original).

Microsoft's claim that it had no notice is false.

- **Microsoft feigns ignorance about the nature of an evidentiary allegation.**[18]   *See* Opp. Memo. at 9-10.

Throughout these proceedings, Microsoft has refused to acknowledge that certain conduct was part of Plaintiffs' Iowa Competition Law causes of action unless Plaintiffs

---

[18] *See Leete v. Hays*, 233 N.W. 481, 482 (Iowa 1930) ("Evidentiary allegations of fact alleged in the pleadings should be omitted by the court in stating the issues to the jury.").

specifically included evidentiary allegations concerning such conduct in their Petition.[19]

Microsoft's position has been: unless Plaintiffs specifically pleaded with particularity the

anticompetitive conduct they were challenging (i.e., evidentiary allegations), Microsoft would

not consider it part of the lawsuit and would resist any discovery.

Given Microsoft's insistence that Plaintiffs plead everything they intend to pursue in this

lawsuit, its feigned ignorance about the meaning of "evidentiary allegations" is incredibly

disingenuous. Moreover, Microsoft's current invocation of Iowa's liberal pleading rules to argue

that Plaintiffs pleaded federal claims, *see* Opp. Memo. at 10, is particularly cynical given its

refusal to acknowledge those rules as Plaintiffs have sought discovery with respect to

Microsoft's illegal, anticompetitive conduct.[20]

## **CONCLUSION**

Microsoft has not – and cannot – satisfy its burden of establishing that removal was

proper. The Court therefore should immediately remand this action to the Iowa District Court

for Polk County, so that oral argument before the Iowa Supreme Court in Microsoft's appeal of

Judge Reis' collateral estoppel ruling may proceed on December 8, 2005. *See* Notice of Oral

Argument, Conlin Reply Aff. Ex. 6. The Court should award Plaintiffs the costs and expenses

incurred in bringing this motion, including reasonable attorneys' fees. Given the frivolous and

---

[19] Microsoft, for example, objected to producing materials from *Burst.com* because it was "mentioned nowhere in plaintiffs' Third Amended Petition." Microsoft's Memo. in Support of Motion for Protective Order at 16, Conlin Reply Aff. Ex. 5. Even when Plaintiffs had explicitly mentioned certain competitors, Microsoft objected on the grounds that the competitor cases involved specific conduct that had not been set forth in the petition. *See, e.g., id.* at 15-17 (Plaintiffs did not specifically mention Microsoft's bundling of its media player to Windows).

[20] Indeed, Microsoft continues to resist discovery on that frivolous basis – having asserted just last week that Plaintiffs were not entitled to discovery with respect to Microsoft's conduct towards Google because Plaintiffs' Petition does not specifically mention Google. *See* Microsoft's Response to Plaintiffs' Third Set of Requests for Production of Documents at 7, 17-18, Conlin Reply Aff. Ex. 1.

abusive nature of Microsoft's removal, the Court should also impose any sanctions on Microsoft

that it deems appropriate under these unprecedented circumstances.

Dated:  November 10, 2005.

**Roxanne Conlin & Associates, P.C.**

/s/ Roxanne Barton Conlin
Roxanne Barton Conlin
319 7th Street, Suite 600
Des Moines, Iowa  50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477
Email: roxlaw@aol.com

Richard M. Hagstrom (Of Counsel)
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
Phone: 612-339-2020
Fax:  612-336-9100
Email: Rhagstrom@zelle.com

**ATTORNEYS FOR PLAINTIFFS AND
ALL OTHERS SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2005, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants:

> David B. Tulchin
> Joseph E. Neuhaus
> **Sullivan & Cromwell LLP**
> 125 Broad Street
> New York, New York 10004
> Email: NEUHAUSJ@sullcrom.com
> TULCHIND@sullcrom.com
>
> Edward Remsburg
> **Ahlers & Cooney, P.C.**
> 100 Court Avenue, Suite 600
> Des Moines, Iowa 50309
> EREMSBURG@ahlerslaw.com
>
> Brent B. Green
> Bradley C. Obermeier
> **Duncan, Green, Brown & Langeness, P.C.**
> 400 Locust Street, Suite 380
> Des Moines, Iowa 50309
> bgreen@duncangreenlaw.com

/s/ Roxanne Barton Conlin
Roxanne Barton Conlin
**Roxanne Conlin & Associates, P.C.**
319 7th Street, Suite 600
Des Moines, Iowa  50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477
Email: roxlaw@aol.com

Richard M. Hagstrom (Of Counsel)
**Zelle, Hofmann, Voelbel, Mason & Gette LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
Phone: 612-339-2020
Fax:  612-336-9100
Email: Rhagstrom@zelle.com