# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

JOE COMES and RILEY PAINT, INC., an : 
Iowa corporation, :        No. CV 05-562
     :
         Plaintiffs, :      **REPLY AFFIDAVIT OF**
     :      **ROXANNE BARTON CONLIN**
    v.      :
     :
MICROSOFT CORPORATION, a :
Washington corporation, :
     :
         Defendant. :
     :

Roxanne Barton Conlin, being first duly sworn, deposes and says as follows:

1.      I am a shareholder of Roxanne Conlin & Associates, P.C., and Plaintiffs' co-lead counsel in the above-captioned litigation. I submit this affidavit in support of the Reply Memorandum in Support of Plaintiffs' Motion for Remand.

2.      The exhibits attached to this affidavit are true and accurate copies of the following documents:

     a.      Excerpts from Microsoft's Response to Plaintiffs' Third Set of Requests for Production of Documents dated October 31, 2005 (Exhibit 1).

     b.      Excerpts from Microsoft's October 13, 2005 "Notice of Potential Tag-Along" filed with the Judicial Panel on Multidistrict Litigation (Exhibit 2).

     c.      *Weekley v. Guidant Corp.*, --- F. Supp. 2d ---, 2005 WL 2348476 (E.D. Ark. Sept. 23, 2005) (Exhibit 3).

     d.      Excerpts from Plaintiffs' Motion to Amend Petition dated September 16, 2005 (Exhibit 4).

     e.      Excerpts from Microsoft's Memorandum in Support of its Motion for a Protective Order dated April 21, 2005 (Exhibit 5).

     f.      Notice of Oral Argument dated November 3, 2005 (Exhibit 6).

Case 4:05-cv-00562-REL-RAW Document 25-3 Filed 11/15/2005 Page 2 of 25

3.      I swear and certify under penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is true and correct.

This Affidavit was executed on the 10th day of November, 2005.

/s/ _____
Roxanne Barton Conlin

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa corporation, | : | No. 05-cv-00562 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, a Washington corporation, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT MICROSOFT CORPORATION'S RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, defendant Microsoft Corporation ("Microsoft") hereby responds to Plaintiffs' Third Set of Requests for Production of Documents ("Plaintiffs' Requests").

## GENERAL OBJECTIONS

1. Microsoft objects to Plaintiffs' Requests as beyond the scope of permissible discovery in this case as set forth in the Iowa state court's December 17, 2004 Order. Plaintiffs have not made any showing of "particularized good cause" for any of the discovery they have requested, as that Order requires. (*See* Order Denying Plaintiffs' Motion to Compel Discovery at 5 (Iowa Dist. Ct. Dec. 17, 2004) (hereafter, the "December 17, 2004 Order").)

2. Microsoft objects to Plaintiffs' Requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine or any other applicable

**EXHIBIT 1**

Case 4:05-cv-00562-REL-RAW Document 15-3 Filed 11/15/2005 Page 4 of 25

## DOCUMENT REQUEST NO. 85

All documents, pleadings, depositions including exhibits and all other material, whether produced or prepared by Microsoft or by third parties, and all hearing transcripts and all sworn statements in the lawsuit MS v. Google filed on or about July 19, 2005.

## RESPONSE:

Microsoft incorporates its general objections and objections to definitions and instructions as if fully set forth herein and, in particular, objects that plaintiffs have made no showing of "particularized good cause" for the materials sought in this Request as required by the December 17, 2004 Order. Microsoft further objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is not relevant to any claims or issues in either plaintiffs' Third Amended Petition or plaintiffs' proposed Fourth Amended Petition, neither of which mentions or refers to Google.

## DOCUMENT REQUEST NO. 86

All documents pertaining to or setting forth Microsoft's document retention policies from 1994 to present.

## RESPONSE:

Microsoft incorporates its general objections and objections to definitions and instructions as if fully set forth herein and, in particular, objects that plaintiffs have made no showing of "particularized good cause" for the materials sought in this Request as required by the December 17, 2004 Order. Microsoft further objects to this Request on the ground that it is vague and ambiguous. Microsoft further objects to this Request as overly broad and unduly burdensome, particularly to the extent it seeks all documents "pertaining to" document retention policies throughout the company over a 15-year period. Microsoft produced documents relating to its document retention policies in *Sun Microsystems, Inc.* v. *Microsoft Corp.*, No. C-02-01150

