IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOE COMES and RILEY PAINT, INC., and Iowa Corporation, | |
| Plaintiffs, | No. 05-CV-562 |
| v. | |
| MICROSOFT CORPORATION, a Washington Corporation | ORDER |
| Defendants. | |

THE COURT HAS BEFORE IT plaintiffs' motion to remand, filed October 18, 2005. That same day, plaintiffs also filed a "notice of modification of proposed fourth amended petition prior to action on plaintiffs' motion to amend third amended petition." Defendant resisted the motion to remand on October 28, 2005. Plaintiffs filed a reply brief on November 16, 2005. The matter is considered fully submitted.[1]

I.   BACKGROUND

In February of 2000, plaintiffs filed this action in the District Court for Polk County Iowa. Since filing the initial petition, plaintiffs have amended their petition before the Iowa state courts on three separate occasions: March 8, 2000, October 7, 2002, and February 14, 2003. On

---

[1] In addition to the motion to remand, two other motions also are outstanding in this case. First, on October 13, 2005, defendant filed a motion to stay the proceedings pending transfer to the Judicial Panel on Multidistrict Litigation. Plaintiffs resisted this motion on October 20, 2005 and defendant replied on November 1, 2005. Second, also on October 13, 2005, defendant filed a motion for an extension of time to respond to plaintiffs' amended petition, which plaintiffs resisted on October 18, 2005. As is explained below, both of these motions are disposed of through this order.

September 16, 2003, the Iowa trial court certified two classes of Iowa software purchasers based upon allegations made by plaintiffs in the Third Amended Complaint.[2]  Defendant, Microsoft Corporation ("Microsoft"), appealed and the Iowa Supreme Court affirmed the ruling on May 13, 2005.  *Comes v. Microsoft Corp.*, 696 N.W. 2d 318 (2005).

On September 16, 2005, plaintiffs moved again to amend their complaint ("Proposed Fourth Amended Complaint").  On October 13, 2005, *before* the Fourth Amended Complaint was accepted by the Iowa trial court, Microsoft removed the case to this Court.  Notice of Removal, filed Oct. 13, 2005.  Once in this Court, Microsoft moved for an extension of time to respond to the Proposed Fourth Amended Complaint.  Microsoft's Motion for Extension of Time to Respond to Plaintiff's Proposed Fourth Amended Complaint, filed Oct. 18, 2005.

At the time it filed for an extension of time, Microsoft also "filed a notice of 'tag-along action' with the Judicial Panel on Multi District Litigation ('JPML'), as required by Rule 7.5(e) of the JPML Rules of Procedure."  Microsoft Br. at 6.[3]  Plaintiffs responded to Microsoft's attempt to remove the case to federal court and the JPML by filing a motion to remand on October 18, 2005.  Response to Microsoft's Motion for Extension of time, filed Oct. 18, 2005; Motion to Remand, filed Oct. 18, 2005.  Furthermore, on that same day, plaintiffs filed notice of

---

[2] One class represents the "Microsoft Operating Systems Software Class," which according to the complaint, "consists of Iowa indirect purchasers of Microsoft . . . operating systems software."  Proposed Fourth Amended Complaint at ¶ 3.  The second class is the "Microsoft Applications Software Class," which "consists of Iowa indirect purchasers of Microsoft applications software."  Proposed Fourth Amended Complaint at ¶ 3.

[3] Since that time, the JPML has issued a conditional transfer order, which plaintiffs opposed.  Conditional Transfer Order, dated Oct. 31, 2005; Letter from JPML, dated Nov. 16, 2005.  Because of plaintiffs' opposition to the transfer, the JPML has stayed the multidistrict entry of the transfer order.  Letter from JPML, dated Nov. 6, 2005.  During this stay, this Court retains jurisdiction to rule on the motion to remand.  *Id.*

their intent to modify the Proposed Fourth Amended Complaint ("Modified Proposed Fourth Amended Complaint"). Plaintiffs' Notice of Modification of Proposed Fourth Amended Petition Prior to Action on Plaintiffs' Motion to Amend Third Amended Petition, filed Oct. 18, 2005.