**RESPONSE:**

Microsoft incorporates its general objections and its objections to definitions and instructions as if fully set forth herein and, in particular, objects that plaintiffs have made no showing of "particularized good cause" for the materials sought in this Request as required by the December 17, 2004 Order. Microsoft further objects to this Request as vague and ambiguous, particularly in the use of the term "technical information." Microsoft further objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Microsoft further objects to this Request to the extent it seeks information regarding products not covered by the Court's class certification order. Microsoft further states that its unilateral decisions regarding disclosure of its intellectual property cannot serve as a basis for antitrust liability, *see Verizon Communications, Inc.* v. *Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004), and therefore such disclosures are not relevant to any issue in this case. Notwithstanding the foregoing objections and without waiver of them, Microsoft proposes to meet and confer with plaintiffs to discuss reasonable parameters with respect to production of documents responsive to this Request relating to products at issue in this litigation and relating to a reasonably defined universe of information.

**DOCUMENT REQUEST NO. 97**

Any document discussing Google as a real or potential development platform.

**RESPONSE:**

Microsoft incorporates its general objections and objections to definitions and instructions as if fully set forth herein and, in particular, objects that plaintiffs have made no showing of "particularized good cause" for the materials sought in this Request as required by

-17-

the December 17, 2004 Order. Microsoft further objects to this Request as vague and ambiguous. Microsoft further objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is not relevant to any claims or issues in either plaintiffs' Third Amended Petition or plaintiffs' proposed Fourth Amended Petition, neither of which mention or refer to Google.

### DOCUMENT REQUEST NO. 98

Any document entitled "Google – The winner Takes All (And Not Just Search)" or similarly titled, all documents discussing such document.

### RESPONSE:

Microsoft incorporates its general objections and objections to definitions and instructions as if fully set forth herein and, in particular, objects that plaintiffs have made no showing of "particularized good cause" for the materials sought in this Request as required by the December 17, 2004 Order. Microsoft further objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request is not relevant to any claims or issues in either plaintiffs' Third Amended Petition or plaintiffs' proposed Fourth Amended Petition, neither of which mention or refer to Google.

Dated: October 31, 2005

Respectfully submitted,

*Of Counsel:*

By: _Ed Remsburg_

Edward W. Remsburg (PK0004619)

Charles B. Casper
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
(515) 243-7611

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Brent B. Green
DUNCAN, GREEN, BROWN & LANGENESS
A Professional Corporation
400 Locust Street, Suite 380
Des Moines, Iowa 50309
Telephone: (515) 288-6440

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

RECEIVED
CLERK'S OFFICE

2005 OCT 13 *125 Broad Street*
*New York, NY 10004-2498*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

*LOS ANGELES • PALO ALTO • WASHINGTON, D.C.*

*FRANKFURT • LONDON • PARIS*

*BEIJING • HONG KONG • TOKYO*

*MELBOURNE • SYDNEY*

October 13, 2005

<u>Via Hand Delivery</u>

Michael J. Beck,
    Clerk of the Judicial Panel on Multidistrict Litigation,
        One Columbus Circle, N.E.,
           Room G-255, North Lobby,
               Washington, D.C. 20002-8004.

      Re:    In re Microsoft Corp. Windows Operating Systems
           <u>Antitrust Litigation, MDL Docket No. 1332</u>

Dear Mr. Beck:

      Today Microsoft Corporation is filing with the Judicial Panel a Notice of Potential
"Tag-Along" Action. Please find enclosed a copy of the complaint in the action subject
to Microsoft's Notice, as well as a copy of the notice for your reference. Please let me
know if there is anything further we can do to be of assistance.

                     Respectfully yours,

                     Ryan C. Williams

(Enclosures)

cc:    Stanley Chelsey
      Michael Hausfeld
      Roxanne B. Conlin
      Richard M. Hagstrom

**EXHIBIT 2**

RECEIVED
CLERK'S OFFICE

2005 OCT 13  P 3: 22

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE: <br> MICROSOFT CORP. WINDOWS OPERATING <br> SYSTEMS ANTITRUST LITIGATION | ) <br> ) <br> ) MDL Docket No. 1332 <br> ) <br> ) |

## NOTICE OF POTENTIAL "TAG-ALONG" ACTION

Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Microsoft Corporation hereby provides notice of another action that is pending against it in federal district court and is related to the actions subject to the Judicial Panel's Transfer Order of April 25, 2000. The action, styled *Joe Comes and Riley Paint, Inc.* v. *Microsoft Corporation*, is pending in the United States District Court for the Southern District of Iowa and has been assigned civil action number CV 05-562.