II.     LAW AND ANALYSIS

Microsoft asserts that federal jurisdiction is appropriate for two reasons: (1) the Proposed Fourth Amended Complaint alleges violations of federal law; and (2) amendments in the Proposed Fourth Amended Complaint bring the case within the bounds of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(1)(B). The Court will address each of these arguments below.

   A.     Current State of the Pleadings

Before examining whether this Court's exercise of federal jurisdiction is appropriate, this Court must determine which version of plaintiffs' Fourth Amended Complaint should be examined for purposes of this motion. Removal jurisdiction must be determined based on the pleadings as they existed at the time of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

As noted above, Microsoft removed this case to federal court before the Proposed Fourth Amended Complaint was accepted by the Iowa trial court. At that time, it was within plaintiffs' prerogative to change their Proposed Fourth Amended Complaint (as it has not yet been accepted by the state court, and Microsoft has requested an extension of time to respond). Plaintiffs did so in the Modified Proposed Fourth Amended Complaint. Nonetheless, Microsoft filed for removal at an appropriate time. *Webster v. Sunnyside Co.* 836 F.Supp. 629 (S.D. Iowa 1993).

In *Webster*, the Court was faced with a situation where plaintiffs requested leave to file an amended petition in state court, defendants resisted, the state court ultimately granted the petition, and then defendants sought to remove the case to federal court. *Id.* at 630. There, the Court adopted the minority position and held that the 30-day clock for removal under 28 U.S.C. § 1446(b) began running when defendants were served with the motion to amend the complaint and thereby had notice of the federal claims. *Id.* at 631. Following *Webster*, Microsoft acted reasonably when it removed the case upon receiving notice of plaintiffs' Proposed Fourth Amended Complaint.

Although this result comports with the earlier ruling in *Webster*, this Court recognizes that it nonetheless raises some logistical problems. As is demonstrated here, by removing the case before the state court had accepted the petition and also requesting an extension of time in which to resist the amended petition, Microsoft has created a situation where for purposes of the motion to remand the pleadings must be considered at the time of removal, but at the present time, plaintiffs have modified their complaint so as to remove all content that allegedly provides federal question jurisdiction. In *Webster*, the Court placed heavy emphasis on the fact that remand was the judicially economical outcome. Here, however, that is not the case. Rather, even if this Court were to assume a federal question existed in the Proposed Fourth Amended Complaint, application of the minority rule results in a federal case without a federal question. Thus, although this Court gives Microsoft the benefit of the rule established in *Webster* in this instance, future litigants and the Court would be better served by waiting until state courts allow amended pleadings before instituting removal actions.[4]

---

[4] Requiring litigants to wait until the state court has actually accepted the amended pleadings would place this Court in line with the majority of other courts that have adopted such

Although plaintiffs retained the right at the time of removal to withdraw or alter the Proposed Fourth Amended Complaint, Microsoft nonetheless removed the case at the appropriate time pursuant to *Weber*. In future cases, however, litigants would be well advised to wait until after a state court ruled on amendments to the complaint before removing a case to federal court.

B.      Federal Question Jurisdiction

As a court of limited jurisdiction, the Court must now evaluate whether the Proposed Fourth Amended Complaint confers federal jurisdiction. Microsoft highlights two portions of this document as raising federal questions. First, Microsoft claims that paragraphs 252 and 253 of the Proposed Fourth Amended Complaint raise claims that Microsoft violated federal securities laws. These paragraphs of the complaint read:

> 252. On information and belief, Microsoft has mischaracterized or withheld accounting data and other evidence, thereby failing to comply with the law.
>
> 253. On or about June 3, 2002 the Securities and Exchange Commission imposed a final cease and desist order, consented to by Microsoft, which directed Microsoft to cease and desist from certain practices. Microsoft agreed that it violated Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities and Exchange Act and Rules 126-20, 13a-1 and 13a-13 promulgated thereunder. Microsoft violated such provisions by maintaining undisclosed reserves, accruals, allowances and liability accounts that were not in conformity with generally accepted accounting principles and/or lacked proper documentation for those accounts as required by federal securities laws. The effect of such unlawful practices was to misstate assets and income to shareholders and the public.