13-Oct-2005 04:03pm From-S&C LLP Wash.,DC 018100 T-733 P.004/005 F-250

Dated: October 13, 2005

Respectfully submitted,

David B. Tulchin
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

OF COUNSEL:

Thomas W. Burt
Richard Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

-2-

13-Oct-2005 04:03pm From-S&C LLP Wash.,DC                018100                 T-733  P.005/006  F-250

## CERTIFICATE OF SERVICE

I, Ryan C. Williams, hereby certify that I caused a copy of the foregoing Notice of Potential "Tag-Along" Action to be served on October 13, 2005 by facsimile and first class mail upon:

Stanley M. Chesley
Waite, Schneider, Bayless & Chesley, L.P.A.
1513 Central Trust Tower
Fourth and Vine Streets
Cincinnati, Ohio 45202
Facsimile: (513) 381-2375

Michael D. Hausfeld
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005-3964
Facsimile: (202) 408-4699

Roxanne Barton Conlin
Roxanne Conlin & Associates, P.C.
319 Seventh Street, Suite 600
Des Moines, Iowa 50309
Facsimile: (515) 282-0477

and

Richard M. Hagstrom
Zelle, Hofmann, Voelbel, Mason & Gette LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
Facsimile: (612) 336-9100

Ryan C. Williams

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| JOE COMES, JEFF C. JENNISON and RILEY PAINT, INC., an Iowa corporation, | : | NO. CL82311 |
| Plaintiffs, | : | |
| vs. | : | |
| | : | THIRD AMENDED PETITION |
| MICROSOFT CORPORATION, a Washington corporation, | : | |
| Defendant. | : | |

Plaintiffs, for their Class Action Complaint, by and through counsel, on behalf of themselves and all others similarly situated, on information and belief formed after an inquiry reasonable under the circumstances, allege against Microsoft Corporation ("Microsoft"), as follows:

### SUMMARY OF THIS ACTION

1.    Plaintiffs bring this class action under the laws of Iowa for damage sustained as a result of Microsoft's anti-competitive and monopolistic practices in the conduct of trade or commerce.  Specifically, Plaintiffs challenge those practices that Microsoft used—and continues to use—to prevent and destroy competition and to unlawfully acquire and maintain monopoly power.

2.    The purpose and effect of this illegal conduct has been to deny purchasers of Microsoft operating systems and applications software a competitive price and free choice

1

2005 WL 2348476                                                                                      Page 1
--- F.Supp.2d ----, 2005 WL 2348476 (E.D.Ark.)
**(Cite as: 2005 WL 2348476 (E.D.Ark.))**

c

United States District Court,
E.D. Arkansas,
Northern Division.
Jere A. WEEKLEY, Plaintiff
v.
GUIDANT CORPORATION and Cardiac
Pacemakers, Inc., Defendants.
No. 1:05CV00064 JLH.

Sept. 23, 2005.

**Background:** Patient filed complaint in the Arkansas
Circuit Court, Jackson County, against manufacturer
of cardiac pacemaker alleging patient's pacemaker
was defective, which complaint expressly limited
damages to less than minimum amount for federal
diversity jurisdiction. Manufacturer removed the case
to federal court.

**Holding:** On patient's motion to remand, the
District Court, Holmes, J., held that federal Class
Action Fairness Act did not apply, though patient
amended the complaint after Act's enactment to seek
nationwide class certification.
Motion granted.

**[1] Removal of Cases** ⬸2

334k2 Most Cited Cases

**[1] Removal of Cases** ⬸76
334k76 Most Cited Cases
The federal Class Action Fairness Act, which
expressly applies to any civil action commenced after
the Act's enactment, did not apply where patient,
before Act's enactment, filed complaint in Arkansas
state court against manufacturer of cardiac pacemaker
alleging patient's pacemaker was defective, which
complaint expressly limited damages to less than
minimum amount for federal diversity jurisdiction,
though patient amended the complaint after Act's
enactment to seek nationwide class certification; a
civil action, viewed as a whole proceeding, could be
commenced only once, so that amendment of
pleadings did not commence a civil action. 28
U.S.C.A. § § 1332(d), 1446, 1453.

**[2] Federal Courts** ⬸417
170Bk417 Most Cited Cases
State law governs when a civil action is commenced,

for purposes of removal to federal court.
 David A. Hodges, Attorney at Law, Little Rock, AR,
for Plaintiff.