Proposed Fourth Amended Complaint at 87.[5] Second, Microsoft points to paragraph 212 where

---

a rule. *See, e.g., Torres v. Chevron*, 2004 U.S. Dist. LEXIS 21332 (N.D. Ca. Oct. 18, 2004); *Finley v. Higbee Co.*, 1 F. Supp. 2d 701 (N.D. Ohio Mar. 30, 1998); *Hibbs v. Consolidation Coal Co.*, 842 F. Supp. 215 (N. D. W. Va. Jan. 27, 1994).

[5] The Court notes that through selective quotation in their Notice of Removal, Microsoft has misstated plaintiffs' complaint in an attempt to bolster their argument that plaintiffs are

in describing certain conduct Microsoft took toward a company known as Burst.com, the complaint reads, "[a]s it has done with other smaller competitors, Microsoft was determined to 'embrace, extend and extinguish' Burst by, *inter alia*, misappropriating Burst's intellectual property. Proposed Fourth Amended Complaint at 74. According to Microsoft, this language indicates plaintiffs' intent to bring intellectual property claims against it.

Under Title 28 U.S.C. § 1441(a) a case may be removed to federal court "if the district courts of the United States have original jurisdiction." Microsoft argues that both the securities claims and the intellectual property claims fall under 28 U.S.C. § 1331 which grants federal courts jurisdiction over "all civil actions arising under" federal law. Under the well-pleaded complaint rule, "an action 'arises under' federal law only if the federal question appears on the face of a properly pleaded complaint." *Hurt v. Dow Chemical Co.,* 963 F.2d 1142, 1144 (8th Cir. 1992). Microsoft is correct that *if* plaintiffs were in fact claiming violations of federal securities and intellectual property laws removal would be appropriate, but that is not the case here.

First, with respect to the Securities and Exchange Act language, the Court finds that plaintiffs are not attempting to recover against Microsoft for violating the Act, but rather, included the cease and desist order as part of a litany of evidentiary allegations regarding Microsoft's past wrongdoing, all of which, according to plaintiffs, supports their unfair competition case. Whether plaintiffs were correct in their statement that Microsoft "agreed" that

---

seeking recovery under federal securities laws. Microsoft writes, "In particular, plaintiffs alleged that Microsoft 'violated sections 13(a), 13(b) and 13(b)(2)(B) of the Securities and Exchange Act and Rules 126-20, 13a-1 and 13a-13 promulgated thereunder. . . ." Microsoft's Notice of Removal ¶ 7. As the more fully quoted portion above demonstrates, however, the complaint refers to Microsoft's agreement in a consent decree that it had violated the enumerated sections.

it violated federal securities laws or that such an agreement could be subsequently used against Microsoft is irrelevant. These paragraphs, as well as the 251 paragraphs before them all seek to set out what plaintiffs see as a continuing practice of wrongdoing on Microsoft's part that supported an increased price in violation of Iowa's competition laws. Such evidentiary allegations, however, do not necessarily raise federal claims. This Court is unpersuaded by Microsoft's argument that questions of federal securities law must be decided prior to addressing the issued raised under Iowa law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (U.S. 1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction").