 Deborah Ann Moeller, Kansas City, MO, M. Samuel
Jones, III, Mitchell, Williams, Selig, Gates &
Woodyard, P.L.L.C., Little Rock, AR, Rachel A.
Emig, Kansas City, MO, Timothy A. Pratt, Shook,
Hardy & Bacon, L.L.P., Kansas City, MO, for
Defendants.

*OPINION*

HOLMES, District Judge.

**\*1** Jere Weekley filed a complaint against Guidant
Corporation and Cardiac Pacemakers, Inc., in the
Circuit Court of Jackson County, Arkansas, on July
26, 2004. The complaint alleged that the defendants
supplied a defective pacemaker that proximately
caused injury and damages to Weekley. The prayer
for relief expressly limited damages claimed to an
amount less than $75,000, the minimum amount for
federal diversity jurisdiction.

 On or about July 8, 2005, Weekley filed a document
styled, "Amendment to Complaint; Motion for Class
Certification." That document consists of one
sentence incorporating the original complaint by
reference and a four-paragraph motion for class
certification alleging, in conclusory fashion, the
elements of a class action as stated in Ark. R. Civ. P.
23. The putative class would include individuals who
were supplied the same model of pacemaker that
was supplied to Weekley and also other cardiac devices
manufactured by defendants and subsequently
removed in circumstances similar to Weekley's. On
July 28, 2005, Guidant Corporation and Cardiac
Pacemakers, Inc., filed a notice of removal pursuant
to 28 U.S.C. § § 1332(d), 1446, and 1453, as
recently revised by the Class Action Fairness Act of
2005.

 **[1]** Section 9 of the Class Action Fairness Act
provides, "The amendments made by this Act shall
apply to any civil action commenced on or after the
date of enactment of this Act." The Class Action
Fairness Act was enacted on February 18, 2005.
Weekley argues that the civil action commenced
when she filed her initial complaint on July 26, 2004,
so the Class Action Fairness Act does not apply. The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 3**

2005 WL 2348476                                                                                                          Page 2
--- F.Supp.2d ----, 2005 WL 2348476 (E.D.Ark.)
**(Cite as: 2005 WL 2348476 (E.D.Ark.))**

defendants argue that the July 8, 2005, amendment to Weekley's complaint, which for the first time sought nationwide class action status, constituted the "commencement" of a class action under the Class Action Fairness Act. Defendants note that the amendment to the complaint is not a routine amendment. They say that the amendment takes a single case by one individual and turns it into a nationwide class action. The defendants observe that the initial complaint could not have put them on notice that all of their cardiac devices were at issue, and they note that the initial complaint implicated the law of Arkansas, but the proposed class action would implicate the laws of all 50 states. Under these circumstances, the defendants argue, the "Amendment to Complaint; Motion for Class Certification" constituted commencement of a new civil action within the meaning of § 9 of the Class Action Fairness Act. The defendants cite _Senterfitt v. SunTrust Mortgage, Inc._, 385 F.Supp.2d 1377 (S.D.Ga.2005), and _Heaphy v. State Farm Mut. Auto. Ins. Co._, No. 05-5404, 2005 WL 1950244 (W.D.Wash. Aug. 15, 2005). _See also Pritchett v. Office Depot, Inc._, 420 F.3d 1090 (10th Cir.2005); _Schorsch v. Hewlett-Packard Co._, 417 F.3d 748, (7th Cir.2005); _Knudsen v. Liberty Mut. Ins. Co._, 411 F.3d 805 (7th Cir.2005).

**\*2 [2]** Section 9 of the Class Action Fairness Act is about as clear and simple as a statute can be; it says that the Act "shall apply to any civil action commenced on or after the date of enactment of this act." Rule 3 of the Arkansas Rules of Civil Procedure, like Rule 3 of the Federal Rules of Civil Procedure, provides that an action is commenced by filing a complaint. [FN1] Because Weekley filed her complaint before February 18, 2005, the Class Action Fairness Act does not apply to this civil action.