Next, the Court turns to Microsoft's argument that plaintiffs are raising intellectual property claims. This claim rests on four words from the Proposed Fourth Amended Complaint, "misappropriating Burst's intellectual property." It should be noted that Burst.com is not a plaintiff in this case. To the contrary, there appears to be separate litigation regarding Burst.com's allegations against Microsoft. Microsoft's Notice of Removal at ¶ 12, *citing Burst.com Inc. v. Microsoft Corp.,* No.02-cv-2952 (N.D. Cal.). Again, this paragraph is included as one of several hundred outlining conduct allegedly taken by Microsoft against various competitors over the years, which plaintiffs believed unfairly increased the price of Microsoft's products. The fact that plaintiffs so clearly lack standing to raise any intellectual property claims on behalf of Burst.com only serves to underscore the nature of the sentence as evidentiary support for the Iowa competition claims and not as an independent claim. Again, including evidentiary allegations relating to Burst.com in the complaint does not confer federal-question jurisdiction. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 125 S. Ct. 2363, 2368 (U.S.

2005) (explaining that the court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law. Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"); *Merrel Dow*, 478 U.S. at 813.

Because there are no federal questions presented, this Court does not have original jurisdiction within the meaning of 28 U.S.C. § 1331. Accordingly, removal under 28 U.S.C. § 1441(a) is inappropriate.

C. Class Action Fairness Act of 2005

Microsoft also argues that removal is appropriate under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) (the "CAFA"). Under the CAFA, federal district courts have original jurisdiction over any class action where (1) "any member of the class of plaintiffs is a citizen of a different state from any defendant;" (2) the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interests and costs); and (3) the action was "commenced on or after" February 18, 2005. 28 U.S.C. § 1332(d)(2); Pub. L. 109-2 (2005). The only requirement at issue here is whether the action commenced on or after February 18, 2005.

As the party seeking to remove this case to federal court and opposing remand, the burden is on Microsoft to demonstrate that removal was proper. *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993); *Brown v. Kerkhoff*, 2005 WL 2671529, *5 (S.D. Iowa Oct. 19, 2005); *Judy v. Pfizer Inc.*, 2005 WL 2240088 (E.D. Mo. Sep. 14, 2005).

Plaintiffs filed their initial complaint in this case more than five years ago in February 2000. Microsoft argues that when plaintiffs filed the Proposed Fourth Amended Complaint a

particular section raised a new claim.  Microsoft Notice of Removal ¶ 16.  Therefore, according to Microsoft, this new claim "commenced" after February 18, 2005 and is subject to the CAFA. Microsoft Notice of Removal ¶ 16.  Microsoft argues that this new claim can be found in paragraphs 252 through 255 of the Proposed Fourth Amended Complaint.  In addition to the paragraphs quoted above, this section of plaintiffs' complaint goes on to state:

> 254. On information and belief, Microsoft has tampered with evidence relevant to Plaintiffs and Class members' claims.  Microsoft executives have instructed employees to delete material email and/or other evidence despite pending investigations and litigation.  For example, in Burst.com's lawsuit against Microsoft, Burst.com alleged that Microsoft implemented various institutionalized practices to make certain that incriminating documents and e-mail were not retained on Microsoft back-up servers or employee desktops.
>
> 255. Microsoft's failure to preserve relevant documents and other evidence has harmed the ability of Plaintiffs and Class members to prove their claims in this case.

Proposed Fourth Amended Complaint at 87.  According to Microsoft, these paragraphs represent an entirely new claim that "does not arise out of the same conduct, transaction or occurrence as any of the allegedly anticompetitive conduct" put forth in the previous pleadings.  Microsoft's opposition to motion to remand at 15.

Section 9 of the CAFA clearly states that the Act "shall apply to any civil action commenced on or after the date of enactment of this Act."  109 P.L. 2 § 9.  The Iowa rules of Civil Procedure provide that, "a civil action is commenced by filing a petition with the court."  Iowa Rules of Civil Procedure Rule 1.301(1).[6]  A "civil action" is distinguishable from a "claim" or a "cause of action" because it is the case in its entirety, including all pleading, motions, discovery and other elements of the proceeding.  *Weekley v. Guidant Corp.*, 392 F.Supp.2d 1066,

---

[6] The Court looks to the state rules of civil procedure to determine when a civil action "commences."  *See Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005).