When Congress said in § 9 that the Act would apply to "any civil action commenced" before February 18, 2005, it used clear, unambiguous, familiar legal terms. The phrase "any civil action" appears throughout the removal statutes. _See_ 28 U.S.C. § 1441 _et seq._ Throughout the statutes, a "civil action" refers to the entire proceeding in a civil case. When a "civil action" is removed, the whole case, the whole proceeding, is removed. In narrow circumstances defined in 28 U.S.C. § 1452, "any claim or cause of action in a civil action" may be removed; which is to say that the statutes distinguish between "a claim or cause of action," and "a civil action." A claim or cause of action is asserted in and is a part of a civil action, but the term _civil action_ is more encompassing--it

includes motions, discovery, and all other components of the proceeding. The phrase _any civil action_ in § 9 has the same meaning there as it has throughout the removal statutes. A civil action, viewed as the whole case, the whole proceeding, can only be commenced once. _See Sneddon v. Hotwire, Inc._, 2005 WL 1593593 (N.D.Cal. June 29, 2005). Pleadings may be amended, but amending pleadings does not commence a civil action. By definition, a civil action must already have been commenced before a pleading can be amended. Some claims asserted in the initial complaint may be dismissed, voluntarily or involuntarily, during the course of the action. Other claims may be added during the course of the action. Those new claims may dramatically change the action. Those claims may or may not "relate back" to the original complaint for limitations purposes. Nevertheless, a civil action, viewed as the entirety of the case or the entirety of the proceeding, commenced when the initial complaint was filed.

Twenty-Eight U.S.C. § 1446 states the procedure for removal. Subsection (b) provides that the notice of removal of a civil action or proceeding shall be filed within 30 days after the defendant receives a copy of the initial pleading setting forth the claim for relief or 30 days after service of summons, whichever is shorter. That subsection then adds:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

**\*3** Had Congress intended that the Class Action Fairness Act apply to civil actions that were commenced before February 18, 2005, but did not become removable under that Act until after February 18, 2005, it would have been easy to add language to that effect in § 9. It would have been easy to include in § 9 a provision similar to the portion of 28 U.S.C. § 1446(b) quoted above. Perhaps it would have been better had such a provision been included, but it was not. It is not within the province of this Court to read into the statute a provision that Congress chose not to include. Congress could easily have inserted a provision like the portion of 28 U.S.C. § 1446(b) quoted above but did not.

Defendants earnestly argue that the amendment to the complaint does not relate back to the original complaint, and, conversely, plaintiff earnestly argues that it does. Whether it does or does not is irrelevant. Congress did not say that the Class Action Fairness

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Act would apply to actions in which the complaint was amended after February 18, 2005, so as to make the action removable, unless the amendment related back to the initial complaint, which is what the statute would need to say for the discussion of whether the amendment relates back to become relevant.

The action that defendants removed is the same civil action that Weekley commenced by filing a complaint in the Circuit Court of Jackson County on July 26, 2004. The parties are the same. The causes of action are the same. Weekley has moved for class certification, but defendants will no doubt oppose that motion. If the class certification is denied, this action will continue as nothing more than an action by Weekley against Guidant Corporation and Cardiac Pacemakers, Inc., for damages in an amount less than the minimum amount for federal diversity jurisdiction. If class certification is granted, the scope of the litigation will then be greatly expanded. However, Congress rejected a proposal to authorize removal for actions certified as class actions after the date of enactment. *Compare* H.R. 516, 109th Cong. § 7 (2005) (providing, in the original house bill, for removal in cases where a class certification order is entered after the Class Action Fairness Act's enactment date), *with* Class Action Fairness Act of 2005, Pub.L. 109-2, § 9, 119 Stat. 4, 14 (containing no such language). The terms *class action* and *class action certification order* are defined terms in the Act. *See* 28 U.S.C. § 1332(d)(1). Congress could have made the Act applicable to civil actions in which a class action certification motion is filed after the date of enactment or to civil actions in which the class certification order is entered after the date of enactment, but it did not. Congress made the Act applicable to any civil action commenced after February 18, 2005. Congress did not make the Act applicable to any civil action commenced before that date. This civil action was commenced before that date. Therefore, the Class Action Fairness Act does not apply to it. The issue here is one of statutory construction. The statute is unambiguous.

### CONCLUSION

*4 For these reasons, the motion to remand is GRANTED. This case is remanded to the Circuit Court of Jackson County, Arkansas.

FN1. State law governs when a civil action is commenced for purposes of removal. *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir.1989).