1067 (E.D. Ark. 2005) (explaining instances where Congress has chosen to use terms such as "claim or cause of action" and "civil action" to distinguish between the whole proceeding and only a portion of the proceeding). Accordingly, "a civil action, viewed as the whole case, the whole proceeding, can only be commenced once." *Id.* (*citing Sneddon v. Hotwire Inc.*, 2005 WL 1593593 (N.D. Cal. June 29, 2005)). Thus, even when pleadings are amended, a new "civil action" is not commenced. *Weekly*, 392 F.Supp at 1068.

Focusing on the CAFA's reference to a "civil action" as the whole case and not subsequent amendments also comports with Congress's intent to limit the effect of the CAFA on currently pending legislation. *Brown*, 2005 WL 2671529 at *6 n.12 (describing that "Congress wished the statute to apply to cases actually begun after the CAFA became effective" and that Congress "signaled an intent to narrow the removal provisions of the Act to exclude currently pending suits"). If Congress had intended the CAFA to apply to currently pending cases that were amended after the enactment of the CAFA, it could have explicitly done so. *Weekly*, 392 F.Supp. at 1068 (comparing the Act to the removal statute which allows for removal following an amendment).

Even if this Court were to follow the view of the Seventh Circuit Court of Appeals that in some circumstances amendments could open a new window for removal, *see Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805, 807 (7th Cir 2005), this case would still not be ripe for removal. As the Seventh Circuit has recognized, "creative lawyering will not be allowed to smudge the line drawn by the 2005 Act: class actions 'commenced in state court on or before February 18, 2005, remain in state court." *Schorsch,* 417 F.3d at 751. Although the amendments put forth by plaintiffs in the Proposed Fourth Amended Complaint are not, as the

plaintiffs now characterize them, "routine" amendments, neither are they amendments that "kick off a wholly distinct claim." *See id.* Plaintiffs have explicitly disavowed any intent to seek relief based upon the spoilation of evidence allegations set forth in paragraphs 252 through 255 of the complaint. Plaintiff's Motion to Remand at 16. Thus, plaintiffs are not seeking recovery for a new claim against Microsoft and the additional four paragraphs in a 94-page complaint do not create a "wholly distinct claim" such that it has commenced a new civil action under the CAFA.

Because the civil action in this case was commenced in February of 2000, long before the enactment of the CAFA, removal under the CAFA is inappropriate.

III.   ATTORNEYS' FEES

Plaintiffs' counsel has requested that this Court award attorneys' fees, costs and expenses associated with Microsoft's removal of this case to federal court. This case had been in litigation in the Iowa state courts for more than five years when plaintiffs made extensive amendments to the complaint resulting in the Proposed Fourth Amended Complaint. In light of the fact that it was plaintiffs' extensive amendments that led Microsoft to remove the case to this Court and file the notice of tag-along litigation to the JPML, this Court declines to find that removal was improper. Accordingly, attorneys' fees will not be awarded and each party will bear its own costs and fees.

IV.   CONCLUSION

Because there is no federal question presented and this case does not fall within the scope of the CAFA, the motion to remand to state court will be GRANTED. Microsoft's motion to

stay proceedings pending transfer to the Judicial Panel on Multidistrict Litigation will be DENIED because having determined that this Court lacks jurisdiction over this case, it would be inappropriate for this Court to stay the proceedings any longer.  Finally, because this Court finds that it is without jurisdiction to consider any of the issues presented by plaintiff's Proposed Fourth Amended Complaint and that the matter should be remanded to state court, Microsoft's motion for an extension of time is DISMISSED AS MOOT.

      The Clerk of Court is directed to remand this matter to the Iowa District Court for Polk County.

_____
RONALD E. LONGSTAFF, Chief Judge
United States District Court