--- F.Supp.2d ----, 2005 WL 2348476 (E.D.Ark.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 4:05-cv-00562-RP-RAW Document 23-3 Filed 11/15/2005 Page 16 of 25

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

|  |  |  |
|---|---|---|
| JOE COMES and RILEY PAINT, INC., an Iowa Corporation, | : | No. CL82311 |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : | MOTION TO AMEND PETITION |
| MICRSOFT CORPORATION, a Washington Corporation, | : |  |
|  | : |  |
| Defendant. | : |  |

FILED
POLK COUNTY, IA.
05 SEP 16 PM 1:54
CLERK DISTRICT COURT

COME NOW Plaintiffs in the above captioned case and move the Court pursuant to Iowa Rule of Civil Procedure 1.402 to amend Plaintiffs' Third Amended Petition and as grounds therefore state:

1.    This motion and the proposed Fourth Amended Petition are timely, as they are being filed on September 16, 2005, the deadline set for such motions by this Court's Amended and Substituted Pre-Trial Scheduling Order of July 7, 2005 (Scheduling Order).

2.    Iowa Rule of Civil Procedure 1.402(4), formerly Rule 69(d), provides in pertinent part that leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires.

3.    Rule 1.402(4) has been construed to permit liberal amendment of the pleadings. *See Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 767 (Iowa 2002).

4.    The proposed Fourth Amended Petition clarifies Plaintiffs' claims for damages and adds factual allegations that are primarily based upon the lawsuits and proceedings that were referred to in Plaintiffs' Motion to Compel Discovery dated July 22, 2005 (i.e. *Be Inc. v. Microsoft Corp.*,

1

**EXHIBIT 4**

*Burst.com Inc. v. Microsoft Corp., Microsoft v. Lindows.com, Netscape v. Microsoft Corp., RealNetworks, Inc. v. Microsoft Corp., Sun Microsystems, Inc. v. Microsoft Corp.* and the proceeding before the Commission of the European Communities involving Microsoft ). These factual allegations simply add support for the claims in Plaintiffs' previous petitions that Microsoft engaged in—and continues to engage in—unlawful monopolization and unreasonable restraints of trade in violation of the Iowa Competition Law, Iowa Code § 553.1 *et seq.*

5.    The allegations are not new or surprising to Defendant as they were asserted in these other lawsuits and proceedings in which Defendant was a party and Plaintiffs have sought discovery concerning these matters in this case.

6.    The proposed Fourth Amended Petition also adds plaintiffs, as specifically contemplated by this Court's Scheduling Order which set September 16, 2005 as the deadline to add parties.

2

DATED:  September 16, 2005

Respectfully submitted,

ROXANNE CONLIN & ASSOCIATES, P.C.

By _____
Roxanne Barton Conlin
ROXANNE CONLIN & ASSOCIATES, P.C.
600 Griffin Building
319 Seventh Street
Des Moines, Iowa 50309
Phone:  (515) 283-1111
Fax:  (515) 282-0477

Richard M. Hagstrom
ZELLE, HOFMANN, VOELBEL, MASON
& GETTE LLP
500 Washington Avenue South
Suite 4000
Minneapolis, Minnesota  55415
Phone:  (612) 339-2020
Fax:  (612) 336-9100

Attorneys for Plaintiffs

Copy to:

Edward Remsburg
Ahlers & Cooney, P.C.
100 Court Avenue
Suite 600
Des Moines, IA  50309

Brent B. Green
Bradley C. Obermeier
Duncan, Green, Brown & Langeness
400 Locust Street, Suite 380
Des Moines, IA  50309

David B. Tulchin
Joseph E. Neuhaus
Sullivan & Cromwell
125 Broad Street
New York, New York 10004

Attorneys for Defendant

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing instrument was
served upon all parties to the above cause to each of the attorneys
of record herein at their respective addresses disclosed on the
pleadings on _____, 20___.

By:  □ U.S. Mail        □ FAX
     □ Hand Delivered    □ Overnight Courier
     □ Certified         ☑ Other: E-mail

Signature _____

3

# IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| JOE COMES, JEFF C. JENNISON and RILEY PAINT, INC., | : | No. CL82311 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MICROSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

Edward W. Remsburg (PK0004619)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
Telephone: (515) 243-7611

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
Ryan C. Williams
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*
*(additional counsel listed on signature page)*

April 21, 2005

**EXHIBIT 5**

in five antitrust actions initiated by competitors of Microsoft from 2001 to 2003 -- *Be Inc.*

*v. Microsoft Corp.*, No. 02837MEJ (N.D. Cal.); *Burst Corp. v. Microsoft Corp.*, No. 02-

cv 2952 (N.D. Cal.); *Netscape v. Microsoft Corp.*, No. 1:02cv97 (D.D.C.); *RealNetworks,*

*Inc. v. Microsoft Corp.*, No. C 03-5717 (N.D. Cal.); and *Sun Microsystems, Inc. v.*

*Microsoft Corp.*, No. C-02-01150PVT (N.D. Cal.) -- one trademark infringement action

initiated by Microsoft in 2002 -- *Microsoft Corp. v. Lindows.com*, No. C01-2115C (W.D.

Wash.) -- and a regulatory proceeding initiated by the European Union upon the

complaint of Sun, one of the suing competitors, in December 1998. *See* Plaintiffs'

Second Set of Requests for Production of Documents at 5-6 (attached as Exhibit A to the

Conlin Aff.); Microsoft's Responses to Plaintiffs' Second Set of Requests for Production

of Documents, March 9, 2005, at 8-9 ("Microsoft Response to Second Doc. Req.")

(attached as Exhibit O to the Remsburg Aff.).

The documents requested, which Microsoft estimates would comprise

over 12 million pages not previously produced in any of the coordinated class action

cases, go far beyond the allegations of the Third Amended Petition. The issues raised in

these seven proceedings include many allegations of no relevance whatsoever to this

case. For example:

> • The *Lindows.com* action was initiated by Microsoft in early 2002
> to seek redress for the defendant's infringement of Microsoft's "Windows"
> trademark. The defendant counterclaimed seeking declaratory relief and
> cancellation of the Windows trademark. Answer and Counterclaims of Defendant
> Lindows.com at 11-12 (attached as Exhibit G to the Conlin Aff.).[13]  None of these

---

[13] The defendant also asserted a counterclaim under Washington's unfair
competition law alleging interference with Lindows.com's business. This counterclaim
was later voluntarily dismissed.

allegations is referred to anywhere in plaintiffs' Third Amended Petition, which does not even mention Lindows.com. Indeed, in the Minnesota case, in which the allegations were identical to those here, plaintiffs' counsel conceded that "the issues in *Microsoft Corp. v. Lindows.com, Inc.* . . . and the issues in this case are completely unrelated."[14]

• The primary allegations in the *Burst.com* case were, as plaintiffs admit, that Microsoft infringed Burst.com's patents and misappropriated Burst.com's trade secrets by allegedly violating a nondisclosure agreement. Plaintiffs' Mem., Remsburg Aff. Ex. G, at 5; *see* Burst.com Complaint ¶¶ 9-10 (attached as Exhibit E to the Conlin Aff.). The conduct underlying this claim is alleged to have occurred from late 1999 through December 2001, well after virtually all of the conduct alleged in plaintiffs' Third Amended Petition. *See* note 2 *supra*. As with Lindows.com, Burst.com is mentioned nowhere in plaintiffs' Third Amended Petition.

• The *RealNetworks* action and the EU regulatory proceeding relate largely to markets for server operating systems, an alleged product market that is completely different from the alleged markets for personal computer operating systems at issue in the Third Amended Petition. *See, e.g.*, RealNetworks Complaint ¶¶ 66-74 (alleging markets for server operating systems, streaming media server software) (attached as Exhibit J to the Conlin Aff.); Microsoft Response to Second Doc. Req., Remsburg Aff. Ex. O, at 8-9 (describing EU proceeding). They also allege bundling of so-called "streaming media" products with Windows operating systems, an allegation nowhere mentioned in the Third Amended Petition. This alleged conduct is alleged to have commenced in 1999, RealNetworks Complaint, Conlin Aff. Ex. J, ¶ 145, again well after the nearly all of the conduct alleged in the Third Amended Petition is alleged to have occurred. *See* note 2 *supra*.

• Likewise, the *Sun* case encompasses allegations found nowhere in the Third Amended Petition, including allegations relating to workgroup server operating system software, a product in a different market from the personal computer operating system software at issue here, Sun Complaint ¶¶ 116-68

---

[14] Plaintiffs' Mem. in Support of Motion and Emergency Motion in Limine Concerning Plaintiffs' Live Witness Michael Robertson, *Gordon v. Microsoft Corp.*, No. 00-5994 (Minn. Dist. Ct. dated Feb. 27, 2004), at 2 (attached, in part, as Exhibit P to the Remsburg Aff.). Contrary to plaintiffs' contention, Plaintiffs' Mem., Remsburg Aff. Ex. G, at 6, Microsoft never "admitted" that discovery taken in the *Lindows.com* action was relevant to the claims of either plaintiffs in this action or those of the Minnesota plaintiffs. Rather, Microsoft merely sought information in the Minnesota action "to prepare effectively to cross-examine" a witness who *plaintiffs* in that case had put on their witness list. Conlin Aff. Ex. H, at 1.

(attached as Exhibit K to the Conlin Aff.), and alleged anticompetitive conduct relating to Microsoft's .Net and Passport software, products that are also mentioned nowhere in the Third Amended Petition.  Conlin Aff. Ex. K ¶¶ 183-99. The significantly broader scope of the claims in the *Sun* action is particularly relevant since, based on Microsoft's estimate, documents produced in the *Sun* action comprise more than 8 million of the more than 12 million new pages sought by plaintiffs' present motion.

With the exception of the *RealNetworks* case, which was commenced in December 2003, each of these proceedings was commenced prior to the close of coordinated fact discovery in the MDL action in July 2002.  Thus, to the extent the allegations of most of these proceedings raised issues of critical importance to the claims of indirect purchasers, plaintiffs' lawyers across the country have overlooked it for three years or more.  Indeed, plaintiffs' lawyers here were free to petition the Minnesota court in the *Gordon* action to allow discovery of these materials prior to proceeding to trial in March 2004.  They chose not to do so.

Moreover, to the extent that these actions do overlap with the allegations in the Third Amended Petition, they are on issues as to which there has been exhaustive discovery in the MDL and California proceedings and as to which collateral estoppel applies.  For example, nearly all of the allegations in the Third Amended Petition relating to alleged anticompetitive conduct directed at Netscape are covered by findings on which Microsoft has been precluded.  *Compare* Third Am. Pet. ¶¶ 137-78 *with United States* v. *Microsoft Corp.*, 84 F. Supp. 2d at 28-34, 43-105 (¶¶ 68-72, 79-92, 133-35, 143-70, 173-

## CONCLUSION

This Court should enter an Order quashing plaintiffs' outstanding discovery requests. Plaintiffs should likewise be required to seek leave from the Court before seeking any further discovery in this case, and such leave should be granted only for discovery that is limited to Iowa-specific issues or to the updating of data from Microsoft's databases relating to plaintiffs' damages calculations. No other discovery should be permitted except upon a showing of particularized good cause.

Dated: April 21, 2005

*Of Counsel*:

Charles B. Casper
MONTGOMERY, McCRACKEN,
   WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Thomas W. Burt
Richard J. Wallis
Steven J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Respectfully submitted,

By: _Ed Remsburg_
   Edward W. Remsburg (PK0004619)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
(515) 243-7611

David B. Tulchin
Joseph E. Neuhaus
Sharon L. Nelles
Ryan C. Williams
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

-31-



LOUIS A. LAVORATO
CHIEF JUSTICE

**Supreme Court**

JUDICIAL BRANCH BUILDING
1111 EAST COURT AVENUE
DES MOINES, IOWA 50319

**FILED**

NOV 0 3 2005

CLERK SUPREME COURT

November 3, 2005

*NOTICE OF ORAL ARGUMENT*

Counsel:

Re:   No. 05-0097, *Comes v. Microsoft Corporation*

The cause referred to above has been assigned for oral argument to the Iowa Supreme Court on **Thursday, December 8, 2005, at 9:00 a.m.**

After screening by a panel of three justices, it has been determined pursuant to Iowa Rule of Appellate Procedure 6.21(3) that oral argument time should be limited to 15 minutes for each side and 5 minutes for reply by appellant. Multiple appellants or appellees, if any, must share the time allotted.

*Changes in the above-stated oral argument date and time will not be made absent a verified showing of a most unusual and compelling circumstance.*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your ADA coordinator at (515) 281-5911. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

This is the only notice you will receive from the court.

*Louis A. Lavorato*

Louis A. Lavorato
Chief Justice

Copies to:

Thomas Burt
Richard J. Wallis
Steven J. Aeschbacher
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052

Charles B. Casper
Montgomery, McCracken, Walker
123 South Broad Street
Philadelphia, PA 19109

Roxanne Barton Conlin
319 Seventh Street, Suite 600
Des Moines, Iowa 50309

**EXHIBIT 6**

Richard M. Hagstrom
Zelle, Hoffman, Voelbel, Mason & Gette
500 Washington Avenue, Suite 4000
Minneapolis, MN 55415

Edward W. Remsburg
100 Court Avenue, Suite 600
Des Moines, Iowa 50309

David B. Tulchin
Joseph E. Neuhaus
Richard C. Pepperman II
Sullivan & Cromwell
125 Broad Street
New York, NY 10004